JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew M. Butler
250 Vesey Street
New York, New York  10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Proposed Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | Case No. 20-12345 |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS (I) AUTHORIZING AND APPROVING
SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES,
(II) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING
NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") moves the Court

(the "Motion"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the

"Bankruptcy Code"), rules 1007, 2002, 9007, 9018, and 9037 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and rules 9018-1 and 9037-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules"), for entry of an interim order (the "Proposed Interim

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

Order") and final order (the "Proposed Final Order"), substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (i) authorizing and approving special noticing and confidentiality procedures to protect the identities and personal contact information of victims of abuse, minors, parents or legal guardians, and employees, (ii) authorizing the Debtor to implement certain procedures for the mailing and publication of the notice announcing the commencement of this chapter 11 case and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"), and (iii) granting related relief. The facts and circumstances supporting this Motion are set forth in the *Declaration of Charles Moore, Chief Restructuring Officer of the Roman Catholic Diocese of Rockville Centre, New York, in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"), filed concurrently herewith.[2]   In further support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On October 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate and pursue its religious, non-profit mission and ministry, and manage its properties and affairs as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case, and no statutory committee has been appointed.

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration, filed concurrently herewith.

3.      The Debtor is the seat of the Roman Catholic Church on Long Island.  The State

of New York established the Debtor as a religious corporation in 1958.  *See* 1958 N.Y. SESS.

LAWS Ch. 70 (1958), § 1.  The Debtor is one of eight Catholic dioceses in New York and is the

eighth-largest diocese in the United States when measured by the number of baptized Catholics.

The Debtor's total Catholic population is approximately 1.4 million, which constitutes roughly

half of Long Island's total population of 3.0 million.  Pursuit of the Debtor's mission depends

upon the continuing financial support provided by the faithful in anticipation of, and in mutual

support of, the Debtor's religious and charitable mission.

4.      To carry out its Catholic mission, the Debtor works closely with its 135 parishes.

Parishes play a central role in the lives of Catholics by administering key aspects of the Catholic

Faith, including:  baptism, education, communion, Mass, confirmation, marriage, and

bereavement, including last rites, funeral services and grief support.  None of the parishes are

debtors herein.  In addition, the Debtor supports separate charitable organizations to further its

pursuit of the Catholic mission to serve the poor, the hungry, those in need, and those that cannot

help themselves.  None of those entities are debtors herein.  The Debtor is also continuing its

outreach to comfort, educate, and enlighten the faithful, especially in these times of quarantine

and isolation due to COVID-19 protocols and precautions.

5.      Following the enactment in 2019 of the Child Victims Act ( the "CVA"), which

revived what had been time-barred claims, approximately 200 lawsuits have been brought by

abuse claimants against the Debtor.  In its effort to fairly and equitably address this tragic legacy,

the Debtor has undertaken a substantial effort to identify and marshal over 60 years of insurance

policies, including both primary and excess coverage, with the goal of securing a valuable

resource of the Debtor, its parishes, and its affiliates, so that it can be used for the care and

compensation of abuse survivors.  The Debtor has made such insurance policies and related

information, together with historical financial information for itself and its charitable,

educational, and service affiliates, available to counsel for the abuse claimants and the Debtor's

insurers.

6.     Additional information regarding the Debtor, its mission and operations, and the

events and circumstances preceding the Petition Date is set forth in the *Declaration of Charles*

*Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring*

*Advisor to the Roman Catholic Diocese of Rockville Centre, New York, in Support of Chapter 11*

*Petition and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date.

## RELIEF REQUESTED

7.     By this Motion, the Debtor requests the entry of the Proposed Interim Order and

the Proposed Final Order, substantially in the forms attached hereto as **Exhibits A** and **B**

respectively:

(a)     Authorizing and approving the Confidentiality Procedures (defined
below), which are designed to protect plaintiffs, minors, parents or legal
guardians, and employees, as more fully described herein;

(b)     authorizing the Debtor to implement certain procedures for the mailing
and publication of the Notice of Commencement; and

(c)     granting related relief, including scheduling a final hearing (the "Final
Hearing") to consider approval of the Proposed Final Order.

## BASIS FOR RELIEF REQUESTED

### I.     Notice and Confidentiality Procedures

8.     Bankruptcy Rule 1007(a) requires a debtor to file with the petition for relief a list

containing the name and address of each creditor (the "Creditor Matrix").  Section 107(b) of the

Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect

persons from potential harm that may result from the disclosure of certain confidential

information.  *See* 11 U.S.C. § 107(b)(2) ("On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."). Although section 107(b) of the Bankruptcy Code is an exception to the general rule of open disclosure, its application in this bankruptcy proceeding is appropriate.  *See In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) ("Congress, itself, has recognized that under compelling or extraordinary circumstances, an exception to the general policy of public access is necessary . . . . Section 107(b) of the Bankruptcy Code, a statutory exception to the broad principle of § 107(a), [ ] responds to this need.").

9.      Section 107(c) of the Bankruptcy Code provides that the court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury . . . [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under" the Bankruptcy Code.  Further, Bankruptcy Rule 9018 provides, in relevant part, that on motion or by its own initiative "the court may make any order which justice requires . . . to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code. . . ."  FED. R. BANKR. P. 9018.  Bankruptcy Rule 9037 specifies that unless the Court orders otherwise, a filing may include only a minor's initials. FED. R. BANKR. P. 9037(a)(3).

A.      **Confidentiality Procedures**

10.     To protect the confidentiality of the identities and personal contact information of certain holders of claims against the Debtor arising from allegations of abuse ("Abuse Claims"), including certain litigants that have commenced prepetition lawsuits against the Debtor using a

Doe or other pseudonym (collectively, "Doe Claimants"), minors, and current and former employees of the Debtor, the Debtor is requesting entry of the Proposed Interim Order and the Proposed Final Order authorizing the redaction of the Creditor Matrix, the schedules of assets and liabilities, and any pleadings or other documents, including affidavits of service, filed in this chapter 11 case containing such information in accordance with the following procedures (the "Confidentiality Procedures"):

<blockquote>

(a)   the Debtor shall file on the docket of this chapter 11 case a copy of the Creditor Matrix, and any amended Creditor Matrices:

(i)   redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against the Debtor, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor.  In the event that no counsel of record exists, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors involved in litigation against the Debtor, shall be redacted; and

(ii)   redacting personal contact information for any current or former employee of the Debtor.

(b)   the Debtor shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to:  (i) the Clerk of the Court; (ii) the U.S. Trustee; (iii) any statutory creditors' committee(s) appointed in this chapter 11 case under section 1102 of the Bankruptcy Code (the "Creditors' Committee(s)"); and (iv) any future claimants' representative appointed in this case.  For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, the Creditors' Committee(s), and any future claimants' representative are collectively referred to as the "Distribution Parties";

(c)   all documents filed in this chapter 11 case or any related adversary proceedings, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) above;

</blockquote>

(d)   the Debtor shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of this chapter 11 case or any related adversary proceedings that have been redacted in accordance with these Confidentiality Procedures; and

(e)   the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtor in accordance with subparagraphs (b) or (d) set forth above.

**B.      Holders of Abuse Claims**

11.      The Debtor is a defendant in approximately 209 prepetition lawsuits asserting Abuse Claims and the Debtor is aware of certain other holders of Abuse Claims that have not commenced lawsuits prepetition, but may, for example, have been participating in the Independent Reconciliation and Compensation Program (described in the First Day Declaration) prior to the Petition Date.  While some abuse victims have made their Abuse Claims public, many of the lawsuits alleging Abuse Claims have been filed by Doe Claimants who wish to remain anonymous.

12.      Due to the nature of the allegations by holders of Abuse Claims, including the Doe Claimants, which pertain to sexual abuse, the redaction of the identities and personal contact information from all documents filed in this chapter 11 case will aid in protecting such persons against the disclosure of a scandalous matter in publicly filed Court documents.

13.      The Confidentiality Procedures are also consistent with certain of the Debtor's other confidentiality obligations.  With regard to certain Doe Claimants, and as reflected in certain court-ordered stipulations filed in prepetition lawsuits, the Debtor has agreed to designate certain Doe Claimants with pseudonyms in public filings in New York state court to preserve the anonymity of such Doe Claimants.  As described above, the Confidentiality Procedures will preserve the anonymity of such Doe Claimants.

14.      Additionally, and as described in further detail in the First Day Declaration, the

Debtor has committed to all participants in the Independent Reconciliation and Compensation

Program (the "IRCP") that their claims and associated information will remain confidential

without regard to whether a resolution is reached.  The participants, however, remain free to

disclose or discuss their claim and/or the compensation determination of their own claim.

Certain holders of Abuse Claims may have participated in the IRCP and failed to reach a

resolution of their claim.  The Debtor will include any such Abuse Claims in its Creditor Matrix.

As described above, the Confidentiality Procedures will preserve the confidentiality of such

Abuse Claims.

15.     In recognition of the sensitivity of disclosure related to these litigants, the Debtor

respectfully submits that the Court has the authority to approve the Confidentiality Procedures

described above and should authorize the Confidentiality Procedures to protect the privacy of

abuse victims and preserve their identities from public disclosure.

### C.     Creditor Matrix

16.     The Creditor Matrix will also include current and retired employees of the Debtor.

In order to protect against the risk of identity theft and the disclosure of personal identifying

information, the Debtor is requesting authority to redact the home addresses and other personal

contact information for these individuals.

17.     Pursuant to section 107 of the Bankruptcy Code, the Debtor respectfully submits

that it is appropriate to authorize the Debtor to redact from any paper filed with the Court in this

chapter 11 case personal contact information of the Debtor's employees because such

information could be used to perpetrate identity theft.  The threat of identity theft is of particular

importance in these proceedings, which the Debtor expects to garner substantial media publicity.

The Debtor proposes to provide an unredacted version of the Creditor Matrix and any related

schedules and statements of financial affairs to the U.S. Trustee and the other Distribution

Parties, along with other parties in interest upon reasonable request.

18.     Courts routinely grant similar relief in comparable chapter 11 cases.  *See, e.g.*, *In re Diocese of Rochester*, Case No. 19-20905 (Bankr. W.D.N.Y. Sept. 13, 2019) [ECF No. 29] (authorizing the debtor to file portions of the schedules and creditor matrix under seal); *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (Bankr. D. Del. July 12, 2019), [ECF No. 74] (granting authority to redact "personal information of [the debtors'] employees and former employees listed on the Creditor Matrix," subject to providing unredacted versions upon reasonable request by parties in interest); *In re Cloud Peak Energy Inc.*, Case No. 19-11047 (Bankr. D. Del. May 14, 2019), [ECF No. 97] (providing that the Debtors were "authorized to redact the address information of employees from any list of creditors"); *In re CGG Holdings (U.S) Inc.*, No. 17-11637 (MG) (Bankr. S.D.N.Y. June 14, 2017), [ECF No. 306] (authorizing the Debtors to redact certain personal information of certain current employees and former employees from the statements and schedules); *In re Soundview Elite LTD.*, No. 13-13098 (REG) (Bankr. S.D.N.Y. 2017) [ECF No. 404] (authorizing the Trustee to identify each investor by a descriptive identifier only and redact the investor addresses from the Schedules and Statements to comply with Cayman Islands Privacy Laws).

## II.     Notice of Commencement and Publication Notice

19.     Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person as directed by the court) must give the debtor, the trustee, all creditors, and any indenture trustee at least twenty-one (21) days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code.  Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the manner in which notices required under the Bankruptcy Rules are provided.  Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to

time enter orders designating the matters in respect to which, the entity to whom, and the form

and manner in which notices shall be sent except as otherwise provided by these rules." FED. R.

BANKR. P. 2002(m). Furthermore, the Bankruptcy Court has authority under Bankruptcy Rule

2002(l) to "order notice by publication if it finds that notice by mail is impracticable or that it is

desirable to supplement the notice." FED. R. BANKR. P. 2002(l).

20.     Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these

rules, the court shall designate, if not otherwise specified herein, the time within which, the

entities to whom, and the form and manner in which the notice shall be given." FED. R. BANKR.

P. 9007.  Section 105(a) of the Bankruptcy Code adds that "[t]he Court may issue any order,

process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11

U.S.C. § 105(a).

21.     While certain abuse victims have made their Abuse Claims public, a substantial

number of the Abuse Lawsuits have been filed by Doe Claimants who wish to remain

anonymous.  The Debtor requests authority to have Epiq Corporate Restructuring, LLC, the

Debtor's authorized claims and noticing agent (the "Claims and Noticing Agent"),  send the

Notice of Commencement to:  (i) holders of Abuse Claims and their known counsel for whom

the Debtor obtained sufficient contact information within the three years immediately preceding

the Petition Date and who have:  (a) filed, or threatened to file, lawsuits against the Debtor on

account of Abuse Claims; (b) otherwise contacted the Debtor to report Abuse Claims; (c)

participated in the Debtor's Independent Reconciliation and Compensation Program; (d) entered

into any settlement agreement with the Debtor relating to an Abuse Claim; or (e) received any

payment from the Debtor relating to an Abuse Claim, and (ii) counsel of record for the holders of

Abuse Claims.  In addition, the Debtor seeks authority to have the Claims and Noticing Agent

mail the Notice of Commencement to the creditors identified on the Creditor Matrix.

22.    Due to the unquantified number of "unknown" claimants who may hold Abuse Claims in these chapter 11 case, the Debtor also proposes to publish, as soon as practicable, the Notice of Commencement (i) once (in the national editions, as relevant) of The New York Times, The Wall Street Journal, USA Today, Newsday, The National Catholic Register, The National Catholic Reporter, Long Island Catholic, and Fe Fuerza Vida, and (ii) on the Case Website (as defined below). Publication of the Notice of Commencement as proposed above is the most practical method by which to notify unknown holders of Abuse Claims who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of this chapter 11 case. Notice by publication will also ensure an efficient use of limited estate resources.

23.    Additionally, the Debtor, through the Claims and Noticing Agent, has established a dedicated case website (the "Case Website") and toll-free number in connection with this chapter 11 case. The Case Website address and toll-free number will be prominently displayed in all printed notice documents, as well as other relevant information relating to this chapter 11 case. Included within the Case Website will be a page specifically tailored to, and designed for, abuse victims, which will, among other things, inform them in plain English of important dates and deadlines, afford them the ability to view key documents in this chapter 11 case free of charge, and allow them (and other creditors) to register their email addresses and consent to electronic notice for the duration of this case. If elected, any further notices that are required to be sent to such parties would be sent by email during this case.

24.    The Debtor submits that the approval of the form and manner of the Notice of Commencement, as set forth above, is appropriate in this chapter 11 case and is well within the

Court's equitable powers under section 105 of the Bankruptcy Code and Bankruptcy Rule 9007. The Debtor is confident that these publications are most likely to reach those creditors and parties in interest who may not have received notice by mail. Accordingly, the Debtor respectfully requests that this Court approve the form and manner of service, including notice by publication, of the Notice of Commencement in the foregoing manner.

## NOTICE

25.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 2; (b) the 35 law firms representing the largest number of holders of CVA claims against the Debtor; (c) the Internal Revenue Service, (d) the office of the attorney general for the State of New York; (e) the United States Attorney's Office for the Southern District of New York; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, this Motion and any order entered hereon will be served in accordance with the Local Rules. Due to the nature of the relief requested herein, the Debtor respectfully submits that no further notice of this Motion is necessary.

## NO PRIOR REQUEST

26.     No prior request for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order

and such other and further relief as may be appropriate.

Dated:  October 1, 2020
(New York, New York)

Respectfully submitted,

*/s/  Corinne Ball*
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew M. Butler
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Email:  cball@jonesday.com
        trgeremia@jonesday.com
        brosenblum@jonesday.com
        abutler@jonesday.com

*Proposed Counsel for the Debtor and
Debtor-in-Possession*

## EXHIBIT A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (____) |
| ROCKVILLE CENTRE, NEW YORK,[1] | : | |
| | : | |
| Debtor. | : | |
| | : | |

**INTERIM ORDER (I) AUTHORIZING AND APPROVING**
**SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES,**
**(II) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING**
**NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of The Roman Catholic Diocese of Rockville

Centre, New York, the non-profit corporation that is debtor and debtor in possession in the

above-captioned chapter 11 case (the "Debtor"), for entry of an order (this "Interim Order"), (ii)

authorizing and approving special noticing and confidentiality procedures to protect the identities

of victims of abuse, minors, parents or legal guardians, and employees, (iii) authorizing the

Debtor to implement certain procedures for the mailing and publication of the notice announcing

the commencement of this chapter 11 case and the meeting of creditors to be held pursuant to

section 341 of the Bankruptcy Code (the "Notice of Commencement"); and upon consideration

of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334 the *Amended Standing Order of Reference* from the United States

District Court for the Southern District of New York, dated January 31, 2012; and this matter

being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the relief requested in the Motion being in the best interests of the Debtor's estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

2.      The Final Hearing on the Motion shall be held on _____, 2020 at ___:___ __.m., prevailing Eastern Time.  Any objections or responses to entry of a final order (the "Final Order") on the Motion shall be filed no later than 4:00 p.m., prevailing Eastern Time, on _____, 2020 (the "Objection Deadline") and served on the following parties: (i) the Debtor, Roman Catholic Diocese of Rockville Centre, 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571, Attn:  Thomas Renker; (ii) proposed counsel to the Debtor, Jones Day, 250 Vesey St, New York, New York 10281, Attn:  Corinne Ball, Esq., Benjamin Rosenblum, Esq., and Andrew Butler, Esq. (iii) the U.S. Trustee, U.S. Federal Office Building 201 Varick Street, Suite 1006 New York, NY 10014, Attn: Greg Zipes and Shara Cornell; (iv) counsel to any statutory committee appointed in this chapter 11 case; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.

3.      To protect the identities of abuse victims, minors, parents or legal guardians, employees, and other applicable parties in interest, the following "Confidentiality Procedures" are hereby approved:

(a)      the Debtor shall file on the docket of this chapter 11 case a copy of the Creditor Matrix, and any amended Creditor Matrices:

(i)      redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against the Debtor, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor.  In the event that no counsel of record exists, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors involved in litigation against the Debtor, shall be redacted; and

(ii)      redacting personal contact information for any current or former employee of the Debtor.

(b)      the Debtor shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to:  (i) the Clerk of the Court; (ii) the U.S. Trustee; (iii) any statutory creditors' committee(s) appointed in this chapter 11 case under section 1102 of the Bankruptcy Code (the "Creditors' Committee(s)"); and (iv) any future claimants' representative appointed in this case.  For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, the Creditors' Committee(s), and any future claimants' representative are collectively referred to as the "Distribution Parties";

(c)      all documents filed in this chapter 11 case or any related adversary proceedings, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) of this Interim Order;

(d)      the Debtor shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of this chapter 11 case or any related adversary proceedings that have been redacted in accordance with these Confidentiality Procedures; and

A-3

(e)   the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtor in accordance with subparagraphs (b) or (d) of this Interim Order.

4.   Notwithstanding anything herein to the contrary, the Debtor shall, through the Claims and Noticing Agent, serve the Notice of Commencement upon the parties listed on the Creditor Matrix, including, without limitation, (i) holders of Abuse Claims for whom the Debtor obtained sufficient contact information within the three years immediately preceding the Petition Date and who have:  (a) filed, or threatened to file, lawsuits against the Debtor on account of Abuse Claims; (b) otherwise contacted the Debtor to report Abuse Claims; (c) participated in the Debtor's Independent Reconciliation and Compensation Program; (d) entered into any settlement agreement with the Debtor relating to an Abuse Claim; or (e) received any payment from the Debtor relating to an Abuse Claim, and (ii) counsel of record for the holders of Abuse Claims.

5.   Pursuant to Bankruptcy Rule 2002(l), the Debtor, with the assistance of the Claims and Noticing Agent, shall (a) cause the Notice of Commencement to be published once (in the national editions, as relevant) of The New York Times, The Wall Street Journal, USA Today, Newsday, The National Catholic Register, The National Catholic Reporter, Long Island Catholic, and Fe Fuerza Vida, and (b) post the Notice of Commencement on the Case Website (https://dm.epiq11.com/drvc) established by the Claims and Noticing Agent.

6.   The form and manner of notice provided herein, including in the Confidentiality Procedures, are reasonably calculated to inform interested parties of this chapter 11 case and are hereby approved in their entirety.

7.   The relief requested herein is authorized subject to and until such relief is heard at the Final Hearing.

8.   The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

9.      This Court shall retain exclusive jurisdiction with respect to all matters arising

from or related to the implementation, interpretation, and enforcement of this Interim Order.


Dated: _____, 2020                    _____
                                                   UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (___) |
| ROCKVILLE CENTRE, NEW YORK,[1] | : | |
| | : | |
| Debtor. | : | |
| | : | |

**FINAL ORDER (I) AUTHORIZING AND APPROVING**
**SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES,**
**(II) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING**
**NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of The Roman Catholic Diocese of Rockville Centre, New

York, the non-profit corporation that is debtor and debtor in possession in the above-captioned

chapter 11 case (the "Debtor"), for entry of an order (this "Final Order"), (ii) authorizing and

approving special noticing and confidentiality procedures to protect the identities of victims of

abuse, minors, parents or legal guardians, and employees, (iii) authorizing the Debtor to

implement certain procedures for the mailing and publication of the notice announcing the

commencement of this chapter 11 case and the meeting of creditors to be held pursuant to section

341 of the Bankruptcy Code (the "Notice of Commencement"); and upon consideration of the

First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334 the *Amended Standing Order of Reference* from the United States District Court

for the Southern District of New York, dated January 31, 2012; and this matter being a core

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the

Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate

notice of and the opportunity for a hearing on the Motion having been given and it appearing that

no other or further notice need be provided; and this Court having reviewed the Motion and

having heard the statements in support of the relief requested therein at a hearing before this

Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled;

and the relief requested in the Motion being in the best interests of the Debtor's estates, their

creditors, and other parties in interest; and this Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED on a final basis as set forth

herein.

2.       To protect the identities of abuse victims, minors, parents or legal guardians,

employees, and other applicable parties in interest, the following "Confidentiality Procedures"

are hereby approved:

(a)     the Debtor shall file on the docket of this chapter 11 case a copy of the
Creditor Matrix, and any amended Creditor Matrices:

(i)     redacting the names of and listing the contact information for
counsel of record, where known, for, (A) each holder of an Abuse
Claim, including the Doe Claimants, and (B) the parents or legal
guardian of any minor involved in litigation against the Debtor, in
each case in lieu of including the names and personal contact
information of any holder of an Abuse Claim or parents or legal
guardian of any such minor.  In the event that no counsel of record
exists, the identities and all other personal contact information of
holders of Abuse Claims, including the Doe Claimants, minors,
and parents or legal guardians of minors involved in litigation
against the Debtor, shall be redacted; and

(ii)    redacting personal contact information for any current or former
employee of the Debtor.

(b) the Debtor shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to: (i) the Clerk of the Court; (ii) the U.S. Trustee; (iii) any statutory creditors' committee(s) appointed in this chapter 11 case under section 1102 of the Bankruptcy Code (the "Creditors' Committee(s)"); and (iv) any future claimants' representative appointed in this case. For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, the Creditors' Committee(s), and any future claimants' representative are collectively referred to as the "Distribution Parties";

(c) all documents filed in this chapter 11 case or any related adversary proceedings, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) of this Final Order;

(d) the Debtor shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of this chapter 11 case or any related adversary proceedings that have been redacted in accordance with these Confidentiality Procedures; and

(e) the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtor in accordance with subparagraphs (b) or (d) of this Final Order.

3. Notwithstanding anything herein to the contrary, the Debtor shall, through the Claims and Noticing Agent, serve the Notice of Commencement upon the parties listed on the Creditor Matrix, including, without limitation, (i) holders of Abuse Claims for whom the Debtor obtained sufficient contact information within the three years immediately preceding the Petition Date and who have: (a) filed, or threatened to file, lawsuits against the Debtor on account of Abuse Claims; (b) otherwise contacted the Debtor to report Abuse Claims; (c) participated in the Debtor's Independent Reconciliation and Compensation Program; (d) entered into any settlement agreement with the Debtor relating to an Abuse Claim; or (e) received any payment from the Debtor relating to an Abuse Claim, and (ii) counsel of record for the holders of Abuse Claims.

4.      Pursuant to Bankruptcy Rule 2002(l), the Debtor, with the assistance of the Claims and Noticing Agent, shall (a) cause the Notice of Commencement to be published once in the national editions of the *Wall Street Journal*, *USA Today*, and the *New York Times*, and (b) post the Notice of Commencement on the Case Website (https://dm.epiq11.com/drvc) established by the Claims and Noticing Agent.

5.      The form and manner of notice provided herein, including in the Confidentiality Procedures, are reasonably calculated to inform interested parties of this chapter 11 case and are hereby approved in their entirety.

6.      The relief requested herein is authorized subject to and until such relief is heard at the Final Hearing.

7.      The Debtor are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

8.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.


Dated: _____, 2020          _____
                                                        UNITED STATES BANKRUPTCY JUDGE