JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Benjamin Thomson
250 Vesey Street
New York, New York  10281
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306

*Proposed Counsel for Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | Case No. 20-12345 |
| Debtor. | |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE (I) PAYMENT OF CERTAIN PREPETITION INVOICES FOR PSYCHOLOGICAL COUNSELING, THERAPY AND RELATED TREATMENT, (II) CONTINUATION OF ITS PREPETITION PRACTICE OF PAYING FOR CERTAIN PSYCHOLOGICAL COUNSELING, THERAPY AND RELATED TREATMENT, AND (III) GRANTING CERTAIN RELATED RELIEF**

The above-captioned debtor and debtor-in-possession (the "Debtor") moves the Court (this "Motion"), pursuant to sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an interim order and a final order, in substantially the forms attached as Exhibit A (the "Proposed Interim Order") and Exhibit B (the "Proposed Final Order"), respectively, authorizing, but not directing, the Debtor (i) to pay certain prepetition

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

invoices for psychological counseling, therapy and other medical treatment for victims of clerical abuse and (ii) to continue to pay certain invoices for such counseling, therapy and medical treatment in the ordinary course of its business. In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

General Background

2. On October 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and pursue its religious, non-profit mission and ministry, and manage its properties and affairs as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case, and no statutory committee has been appointed.

3. The Debtor is the seat of the Roman Catholic Church on Long Island. The State of New York established the Debtor as a religious corporation in 1958. *See* 1958 N.Y. SESS. LAWS Ch. 70 (1958), § 1. The Debtor is one of eight Catholic dioceses in New York and is the eighth-largest diocese in the United States when measured by the number of baptized Catholics. The Debtor's total Catholic population is approximately 1.4 million, which constitutes roughly half of Long Island's total population of 3.0 million. Pursuit of the Debtor's mission depends upon the continuing financial support provided by the faithful in anticipation of, and in mutual support of, the Debtor's religious and charitable mission.

4. To carry out its Catholic mission, the Debtor works closely with its 135 parishes. Parishes play a central role in the lives of Catholics by administering key aspects of the Catholic Faith, including: baptism, education, communion, Mass, confirmation, marriage, and bereavement, including last rites, funeral services and grief support. None of the parishes are debtors herein. In addition, the Debtor supports separate charitable organizations to further its pursuit of the Catholic mission to serve the poor, the hungry, those in need, and those that cannot help themselves. None of those entities are debtors herein. The Debtor is also continuing its outreach to comfort, educate, and enlighten the faithful, especially in these times of quarantine and isolation due to COVID-19 protocols and precautions.

5. Following the enactment in 2019 of the Child Victims Act ( the "CVA"), which revived what had been time-barred claims, approximately 200 lawsuits have been brought by abuse claimants against the Debtor. In its effort to fairly and equitably address this tragic legacy, the Debtor has undertaken a substantial effort to identify and marshal over 60 years of insurance policies, including both primary and excess coverage, with the goal of securing a valuable resource of the Debtor, its parishes, and its affiliates, so that it can be used for the care and compensation of abuse survivors. The Debtor has made such insurance policies and related information, together with historical financial information for itself and its charitable, educational, and service affiliates, available to counsel for the abuse claimants and the Debtor's insurers.

6. Additional information regarding the Debtor, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring*

*Advisor to the Roman Catholic Diocese of Rockville Centre, New York, in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date.

    Background on Pastoral Care

7.    As part of the Debtor's comprehensive efforts to provide care and compensation to individuals who have been the victims of clerical abuse, the Debtor provides psychological counseling and related medical treatment, including medications where appropriate ("Pastoral Care"), for certain individuals who have been impacted by clerical abuse. The Debtor has maintained a program to provide Pastoral Care since at least 2003.

8.    The Debtor considers the provision of Pastoral Care for any requesting individual who makes a credible allegation of clerical abuse as a minor. The Debtor will also consider the provision of Pastoral Care for individuals alleging abuse by non-clergy affiliated with the Debtor and for family members who have been affected by the abuse of a loved one. The majority of recipients of Pastoral Care are individuals who have made claims and received monetary compensation from the Debtor through the Diocese of Rockville Centre Independent Reconciliation and Compensation Program.

9.    Pastoral Care is administered by psychologists, psychiatrists, licensed clinical social workers and licensed marriage and family therapists selected by the recipient (each, a "Counselor"). The Debtor requires each Counselor to provide evidence that he or she is a state-licensed mental health professional with at least a master's degree in a relevant field. The Debtor recommends Counselors who have a background in trauma therapy, but does not require it. The Counselors are not employed by or otherwise affiliated with the Debtor. In order to receive compensation, Counselors invoice the Debtor on a monthly basis for Pastoral Care services provided to recipients, which the Debtor then pays directly to the Counselor.

10. Each recipient of Pastoral Care is required to sign a release that provides for information to be shared with the Debtor in order to confirm active participation. The Debtor also annually requests updates from the Counselors on the goals of the therapy and the progress toward those goals.

11. As part of Pastoral Care, the Debtor also reimburses medications and medication management services for recipients of Pastoral Care who require medication as a result of clerical abuse.

12. No written settlement agreement or court order legally obligates the Debtor to pay for any Pastoral Care.

## RELIEF REQUESTED

13. Pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 9013 and 9014, the Debtor hereby seeks entry of an order, substantially in the form of the Proposed Order, authorizing, but not directing, it (i) to pay certain prepetition invoices for Pastoral Care and (ii) to continue to pay certain invoices for Pastoral Care in the ordinary course of its business.

## BASIS FOR RELIEF

14. In order to address the tragedy of clerical abuse within the Diocese of Rockville Centre, the Debtor has undertaken many steps to provide care and compensation to victims and to ensure that this type of abuse never happens again. The Debtor believes that each of these steps, including the provision of Pastoral Care, is essential to its charitable and religious mission and is necessary to its reorganization, including by allowing the Debtor to develop and maintain the trust of the faithful on Long Island, without whom it cannot continue its mission.

15.     Relief similar to that requested herein has been granted in other chapter 11 cases. <u>See</u> <u>In re The Roman Catholic Church of the Archdiocese of New Orleans</u>, No. 20-10846 (MSG) [Docket No. 161] (Bankr. E. D. La. June 15, 2020); <u>In re the Archdiocese of Milwaukee</u>, No. 11-20059 (SVK) [Docket No. 192] (Bankr. E.D. Wis. Apr. 18, 2011).

*Prepetition Pastoral Care*

16.     As of the Petition Date, some of the invoices for Pastoral Care provided prior to the Petition Date ("<u>Prepetition Pastoral Care</u>") remained unpaid.  Paying the invoices for Prepetition Pastoral Care is critical to ensuring that survivors of abuse continue to have access to the care they need.  The Debtor submits that the provision of Prepetition Pastoral Care is in furtherance of the Debtor's charitable and religious mission and is in the best interests of the Debtor's estate.

17.     Section 105(a) of the Bankruptcy Code, which codifies the equitable powers of bankruptcy courts, authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

18.     It is well established under the "doctrine of necessity" that bankruptcy courts have the equitable power to authorize the payment of prepetition claims where such payments are necessary to a successful reorganization. <u>See</u>, <u>e.g.</u>, <u>Miltenberger v. Logansport, Crawfordsville and Southwestern Ry. Co.</u>, 106 U.S. 286, 311 (1882) (holding that "[m]any circumstances may exist which may make it necessary and indispensable to . . . the preservation of the property, for the receiver to pay pre-existing debts of certain classes out of the earnings of the receivership . . . ."); <u>see</u> <u>also</u> <u>Mich. Bureau of Workers' Disability Comp. v. Chateaugay (In re Chateaugay Corp.)</u>, 80 B.R. 279, 285-87 (S.D.N.Y. 1987) (finding that a court's equitable powers include

-6-

authorizing a debtor to pay prepetition debts). As such, a bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing Miltenberger, 106 U.S. at 311).

19. The Debtor submits that payment of invoices for Prepetition Pastoral Care is necessary to the Debtor's successful reorganization, and as such, authorizing the Debtor to make these payments falls within the court's equitable powers.

20. The Debtor estimates that the aggregate amount of the unpaid invoices for Prepetition Pastoral Care is approximately $37,500. By this Motion, the Debtor seeks authorization to pay all invoices for Prepetition Pastoral Care in accordance with its prepetition practices.

*The Postpetition Pastoral Care*

21. The Debtor believes that continued payment for Pastoral Care provided after the Petition Date ("Postpetition Pastoral Care") in support of its efforts to provide comprehensive care for abuse survivors is consistent with its prepetition practice, in furtherance of its charitable and religious mission and, therefore, in the ordinary course. As such, the Debtor submits that it may pay for Postpetition Pastoral Care in accordance with its prepetition practice pursuant to section 363(c) of the Bankruptcy Code, which provides that "the trustee . . . may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).

22. However, in an abundance of caution, the Debtor seeks authorization to pay all invoices for Postpetition Pastoral Care in accordance with its prepetition practices. Section 363(b) of the Bankruptcy Code provides that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C.

§ 363(b)(1). In order to use property of the estate under this provision, "there must be some articulated business justification, other than appeasement of major creditors." In re Lionel Corp., 722 F. 2d 1063, 1070 (2d Cir. 1983).

23. The Debtor's efforts to address past clerical abuse, including the continued provision of Pastoral Care, are crucial to its ability to continue its mission, because its mission requires it to maintain the trust of the communities it serves. Accordingly, the Debtor submits that sound reasons exist to continue to provide Pastoral Care.

24. The Debtor estimates that payments for Postpetition Pastoral Care will total approximately $25,000 per month. By this motion, the Debtor seeks authorization to pay all invoices for Postpetition Pastoral Care in accordance with its prepetition practices.

## RESERVATION OF RIGHTS

25. Nothing contained herein is intended to be or should be construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) the assumption of any executory contract or unexpired lease.

## NOTICE

26. The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for Region 2; (b) the 35 law firms representing the largest number of holders of CVA claims against the Debtor; (c) the Internal Revenue Service; (d) the Office of the Attorney General for the State of New York; (e) the United States Attorney's Office for the Southern District of New York; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

27. No prior request for the relief sought herein has been made to this Court or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

| | |
|---|---|
| Dated: October 1, 2020<br>New York, New York | Respectfully submitted,<br><br>*/s/ Corinne Ball*<br>Corinne Ball<br>Todd Geremia<br>Benjamin Rosenblum<br>Benjamin Thomson<br>JONES DAY<br>250 Vesey Street<br>New York, NY 10281-1047<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306<br>Email: cball@jonesday.com<br>          trgeremia@jonesday.com<br>          brosenblum@jonesday.com<br>          bthomson@jonesday.com<br><br>*Proposed Counsel for the Debtor and Debtor-in-Possession* |

# EXHIBIT A

# (PROPOSED INTERIM ORDER)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 (___) |
| | : | |
| Debtor. | : | |

**INTERIM ORDER AUTHORIZING THE (I) PAYMENT OF CERTAIN PREPETITION INVOICES FOR PSYCHOLOGICAL COUNSELING, THERAPY AND RELATED TREATMENT, (II) CONTINUATION OF ITS PREPETITION PRACTICE OF PAYING FOR PSYCHOLOGICAL COUNSELING, THERAPY AND RELATED TREATMENT AND (III) GRANTING CERTAIN RELATED RELIEF**

This Court has considered the *Debtor's Motion for Interim and Final Orders Authorizing the (i) Payment of Certain Prepetition Invoices for Psychological Counseling, Therapy and Related Treatment, (ii) Continuation of its Prepetition Practice of Paying for Certain Psychological Counseling, Therapy and Related Treatment, and (iii) Granting Certain Related Relief* (the "Motion"),[2] the First Day Declaration and the statements of counsel and the evidence adduced with respect to the Motion at any hearing held before this Court (the "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 and (iii) notice of the Motion and the Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that the relief requested in the Motion is in the best

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

interests of the Debtor, its estate and its creditors, and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy Code the Debtor is authorized, but not directed, to pay invoices for Prepetition Pastoral Care up to an aggregate amount of $37,500.

3. The Debtor is hereby authorized, but not directed, to continue paying for Postpetition Pastoral Care, in the exercise of its business judgment and its past business practices, and as the same become due and payable.

4. Nothing in the Motion or this Interim Order shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) the assumption of any executory contract or unexpired lease.

5. The final hearing (the "Final Hearing") to consider entry of the Final Order is scheduled for _____, 2020 at ____ _.m. (prevailing Eastern time) before this Court. On or before _____, 2020, the Diocese shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "Final Hearing Notice"), together with copies of this Interim Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing, (b) any party which has filed prior to such date a request for notices with this Court and (c) counsel for the official committee of unsecured creditors (the "Committee"). The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of Court no later than on _____, 2020 at 4:00 p.m. (prevailing Eastern time), which objections shall be served so as to be received on or before such date by: (a) the Diocese, c/o

The Roman Catholic Diocese of Rockville Centre, New York, 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023; (b) proposed counsel to the Diocese, Jones Day, 250 Vesey Street, New York, New York 10281-1047 Attn: Corinne Ball, Esq., Todd Geremia, Esq., Benjamin Rosenblum, Esq., Benjamin Thomson, Esq.; (c) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Greg M. Zipes, Esq. and Shara Cornell, Esq.; and (d) counsel for the Committee.

6. Nothing in this Interim Order authorizes the Debtor to accelerate any payments not otherwise due prior to the date of the Final Hearing.

7. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Interim Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation and/or enforcement of this Interim Order.

Dated: _____, 2020
      New York, New York

                                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

# (PROPOSED FINAL ORDER)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | : Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : Case No. 20-12345 (___) |
| Debtor. | : |

**FINAL ORDER AUTHORIZING THE (I) PAYMENT OF CERTAIN PREPETITION INVOICES FOR PSYCHOLOGICAL COUNSELING, THERAPY AND RELATED TREATMENT, (II) CONTINUATION OF ITS PREPETITION PRACTICE OF PAYING FOR PSYCHOLOGICAL COUNSELING, THERAPY AND RELATED TREATMENT AND (III) GRANTING CERTAIN RELATED RELIEF**

This Court has considered the *Debtor's Motion for Interim and Final Orders Authorizing the (i) Payment of Certain Prepetition Invoices for Psychological Counseling, Therapy and Related Treatment, (ii) Continuation of its Prepetition Practice of Paying for Certain Psychological Counseling, Therapy and Related Treatment, and (iii) Granting Certain Related Relief* (the "Motion"),[2] the First Day Declaration and the statements of counsel and the evidence adduced with respect to the Motion at any hearing held before this Court (the "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 and (iii) notice of the Motion and the Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that the relief requested in the Motion is in the best

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

interests of the Debtor, its estate and its creditors, and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein:

2. Pursuant to section 105(a) of the Bankruptcy Code the Debtor is authorized, but not directed, to pay invoices for Prepetition Pastoral Care up to an aggregate amount of $37,500.

3. The Debtor is hereby authorized, but not directed, to continue paying for Postpetition Pastoral Care, in the exercise of its business judgment and its past business practices, and as the same become due and payable.

4. Nothing in the Motion or this Final Order shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) the assumption of any executory contract or unexpired lease.

5. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Final Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation and/or enforcement of this Final Order.

Dated: _____, 2020
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE