JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew M. Butler
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Proposed Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 |
| Debtor. | : | |

**DEBTOR'S MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

The above-captioned debtor and debtor in possession (the "Debtor") moves the Court (the "Motion"), pursuant to sections 105(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for the entry of an order, in substantially the form attached as Exhibit A (the "Proposed Order"), (i) establishing procedures for the interim compensation and

1 The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

reimbursement of expenses of professionals whose services are authorized by the Court pursuant to section 327, 328 or 1103 of the Bankruptcy Code and (ii) granting certain related relief. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. General Background

2. On October 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and pursue its religious, non-profit mission and ministry, and manage its properties and affairs as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases, and no statutory committee has been appointed.

3. The Debtor is the seat of the Roman Catholic Church on Long Island. The State of New York established the Debtor as a religious corporation in 1958. *See* 1958 N.Y. SESS. LAWS Ch. 70 (1958), § 1. The Debtor is one of eight Catholic dioceses in New York and is the eighth-largest diocese in the United States when measured by the number of baptized Catholics. The Debtor's total Catholic population is approximately 1.4 million, which constitutes roughly half of Long Island's total population of 3.0 million. Pursuit of the Debtor's mission depends upon the continuing financial support provided by the faithful in anticipation of, and in mutual support of, the Debtor's religious and charitable mission.

4. To carry out its Catholic mission, the Debtor works closely with its 135 parishes. Parishes play a central role in the lives of Catholics by administering key aspects of the Catholic

Faith, including: baptism, education, communion, Mass, confirmation, marriage, and bereavement, including last rites, funeral services and grief support. None of the parishes are debtors herein. In addition, the Debtor supports separate charitable organizations to further its pursuit of the Catholic mission to serve the poor, the hungry, those in need, and those that cannot help themselves. None of those entities are debtors herein. The Debtor is also continuing its outreach to comfort, educate, and enlighten the faithful, especially in these times of quarantine and isolation due to COVID-19 protocols and precautions.

5. Following the enactment in 2019 of the Child Victims Act ( the "CVA"), which revived what had been time-barred claims, approximately 200 lawsuits have been brought by abuse claimants against the Debtor. In its effort to fairly and equitably address this tragic legacy, the Debtor has undertaken a substantial effort to identify and marshal over 60 years of insurance policies, including both primary and excess coverage, with the goal of securing a valuable resource of the Debtor, its parishes, and its affiliates, so that it can be used for the care and compensation of abuse survivors. The Debtor has made such insurance policies and related information, together with historical financial information for itself and its charitable, educational, and service affiliates, available to counsel for the abuse claimants and the Debtor's insurers.

6. Additional information regarding the Debtor, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Diocese of Rockville Centre, New York, in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date.

**B. Retention of Professionals**

7. The Debtor has filed, or anticipates filing, applications to retain (a) Jones Day, as

restructuring counsel; (b) Alvarez & Marsal North America, LLC, as financial advisor; (c) Epiq Corporate Restructuring, LLC, as notice and claims agent; (d) Reed Smith LLP, as insurance counsel, and (e) Sitrick and Company as corporate communications consultant. The Debtor anticipates that, as this chapter 11 case progresses, it may need to retain other professionals to provide services in connection with this chapter 11 case.[2] In addition, any official committee appointed in this chapter 11 case will retain counsel, and possibly other professionals, to assist them in fulfilling their obligations.

**RELIEF REQUESTED**

8. By this Motion, the Debtor requests the entry of an order, substantially in the form of the Proposed Order, authorizing and establishing procedures for the compensation and reimbursement of professionals whose retentions are approved by the Court pursuant to sections 105(a), 327, 330, 331 or 1103 of the Bankruptcy Code (each, a "Professional," and collectively, the "Professionals") on a monthly basis, on terms comparable to the procedures established in other large chapter 11 cases in this District. Such an order will streamline the professional compensation process and enable this Court and all other parties to monitor more effectively the professional fees incurred in this chapter 11 case.

9. Specifically, the Debtor proposes that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, Professionals be permitted to

[2] Contemporaneously herewith, the Debtor has filed the *Motion of the Debtor for an Order (I) Authorizing the Retention and Payment, Nunc Pro Tunc as of the Petition Date, of Professionals Utilized by the Debtor in the Ordinary Course of Business and (II) Granting Certain Related Relief* (the "OCP Motion"). The OCP Motion seeks authority for the Debtor to continue to retain certain professionals in the ordinary course of business (the "Ordinary Course Professionals") on terms substantially similar to those in effect prior to the Petition Date. If an order approving the OCP Motion is granted, the Ordinary Course Professionals will not be required to file individual retention applications and will be paid in full, subject to their respective prepetition arrangements, without the need for submission of fee applications and subject to the caps set forth therein (the "OCP Fee Limits"). As described more fully in the OCP Motion, to the extent that an Ordinary Course Professional seeks compensation in excess of the OCP Fee Limits, the proposed order approving the OCP Motion provides procedures for such Ordinary Course Professional to seek payment of such fees.

seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"), which substantially comply with the Bankruptcy Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective February 5, 2013, *Procedures for Monthly Compensation and Reimbursement of Expenses* under Local Rule 2016-1(c), and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Fee Guidelines"), varying only to the extent appropriate and necessary given the size, complexity, and circumstances of this chapter 11 case:

(a) Unless otherwise provided in the order authorizing the Professional's retention, each Professional seeking monthly compensation must prepare monthly fee applications (each, a "Monthly Fee Application") in accordance with Local Rule 2016-1(c), which shall include (i) the information required by Local Rules 2016-1(a) & (b) and (ii) a monthly invoice that contains fee and expense details that describes the fees and expenses incurred by such Professional;

(b) Each Professional must serve its Monthly Fee Application by electronic or first class mail on the following parties (the "Notice Parties") on or before the thirtieth day of each month following the month for which compensation is sought:

(i) *the Debtor*, The Roman Catholic Diocese of Rockville Centre, 50 N Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023 (Attn: Thomas Renker);

(ii) *Debtor's Counsel*, Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Corinne Ball, Esq., Benjamin Rosenblum, Esq. and Andrew M. Butler, Esq.);

(iii) *the Office of the United States Trustee Region 2* (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes, Esq. and Shara Cornell, Esq.); and

(iv) *Counsel to any statutory committee appointed by the United States Trustee* (each, a "Committee");

(c) On or before the thirtieth day of each month following the month for which compensation is sought, each professional seeking compensation

shall file a Monthly Fee Application with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The monthly fee order does not alter the fee application requirements outlined in §§ 330 and 331 of the Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules, and the Local Rules;

(d) Except as otherwise permitted by an order of the court authorizing the retention of a professional, each Monthly Fee Application must contain a list of the individuals (and their respective titles – attorney, paralegal, etc.), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as otherwise ordered by the Court;

(e) Each Notice Party will have fifteen days after the filing and service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certificate of no objection or a certification of counsel with the Court, whichever is applicable, after which the Debtor is authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to paragraph 5(e) hereof;[3]

(f) If any Notice Party objects to a Professional's Monthly Fee Application, such Notice Party must serve on the affected Professional and each of the other Notice Parties a written objection (the "Objection") on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "Incremental Amount") and schedule such matter for hearing on at least 14 days' notice or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Professional;

(g) If an Objection is resolved, the Professional whose Monthly Fee Application was the subject of the Objection shall file and serve a

---

3 The remaining twenty percent of the Professional's fees for each Monthly Fee Application shall be withheld from payment until further order of the Court (the "Monthly Fee Holdback").

statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution. Upon the filing of such statement, the Debtor shall promptly pay, in accordance with paragraph (d), that portion of the Monthly Fee Application which is no longer subject to an Objection;

(h) All Objections that are not resolved by the parties or by Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (k) below;

(i) The filing of an Objection in accordance with paragraph (e) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision of any party not to object to a Monthly Fee Application shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Commencing with the period ending January 31, 2021, at four-month intervals (the "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties an application for interim approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application"), of the compensation and reimbursement of expenses requested by the Professional in its Monthly Fee Application, including any difference between any amounts owed to the Professional and the Actual Payments, filed during the Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must identify the Monthly Fee Applications that are the subject of the request and any information requested by the Court or required by the Local Rules. A Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law;

The first Interim Fee Application must be filed on or before March 17, 2021 for the Interim Fee Period from the Petition Date through January 31, 2021. There will be no penalties for failing to submit an Interim Fee Application in a timely manner. Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon, which service may be via hand delivery, overnight courier or first class mail, the affected Professional and the Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following the Interim Fee Application Filing Date. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing, upon

the Professional's filing of a certificate of no objection, or a certification of counsel with the Court, whichever is applicable. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including any difference between any amounts owed to the Professional and the Actual Payments) and expenses not previously paid;

(k) Unless a chapter 11 plan of reorganization or liquidation has been confirmed before the deadline to file an Interim Fee Application, the Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "Interim Fee Hearing"). At least 21 days prior to the Interim Fee Hearing, the Debtor shall file a notice with the Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications and the objection deadline;

(l) The pendency of an Interim Fee Application, a Monthly Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

10. The Debtor also requests that each member of any Committee be permitted to submit statements of expenses (excluding third-party counsel fees) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.

## BASIS FOR RELIEF REQUESTED

11. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

> After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

12. Section 331 of the Bankruptcy Code establishes the general rule that professionals may apply to the court for compensation for services and/or reimbursement of expenses only three times per year. Section 331 of the Bankruptcy Code, however, also expressly allows a court to permit the more frequent filing of such applications. In that vein, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).

13. The Debtor submits that the Compensation Procedures sought herein are appropriate considering the factors regularly considered by courts. The Debtor believes that implementing the proposed Fee Guidelines will aid in the efficient administration of this chapter 11 case and will further enable other Notice Parties to closely monitor case administration costs and implement efficient case management procedures. Accordingly, the Compensation Procedures are in the best interests of the Debtor, its estates, and all other parties in interest in this chapter 11 case.

**NOTICE**

14. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 2; (b) the 35 law firms representing the largest number of holders of CVA claims against the Debtor; (c) the Internal Revenue Service, (d) the office of the attorney general for the state in which the Debtor operates; (e) the United States Attorney's Office for the Southern District of New York; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. Due to the nature of the relief requested herein, the Debtor respectfully submits that no further notice of this Motion is necessary.

**NO PRIOR REQUEST**

15. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order and such other and further relief as may be appropriate.

Dated: October 1, 2020
New York, New York

Respectfully submitted,

*/s/ Corinne Ball*

Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew M. Butler
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: cball@jonesday.com
trgeremia@jonesday.com
brosenblum@jonesday.com
abutler@jonesday.com

*Proposed Counsel for the Debtor and Debtor-in-Possession*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 |
| Debtor. | : | |

**ORDER AUTHORIZING**
**PROCEDURES FOR INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

This Court has considered the *Debtor's Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion").[2] This Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at any hearing held before the Court (the "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and any Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the Debtor, its estates and its creditors and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided in an order approving the OCP Motion or an order

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

of this Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of this Court in this chapter 11 case (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a) Unless otherwise provided in the order authorizing the Professional's retention, each Professional seeking monthly compensation must prepare monthly fee applications (each, a "Monthly Fee Application") in accordance with Local Rule 2016-1(c), which shall include (i) the information required by Local Rules 2016-1(a) & (b) and (ii) a monthly invoice that contains fee and expense details that describes the fees and expenses incurred by such Professional;

(b) Each Professional must serve its Monthly Fee Application by electronic or first class mail on the following parties (the "Notice Parties") on or before the thirtieth day of each month following the month for which compensation is sought:

(i) *the Debtor*, The Roman Catholic Diocese of Rockville Centre, 50 N Park Ave P.O. Box 9023, Rockville Centre, NY 11571-9023 (Attn: Thomas Renker);

(ii) *Debtor's Counsel*, Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Corinne Ball, Esq., Benjamin Rosenblum, Esq. and Andrew M. Butler, Esq.),

(iii) *the Office of the United States Trustee Region 2* (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes, Esq. and Shara Cornell, Esq.); and

(iv) *Counsel to any statutory committee appointed by the United States Trustee* (each, a "Committee");

(c) On or before the thirtieth day of each month following the month for which compensation is sought, each professional seeking compensation shall file a Monthly Fee Application with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The monthly fee order does not alter the fee application requirements outlined in §§ 330 and 331 of the Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules, and the Local Rules;

(d) Except as otherwise permitted by an order of the court authorizing the retention of a professional, each Monthly Fee Application must contain a

list of the individuals (and their respective titles – attorney, paralegal, etc.), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as otherwise ordered by the Court;

(e) Each Notice Party will have fifteen days after the filing and service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certificate of no objection or a certification of counsel with the Court, whichever is applicable, after which the Debtor is authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to paragraph 5(e) hereof;[3]

(f) If any Notice Party objects to a Professional's Monthly Fee Application, such Notice Party must serve on the affected Professional and each of the other Notice Parties a written objection (the "Objection") on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "Incremental Amount") and schedule such matter for hearing on at least 14 days' notice or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Professional;

(g) If an Objection is resolved, the Professional whose Monthly Fee Application was the subject of the Objection shall file and serve a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution. Upon the filing of such statement, the Debtor shall promptly pay, in accordance with paragraph (d), that portion of the Monthly Fee Application which is no longer subject to an Objection;

(h) All Objections that are not resolved by the parties or by Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (k) below;

[3] The remaining twenty percent of the Professional's fees for each Monthly Fee Application shall be withheld from payment until further order of the Court (the "Monthly Fee Holdback").

(i) The filing of an Objection in accordance with paragraph (e) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision of any party not to object to a Monthly Fee Application shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Commencing with the period ending January 31, 2021, at four-month intervals (the "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties an application for interim approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application"), of the compensation and reimbursement of expenses requested by the Professional in its Monthly Fee Application, including any difference between any amounts owed to the Professional and the Actual Payments, filed during the Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must identify the Monthly Fee Applications that are the subject of the request and any information requested by the Court or required by the Local Rules. A Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law;

The first Interim Fee Application must be filed on or before March 17, 2021 for the Interim Fee Period from the Petition Date through January 31, 2021. There will be no penalties for failing to submit an Interim Fee Application in a timely manner. Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon, which service may be via hand delivery, overnight courier or first class mail, the affected Professional and the Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following the Interim Fee Application Filing Date. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing, upon the Professional's filing of a certificate of no objection, or a certification of counsel with the Court, whichever is applicable. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including any difference between any amounts owed to the Professional and the Actual Payments) and expenses not previously paid;

(k) Unless a chapter 11 plan of reorganization or liquidation has been confirmed before the deadline to file an Interim Fee Application, the Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "Interim Fee

Hearing"). At least 21 days prior to the Interim Fee Hearing, the Debtor shall file a notice with the Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications and the objection deadline;

(l) The pendency of an Interim Fee Application, a Monthly Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

3. In each Interim Fee Application and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 and 1103 of the Bankruptcy Code (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the this chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures or orders of the Court and (ii) shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in *the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases* Effective as of November 1, 2013.

4. The Debtor shall include all payments to retained professionals in this chapter 11 case on its monthly operating report, detailed so as to state the amount paid to each retained professional; provided that amounts paid to ordinary course professionals may be stated in the aggregate on any monthly operating report.

5. Each member of a Committee may submit statements of expenses (excluding

third-party counsel fees) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: ____________________
New York, New York

______________________________________
UNITED STATES BANKRUPTCY COURT JUDGE