**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (SCC) |
| ROCKVILLE CENTRE, NEW YORK,[1] | : |  |
|  | : |  |
| Debtor. | : |  |

**ORDER AUTHORIZING
PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

This Court has considered the *Debtor's Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion").[2] This Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at any hearing held before the Court (the "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and any Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the Debtor, its estates and its creditors and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. Except as otherwise provided in an order approving the OCP Motion or an order of this Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of this Court in this chapter 11 case (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    (a) Unless otherwise provided in the order authorizing the Professional's retention, each Professional seeking monthly compensation must prepare monthly fee applications (each, a "Monthly Fee Application") in accordance with Local Rule 2016-1(c), which shall include (i) the information required by Local Rules 2016-1(a) & (b) and (ii) a monthly invoice that contains fee and expense details that describes the fees and expenses incurred by such Professional;

    (b) Each Professional must serve its Monthly Fee Application by electronic or first class mail on the following parties (the "Notice Parties") on or before the thirtieth day of each month following the month for which compensation is sought:

        (i) *the Debtor*, The Roman Catholic Diocese of Rockville Centre, 50 N Park Ave P.O. Box 9023, Rockville Centre, NY 11571-9023 (Attn: Thomas Renker);

        (ii) *Debtor's Counsel*, Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Corinne Ball, Esq., Benjamin Rosenblum, Esq. and Andrew M. Butler, Esq.),

        (iii) *the Office of the United States Trustee Region 2* (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes, Esq. and Shara Cornell, Esq.); and

        (iv) *Counsel to any statutory committee appointed by the United States Trustee* (each, a "Committee");

    (c) On or before the thirtieth day of each month following the month for which compensation is sought, each professional seeking compensation shall file a Monthly Fee Application with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The monthly fee order does not alter the fee application requirements outlined in §§ 330 and 331 of the Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules, and the Local Rules;

(d) Except as otherwise permitted by an order of the court authorizing the retention of a professional, each Monthly Fee Application must contain a list of the individuals (and their respective titles – attorney, paralegal, etc.), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as otherwise ordered by the Court;

(e) Each Notice Party will have fifteen days after the filing and service of a Monthly Fee Application to object to such application (the "Objection Deadline").  Upon the expiration of the Objection Deadline, each Professional may file a certificate of no objection or a certification of counsel with the Court, whichever is applicable, after which the Debtor is authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to paragraph 5(e) hereof;[3]

(f) If any Notice Party objects to a Professional's Monthly Fee Application, such Notice Party must serve on the affected Professional and each of the other Notice Parties a written objection (the "Objection") on or before the Objection Deadline.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "Incremental Amount") and schedule such matter for hearing on at least 14 days' notice or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Professional;

(g) If an Objection is resolved, the Professional whose Monthly Fee Application was the subject of the Objection shall file and serve a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution.  Upon the filing of such statement, the Debtor shall promptly pay, in accordance with paragraph (d), that portion of the Monthly Fee Application which is no longer subject to an Objection;

(h) All Objections that are not resolved by the parties or by Court order shall be preserved and presented to the Court at the next interim or final fee

---

[3] The remaining twenty percent of the Professional's fees for each Monthly Fee Application shall be withheld from payment until further order of the Court (the "Monthly Fee Holdback").

|     |     |
| --- | --- |
|     | application hearing to be heard by the Court in accordance with paragraph (k) below; |
| (i) | The filing of an Objection in accordance with paragraph (e) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision of any party not to object to a Monthly Fee Application shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code; |
| (j) | Commencing with the period ending January 31, 2021, at four-month intervals (the "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties an application for interim approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application"), of the compensation and reimbursement of expenses requested by the Professional in its Monthly Fee Application, including any difference between any amounts owed to the Professional and the Actual Payments, filed during the Interim Fee Period.  Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses.  An Interim Fee Application must identify the Monthly Fee Applications that are the subject of the request and any information requested by the Court or required by the Local Rules.  A Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law; |
|     | The first Interim Fee Application must be filed on or before March 17, 2021 for the Interim Fee Period from the Petition Date through January 31, 2021.  There will be no penalties for failing to submit an Interim Fee Application in a timely manner.  Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon, which service may be via hand delivery, overnight courier or first class mail, the affected Professional and the Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following the Interim Fee Application Filing Date.  If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing, upon the Professional's filing of a certificate of no objection, or a certification of counsel with the Court, whichever is applicable.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including any difference between any amounts owed to the Professional and the Actual Payments) and expenses not previously paid; |

    (k)    Unless a chapter 11 plan of reorganization or liquidation has been confirmed before the deadline to file an Interim Fee Application, the Debtor's attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "Interim Fee Hearing").  At least 21 days prior to the Interim Fee Hearing, the Debtor shall file a notice with the Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications and the objection deadline;

    (l)    The pendency of an Interim Fee Application, a Monthly Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

    (m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

3.    In each Interim Fee Application and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 and 1103 of the Bankruptcy Code (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the this chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures or orders of the Court and (ii) shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in *the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases* Effective as of November 1, 2013.

4.    The Debtor shall include all payments to retained professionals in this chapter 11 case on its monthly operating report, detailed so as to state the amount paid to each retained professional; provided that amounts paid to ordinary course professionals may be stated in the

- 5 -

aggregate on any monthly operating report.

5. Each member of a Committee may submit statements of expenses (excluding third-party counsel fees) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated:  November 4, 2020  /S/ Shelley C. Chapman
        New York, New York  UNITED STATES BANKRUPTCY JUDGE