**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (SCC) |
| ROCKVILLE CENTRE, NEW YORK,[1] | : | |
| | : | |
| Debtor. | : | |

## ORDER AUTHORIZING THE RETENTION OF EXPERTS

This matter coming before the Court on the *Debtor's Motion for Entry of an Order Authorizing the Retention of Experts* (the "Motion"),[2] the Court having reviewed the Motion; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (d) the relief requested does not conflict with any other provision of the Bankruptcy Code and would serve the best interests of the Debtor's estate and creditors, (d) notice of the Motion was sufficient under the circumstances, and (e) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtor and the Committee are hereby authorized under applicable law to retain, employ and compensate Experts to assist with contested issues arising in this chapter 11 case. The retention and employment of Experts by the Debtor and the Committee shall be

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms used but not otherwise defined herein have the respective meanings given to such terms in the Motion.

pursuant to this Order and not require the Court's specific approval pursuant to 11 U.S.C. §§ 327 or 1103.

3. Counsel for the Debtor or the Committee, as applicable, shall review the billing statements submitted by each Expert and determine the reasonableness of such billing statements. Counsel for the Debtor or the Committee, as applicable, may include, at their option, any fees and expenses of the Experts, including any reasonable retainer, in counsel's monthly fee statements and interim and final fee applications pursuant to this Court's *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on November 4, 2020 [Docket No. 129] (the "Interim Compensation Order"). Counsel for the Debtor or the Committee, as applicable, shall not be required to submit a detailed statement or invoices with respect to services rendered or expenses incurred by any Expert.

4. Nothing in this Order permits circumvention of the requirements of 11 U.S.C. §§ 327, 330, or 1103 where any of those provisions condition the employment, compensation, or reimbursement of any person on the Court's specific approval. This Order does not exempt any person who is properly subject to the provisions set forth in the Interim Compensation Order from complying with those provisions. Therefore:

    a. No person employed as an Expert under the terms of this Order shall serve in any capacity other than that of a consultant or expert witness for the specific purposes of litigation or anticipated litigation. In particular, no such Expert shall assist the Debtor or the Committee for the general purposes of this chapter 11 case (as distinct from the specific purposes of contested matters or adversary proceedings) in any capacity, or for any purpose that would customarily require the Court's specific approval for such employment pursuant to sections 327(a) or 1103 of the Bankruptcy Code.

    b. This Order expressly preserves the right of all parties in interest, including the Office of the United States Trustee for the Southern District of New York, to contest whether any person employed as an Expert under this Order has exceeded the proper scope of an Expert's functions such that, under applicable law, that person should be subjected to the requirements

of 11 U.S.C. §§ 327 and 330 and to the compensation and reimbursement procedures set forth in the Interim Compensation Order.

5. Nothing in this Order shall affect the terms of employment or procedures for the compensation or reimbursement of any person whose employment this Court has previously approved pursuant to 11 U.S.C. §§ 327 or 1103.

6. Nothing in this Order shall alter applicable law pertaining to whether or not a given Expert is eligible to serve as a testifying expert or should instead be disqualified from serving as such.  Nor shall anything in this Order affect any eventual ruling as to whether the opinions or testimony of a given Expert are relevant, proper, or admissible in the context of any particular contested matter or adversary proceeding.

7. Subject to paragraphs 9, 10, and 11 below, the identity of an Expert employed by the Debtor or the Committee, as applicable, need not be disclosed unless and until such disclosure is required by applicable discovery rules of the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure, as such rules may be applicable, in the litigation for which the Expert is retained.

8. Subject to paragraphs 9, 10, and 11 below, the Debtor and the Committee, as applicable, need not file or submit the billing statements of any Expert to the Court or any other person unless and until applicable discovery rules of the Federal Rules of Civil Procedure so require in the litigation for which the Expert is employed.  Nothing in this Order is intended to affect the rights of any party to obtain discovery of billing statements of any Expert if and when such billing statements are otherwise subject to discovery under the applicable Federal Rules of Civil Procedure in litigation for which such Expert is employed.

9. The United States Trustee for the Southern District of New York shall be entitled, upon request, to review any billing statements submitted by any Expert to Debtor's counsel or

Committee's counsel, as applicable, seeking reimbursement of the Expert's charges with respect to any contested matter or adversary proceeding in which the United States Trustee is not a litigant; *provided, however*, that subject to the procedures described in paragraphs 10 and 11 below, the United States Trustee shall hold any such billing statements in confidence and shall not discuss their contents with any person other than the Debtor and the Debtor's counsel or the Committee and the Committee's counsel, as applicable; *provided further, however*, that nothing in this paragraph shall limit the United States Trustee's right to make and prosecute objections pursuant to the procedures set forth in paragraphs 10 and 11 below.

10. If a party in interest objects to Debtor's counsel's request or the Committee's counsel's request, as applicable, for reimbursement of expenses consisting of fees, retainer, or expenses charged by an Expert, the person so objecting (an "Objector") shall provide written notice thereof to the Debtor or the Committee, as applicable, and to the United States Trustee. The Objector and the Debtor or the Committee, as applicable, shall promptly meet and confer to attempt to resolve the objection. If the objection is not resolved through the meet and confer process, the Court shall conduct an *in camera* review of the Expert's billing statement(s) in question and shall direct the Debtor's estate to reimburse the Debtor's counsel or the Committee's counsel, as applicable, for the Expert's charges to the extent that the Court finds that they qualify for reimbursement as actual, necessary expenses under applicable law. Nothing in this Order shall affect the right of any party in interest to object to the reasonableness of any such fees, retainer, or expenses in connection with a final application for approval of fees and expenses of the Debtor or the Committee.

11. An objection to an Expert's charges shall not, by itself, entitle the Objector or any other person to discovery of the identity of the Expert, the subject or substance of the Expert's

work, or details of the Expert's expenses; *provided however*, that, if the Court finds that the objection cannot otherwise be fairly resolved, the Court may further direct the Debtor or the Committee to disclose to the Objector, under appropriate protections, copies of the billing statements in question, redacted of material that would tend to reveal the identity of the Expert or the subject or substance of the Expert's work.  In making any such further order, the Court shall take appropriate steps to protect the work product of the Expert and the Debtor's counsel or the Committee's counsel, as applicable, against any premature or inappropriate discovery, considering the status of the litigation for which the Expert is retained.

12.    This Order shall be immediately effective upon its entry.  This Court shall retain exclusive jurisdiction over any matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:  October 13, 2021
        New York, New York

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE