**Objection Deadline: September 16, 2022 at 11:00 a.m. (Eastern Time)**
**Notice of Presentment Date: September 16, 2022 at 12:00 p.m. (Eastern Time**

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (admitted *pro hac vice*)
Kenneth H. Brown, Esq. (admitted *pro hac vice*)
10100 Santa Monica, Boulevard, 13th Floor
Los Angeles, California 90067
Telephone:    (310) 277-6910
Facsimile:    (310) 201-0760
Email:        jstang@pszjlaw.com
              kbrown@pszjlaw.com

-and-

Ilan D. Scharf, Esq.
Karen B. Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:        ischarf@pszjlaw.com
              kdine@pszjlaw.com
              bmichael@pszjlaw.com

*Counsel to the Official Committee of*
*Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 20-12345 (MG) |
| | ) | |
| THE ROMAN CATHOLIC DIOCESE OF | ) | Chapter 11 |
| ROCKVILLE CENTRE, NEW YORK, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF PRESENTMENT OF STIPULATED TOLLING ORDER BETWEEN**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND**
**THE DEPARTMENT OF EDUCATION, DIOCESE OF ROCKVILLE CENTRE**

Please take notice that the parties to the Tolling Order and Stipulation between the Official

Committee of Unsecured Creditors and the Department of Education ("DOE"), Diocese Of

1

Rockville Centre (the "Stipulation") hereby provide notice of presentment of the Stipulation, which is annexed hereto, as set forth below.

**PLEASE TAKE FURTHER NOTICE THAT** the Official Committee of Unsecured Creditors appointed in the above-captioned case (the "Committee"), by and through its undersigned counsel, will present the attached Stipulation, agreed to between the Committee and DOE, to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court of the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **September 16, 2022 at 12:00 pm (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Stipulation shall be in writing, shall confirm to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the Objection and the specific grounds therefor, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), and served so as to be actually received no later than **September 16, 2022 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection is not filed and served by the Objection Deadline in accordance with the preceding paragraph, there will not be a hearing and the Stipulation may be signed.

DOCS_NY:46404.1 18491/002

**PLEASE TAKE FURTHER NOTICE** that if an Objection is timely filed and served, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated:  New York, New York
       September 8, 2022

                                  **PACHULSKI STANG ZIEHL & JONES LLP**

                                  */s/ Karen Dine*
                                  PACHULSKI STANG ZIEHL & JONES LLP
                                  Ilan D. Scharf, Esq.
                                  Karen B. Dine, Esq.
                                  Brittany M. Michael, Esq.
                                  780 Third Avenue, 36th Floor
                                  New York, New York 10017
                                  Telephone:    (212) 561-7700
                                  Facsimile:    (212) 561-7777
                                  Email: ischarf@pszjlaw.com
                                  kdine@pszjlaw.com
                                  bmichael@pszjlaw.com

                                  -and-

                                  James I. Stang, Esq. (admitted *pro hac vice*)
                                  Kenneth Brown, Esq. (*admitted pro hac vice*)
                                  10100 Santa Monica, Boulevard, 11th Floor
                                  Los Angeles, California 90067
                                  Telephone:    (310) 277-6910
                                  Facsimile:    (310) 201-0760
                                  Email: jstang@pszjlaw.com
                                  kbrown@pszjlaw.com

                                  *Counsel for the Official Committee of Unsecured Creditors of The Roman Catholic Diocese of Rockville Centre, New York*

3

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (admitted *pro hac vice*)
Kenneth H. Brown, Esq. (admitted *pro hac vice*)
10100 Santa Monica, Boulevard, 13th Floor
Los Angeles, California 90067
Telephone:     (310) 277-6910
Facsimile:     (310) 201-0760
Email:         jstang@pszjlaw.com
               kbrown@pszjlaw.com

-and-

Ilan D. Scharf, Esq.
Karen B. Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:     (212) 561-7700
Facsimile:     (212) 561-7777
Email:         ischarf@pszjlaw.com
               kdine@pszjlaw.com
               bmichael@pszjlaw.com

*Counsel for the Official Committee*
*of Unsecured Creditors of The Roman Catholic Diocese*
*of Rockville Centre, New York*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 20-12345 (MG) |
| | ) | |
| THE ROMAN CATHOLIC DIOCESE OF | ) | Chapter 11 |
| ROCKVILLE CENTRE, NEW YORK, | ) | |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |

**[PROPOSED] STIPULATED TOLLING ORDER BETWEEN**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND**
**THE DEPARTMENT OF EDUCATION, DIOCESE OF ROCKVILLE CENTRE**

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue, P.O. Box 9023, Rockville Centre, NY  11571-9023.

The Court, having considered the stipulation of the Official Committee of Unsecured Creditors of The Roman Catholic Diocese of Rockville Centre, New York (the "Committee") and the Department of Education, Diocese of Rockville Center ("DOE" together with the Committee, the "Parties" and each, individually, as a "Party"), by and through their counsel ("Stipulation") made and entered into as of September 8, 2022 (the "Stipulation Effective Date") and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Court finds that good and sufficient cause exists to enter an order approving the stipulation of the Parties based on the Recitals below:

## Recitals

**WHEREAS**, on May 14, 2021, The Roman Catholic Diocese of Rockville Centre, New York (the "Diocese") and the Committee agreed to, and the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered, the Joint Stipulation and Order Concerning the Independent Advisory Committee and the Investigation and Pursuit of Certain Claims [Dkt. No. 512] (the "Order Conferring Standing"), which conferred standing upon the Committee to prosecute claims arising from the September 2017 transfer of assets, operations and liabilities of the Diocesan high schools to the DOE (the "DOE Transfers").

**WHEREAS**, the Order Conferring Standing provides that the Committee shall have exclusive authority, on behalf of the estate, to commence and prosecute any and all actions arising out of the DOE Transfers;

**WHEREAS,** any and all claims arising out of the DOE Transfers as well as claims arising from alleged transfers of cash and investment assets to the DOE are collectively defined herein as the "DOE Claims";

**WHEREAS**, although the Parties have not to date engaged in any settlement discussions regarding the DOE Claims, the Parties wish to toll and extend any statute of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline for the commencement or filing of any matter, proceeding or other action, or the assertion of any right, claim or defense related thereto, by or on behalf of the Committee against the DOE applicable to any of the DOE Claims, including, without limitation, sections 108 and 546 of the Bankruptcy Code, that had not yet expired as of the Stipulation Effective Date; and

**NOW, THEREFORE**, the Parties hereby agree and it is **SO ORDERED** as follows:

1.      The recitals above are incorporated into and made a part of this Stipulation.

2.      Subject to paragraph 3 of this Stipulation, any statute of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline for the commencement or filing of any matter, proceeding or other action with respect to the DOE Claims, including, without limitation, sections 108 and 546 of the Bankruptcy Code (collectively, the "Limitation Deadline"), is hereby tolled and extended from the Stipulation Effective Date until March 1, 2023 (the "Termination Date," and the period from the Stipulation Effective Date through the Termination Date, the "Tolling Period").

3.      This Stipulation is intended to extend, not to limit, the period in which the Committee may commence or file a matter, proceeding or other action against the DOE with respect to any of the DOE Claims.  Therefore, if the Limitation Deadline for any DOE Claim would, under applicable law, fall after the Termination Date (each such DOE Claim, a "Post-Termination Date Claim"), the period in which the Committee may commence or file a matter, proceeding, or other action against the DOE with respect to such Post-Termination Date Claim

shall expire on the Limitation Deadline applicable to such Post-Termination Date Claim and not on the Termination Date.

4.      The existence of the Tolling Period shall not give rise to or support any defense of laches or the running or expiration of any Limitation Deadline with respect to any DOE Claim, and DOE shall not assert, plead, or raise against the Committee in any fashion, whether by complaint, answer, motion, or otherwise, in any action or proceeding hereafter initiated or maintained by the Committee or any of its successors, any defense or avoidance related to any DOE Claim based on (i) the running or expiration of any Limitation Deadline during the Tolling Period, or (ii) laches or other principle concerning the timeliness of commencing an action based on the failure of the Committee to assert a DOE Claim during the Tolling Period.

5.      Nothing contained in this Stipulation shall revive, in whole or in part, any claim that had already expired or was already time-barred as of the Stipulation Effective Date.

6.      The Parties acknowledge that Sections 108(a) and 546 of the Bankruptcy Code and any other Limitation Deadline are not a limit on the Bankruptcy Court's jurisdiction, and can be tolled by agreement. No Party will assert any contrary position in any matter, proceeding or action related to the DOE Claims in any court of competent jurisdiction. If a court nevertheless holds that it does not have jurisdiction over a DOE Claim because such DOE Claim was filed after a date upon which any applicable Limitation Deadline would have expired but for this Stipulation, the Committee, on behalf of the estate, or any of its successors shall nevertheless have a separate and distinct contractual right and claim against the DOE as if the Committee or any such successor had asserted such DOE Claim prior to the applicable Limitation Deadline.

7.      Nothing herein shall prevent the Committee from filing and prosecuting a lawsuit or other action for any DOE Claim against the DOE earlier than the Termination Date.

8.      The Parties intend that this Stipulation be binding and enforceable in accordance with its terms.  Accordingly, the Parties hereby irrevocably waive any right to contend that this Stipulation is not or might not be enforceable, agree not to assert or support any such contention, and shall be estopped from raising any such contention.  The obligations of each of the Parties set forth in this paragraph 8 shall be contractual, in addition to a waiver of a procedural or statutory right.

9.      Notices pursuant to this Stipulation, or other communications concerning it, shall be given by email and overnight mail as follows:

***Counsel for the Official Committee of Unsecured Creditors***
Kenneth Brown
Pachulski Stang Ziehl & Jones LLP
One Market Plaza, Spear Tower
40th Floor, Suite 4000
San Francisco, CA 94105-1020
kbrown@pszjlaw.com

***Counsel for Department of Education, Diocese of Rockville Centre***
Martin G. Bunin
FARRELL FRITZ, P.C.
622 Third Avenue, 37th floor
New York, NY 10017
mbunin@farrellfritz.com

With a copy to:

***Counsel for The Roman Catholic Diocese of Rockville Centre, New York***
Corinne Ball
JONES DAY
250 Vesey Street
New York, NY  10281-1047
cball@jonesday.com

10.      Each Party represents and warrants that: (i) each has the power and is duly authorized to enter into this Stipulation upon the terms set forth herein; and (ii) upon being duly executed and delivered, this Stipulation shall constitute a legal, valid, and binding obligation enforceable against it in accordance with this Stipulation's terms.

11.     This Stipulation shall be effective upon its execution by the Parties.   The tolling and extension of the Limitation Deadline is effective upon such execution of this Stipulation whether or not the Bankruptcy Court enters an Order approving this Stipulation.   The Parties, however, shall submit this Stipulation to the Bankruptcy Court for its approval.

12.     Nothing in this Stipulation shall be understood or construed to be an admission by either of the Parties of the merits of any of the DOE Claims or any defenses thereto, or of any of the allegations of the DOE Claims or liability therefor.   Except as expressly provided in this Stipulation, all claims and defenses are fully preserved by the Parties.

13.     This Stipulation shall not be introduced into evidence or otherwise used in any proceeding or action, except to the extent necessary to enforce the terms of this Stipulation and to oppose defenses asserting the Limitation Deadline.

14.     Nothing in this Stipulation shall be construed as an admission by the Committee relating to the applicability of any Limitation Deadline to any DOE Claims, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

15.     This Stipulation shall be binding upon, and operate for the benefit of, the Parties and each of their respective successors and assigns.   Any person or entity that succeeds to the Committee's rights to prosecute the DOE Claims on behalf of the estate or otherwise obtains the right to file and prosecute the DOE Claims under, pursuant to, or in connection with (i) the terms of any plan of reorganization, (ii) an order of the Bankruptcy Court, or (iii) any other act or event, shall have the rights provided to the Committee under this Stipulation.

16.     This Stipulation shall be governed, construed, and enforced pursuant to the laws of the State of New York, without regard to its conflicts of law principles.

17.     This Stipulation may be signed in counterparts, including by electronic mail, facsimile or electronically delivered signatures (including DocuSign), each of which shall be deemed an original, and all of which taken together shall constitute one and the same document.

18.     This Stipulation constitutes the entire agreement by and between the Parties concerning the tolling of any applicable Limitation Deadline and other time-related defenses, and supersedes any prior agreements or understandings, whether written or oral.  This Stipulation may not be modified except by a writing signed by the Party to be bound by such modification.

19.     The Bankruptcy Court shall, to the fullest extent permitted by law, retain sole and exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Stipulation.

20.     Within 5 business days after the execution of this Stipulation, the Committee shall provide the DOE with the most recent draft of its adversary proceeding complaint against the DOE alleging its DOE Claims.  Within 10 business days after the execution of this Stipulation, the Committee shall provide to the DOE the portions of the report of the Independent Advisory Committee ("IAC Report") pertaining to the factual descriptions of the transactions relating to the DOE Claims, with appropriate redactions for privileged matters, and all exhibits to the IAC Report relating to transactions between the Diocese and the DOE.

**# # # END OF ORDER # # #**

SO STIPULATED:

Date: September 8, 2022                    **PACHULSKI STANG ZIEHL & JONES LLP**


By:     */s/Kenneth Brown*
        Kenneth Brown
        *Counsel for the Official Committee of*
        *Unsecured Creditors*


Date: September 8, 2022                    **FARRELL FRITZ, P.C.**


By:     */s/ Martin Bunin*
        Martin G. Bunin
        *Counsel for Department of Education,*
        *Diocese of Rockville Centre, by and through*
        *its Special Committee of the Board of*
        *Directors*