JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Nicholas Morin
Andrew Butler
250 Vesey Street
New York, New York 10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Counsel for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 (MG) |
| | : | |
| Debtor. | : | |

**NOTICE OF POSSIBLE ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On October 12, 2022, the above-captioned debtor and debtor-in-possession (the "Debtor") filed with the United States Bankruptcy Court for the Southern District of New York (the "Court") a motion [Docket No. 1355] (the "Motion") (a) seeking entry of an order (i) authorizing and approving bidding procedures (the "Bidding Procedures") to be used in connection with the sale (each, a "Sale" or "Sale Transaction") of the Assets (as defined in the Bidding Procedures); (ii) authorizing the Debtor to enter into one or more asset purchase agreements (each such agreement, an "Asset Purchase Agreement") with one or more potential bidders, including one or more Asset Purchase Agreements with one or more "stalking horse" bidders (each such Asset Purchase Agreement, a "Stalking Horse Agreement", each such bidder, a "Stalking Horse Bidder" and each such bid a, "Stalking Horse Bid"), and to provide certain bid

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

protections (the "Bid Protections") to any Stalking Horse Bidder in connection therewith; (iii) scheduling an auction for the Assets (the "Auction"), if necessary, and the hearing with respect to the approval of the Sale (the "Sale Hearing") and approving the form and manner of notice thereof; (iv) authorizing certain procedures related to the Debtor's assumption and assignment of the Related Contracts (as defined in the Bidding Procedures) (the "Assumption and Assignment Procedures") in connection with any Sale, including notice to each non-Debtor counterparty (each, a "Counterparty") to the Related Contracts of the Debtor's proposed cure amounts to cure all monetary defaults under the Related Contracts (the "Cure Costs"), if any, and notice of proposed assumption and assignment of certain Related Contracts in connection with a particular Sale; (b) seeking entry of one or more orders, as applicable, authorizing and approving (i) the Sale of the Assets free and clear of all liens, claims, interests or encumbrances, and (ii) the assumption and assignment of certain Related Contracts; and (c) granting related relief, all pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").[2]

2.      On November 22, 2022, the Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale of the Debtor's Assets, (B) Authorizing the Debtor to Enter into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving The Form and Manner of Notice Thereof; and (II) Granting Related Relief* [Docket No. 1471] (the "Bidding Procedures Order").

3.      The Sale Hearing will take place on **January 25, 2023 at 2:00 p.m. (prevailing Eastern Time)** before the Honorable Judge Martin Glenn, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, located at 1 Bowling Green, New York, NY 10004.  The Debtor's presentation to the Court for approval of one or more highest or best bid(s) resulting from the Auction (each a "Successful Bid") shall not constitute the Debtor's acceptance of such bid.  The Debtor will have accepted the terms of a Successful Bid only when such bid has been approved by the Court pursuant to a Sale Order.

4.      Pursuant to the Bidding Procedures Order, the Debtor files this Assumption and Assignment Notice to notify Counterparties whose Related Contracts may be assumed in connection with a Sale Transaction.  In accordance with the Assumption and Assignment Procedures set forth in the Motion and the Bidding Procedures Order, the Debtor may seek to assume and assign to one or more Successful Bidders certain Related Contracts of the Debtor. The Related Contracts that the Debtor believes may be subject to assumption and assignment in relation to a Sale Transaction are identified on Schedule 1 attached hereto.  The Cure Costs, if any, that the Debtor believes are required to be paid to the applicable Counterparty to cure any monetary defaults under each Related Contract pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code is set forth on Schedule 1.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Bidding Procedures.

5.	Any Counterparty that wishes to object to the proposed assumption, assignment and sale of a Related Contract listed herein, the subject of which objection is the Debtor's proposed Cure Costs to cure any outstanding monetary defaults then existing under such Related Contract (each, a "Cure Objection") shall file with the Court and serve its Cure Objection on (i) the Debtor, the Roman Catholic Diocese of Rockville Centre, New York, P.O. Box 9023, Rockville Centre, NY 11571-9023 (Attn: Tom Renker (trenker@drvc.org)); (ii) counsel for the Debtors, (a) Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: Corinne Ball (cball@jonesday.com); Todd Geremia (trgeremia@jonesday.com); Benjamin Rosenblum (brosenblum@jonesday.com); Nicholas Morin (nmorin@jonesday.com); Andrew Butler (abutler@jonesday.com); (iii) counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, NY 10017 (Attn: James Stang (jstang@pszjlaw.com), Karen Dine (kdine@pszjlaw.com), and Brittany Michael (bmichael@pszjlaw.com)); (iv) counsel of any applicable Backup Bidder(s); and (v) counsel, if applicable, to any Stalking Horse Bidders (the foregoing entities in clauses (i) through (v), the "Objection Recipients") no later than **December 7, 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "Cure Objection Deadline").  Any Cure Objection must state, with specificity, the legal and factual bases therefor, including any appropriate documentation in support thereof.

6.	The Bidding Procedures Order requires that the Debtor and a Counterparty that has filed a Cure Objection first confer in good faith to attempt to resolve the Cure Objection without Court intervention.  If the parties are unable to consensually resolve the Cure Objection prior to the commencement of the Sale Hearing, the Court shall make all necessary determinations relating to the applicable Cure Costs and Cure Objections at a hearing scheduled pursuant to the following paragraph.  If a Cure Objection is resolved in a manner that is not in the best interests of the Debtor and its estate, whether or not such resolution occurs prior to or after the closing of the applicable Sale Transaction, the Debtor or (to the extent the applicable Successful Bidder is responsible for paying the applicable Cure Cost under the applicable Asset Purchase Agreement) the applicable Successful Bidder may determine that any Proposed Assumed Contract subject to such resolved Cure Objection will no longer be assumed and assigned pursuant to the applicable Sale Transaction (subject to the terms of the applicable Sale Transaction).  All other objections to the proposed assumption and assignment of the Debtor's right, title, and interest in, to, and under a Related Contract, if it is ultimately designated a Proposed Assumed Contract, will be heard at the Sale Hearing.

7.	If a timely filed Cure Objection cannot otherwise be resolved by the parties, such objection may be heard by the Court at the Sale Hearing or, at the Debtor's election, subsequent to the Sale Hearing (an "Adjourned Cure Objection").  An Adjourned Cure Objection may be resolved after the closing date of the applicable Sale Transaction(s); provided that the Sale Transaction provides for the establishment of a cash reserve equal to the cure amount the objecting Counterparty reasonably believes is required to cure the asserted monetary default under the applicable Proposed Assumed Contract (or as otherwise agreed between the Debtor and the applicable Counterparty, or ordered by the Court).  Upon resolution of an Adjourned Cure Objection and the payment of the applicable cure amount, if any, the applicable Proposed Assumed Contract that was the subject of such Adjourned Cure Objection shall be deemed assumed and assigned to the applicable Successful Bidder, as of the closing date of the applicable Sale Transaction(s).

**8.     IF A COUNTERPARTY FAILS TO TIMELY FILE WITH THE COURT AND SERVE ON THE OBJECTION RECIPIENTS A CURE OBJECTION, (A) THE COUNTERPARTY SHALL BE DEEMED TO HAVE CONSENTED TO THE APPLICABLE CURE COSTS SET FORTH IN THE ASSUMPTION AND ASSIGNMENT NOTICE AND FOREVER SHALL BE BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO SUCH CURE COSTS OR ANY OTHER CLAIMS RELATED TO THE APPLICABLE PROPOSED ASSUMED CONTRACT(S) AGAINST THE DEBTOR OR ANY SUCCESSFUL BIDDER(S) OR THEIR RESPECTIVE PROPERTY (OTHER THAN WITH RESPECT TO A TIMELY ADEQUATE ASSURANCE OBJECTION (IF ANY) FILED BY SUCH COUNTERPARTY WITH RESPECT TO SUCH PROPOSED ASSUMED CONTRACT(S)) AND (B) THE APPLICABLE CURE COSTS SET FORTH IN THE ASSUMPTION AND ASSIGNMENT NOTICE SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER SUCH PROPOSED ASSUMED CONTRACT(S) UNDER SECTION 365(B) OF THE BANKRUPTCY CODE, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN ANY PROPOSED ASSUMED CONTRACT, OR ANY OTHER DOCUMENT.**

9.     In the event that the Debtor identifies any Counterparties that either (a) did not have their applicable Related Contract(s) listed in the Assumption and Assignment Notice or (b) otherwise were not served with the Assumption and Assignment Notice, the Debtor may subsequently add such Related Contract(s) to the Assumption and Assignment Notice and file such revised notice with the Court and/or serve such Counterparty with the Assumption and Assignment Notice (as applicable), and the following procedures will nevertheless apply to such Counterparty; provided, however, that the deadline to file a Cure Objection with respect to such Counterparty shall be **4:00 p.m. (prevailing Eastern Time) on the date that is the later to occur of (i) seven days following service of the supplemental Assumption and Assignment Notice or (ii) December 7, 2022 at 4:00 p.m. (prevailing Eastern Time).**

10.     As soon as reasonably practicable after the conclusion of the Auction, the Debtor shall file a list of the Related Contracts that the Debtor will seek to assume and assign pursuant to one or more Asset Purchase Agreements submitted by a Successful Bidder (the "Proposed Assumed Contracts Notice" and, each Related Contract listed therein, a "Proposed Assumed Contract") with the Court, serve such notice on the Counterparties to such Proposed Assumed Contracts and the Consultation Parties, by email to the extent such parties have consented to email service and email addresses are available to the Debtor and otherwise via overnight mail, and also cause such notice to be published on the Epiq Website (as defined below).

11.     Any Counterparty to a Proposed Assumed Contract that wishes to object to the proposed assumption and assignment of the Proposed Assumed Contract, the subject of which objection is a Successful Bidder's proposed form of adequate assurance of future performance with respect to such Proposed Assumed Contract (each, an "Adequate Assurance Objection"), shall file with the Court and serve on the Objection Recipients an Adequate Assurance Objection, which must state, with specificity, the legal and factual bases therefor, including any appropriate documentation in support thereof, by no later than **January 20, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Adequate Assurance Objection Deadline").

12. The Bidding Procedures Order requires that the Debtor and a Counterparty that has filed an Adequate Assurance Objection first confer in good faith to attempt to resolve the Adequate Assurance Objection without Court intervention. If the parties are unable to consensually resolve the Adequate Assurance Objection prior to the commencement of the Sale Hearing, such objection and all issues of adequate assurance of future performance of the applicable Successful Bidder shall be determined by the Court at the Sale Hearing.

13. **IF A COUNTERPARTY FAILS TO TIMELY FILE WITH THE COURT AND SERVE ON THE OBJECTION RECIPIENTS AN ADEQUATE ASSURANCE OBJECTION, (A) THE COUNTERPARTY SHALL BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND ASSIGNMENT OF THE APPLICABLE PROPOSED ASSUMED CONTRACT(S) TO THE APPLICABLE SUCCESSFUL BIDDER (AND ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY THE APPLICABLE SUCCESSFUL BIDDER IN CONNECTION THEREWITH) AND FOREVER SHALL BE BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO SUCH ASSUMPTION AND ASSIGNMENT (OTHER THAN WITH RESPECT TO A TIMELY CURE OBJECTION (IF ANY) FILED BY SUCH COUNTERPARTY WITH RESPECT TO SUCH PROPOSED ASSUMED CONTRACT(S)) OR ADEQUATE ASSURANCE OF FUTURE PERFORMANCE IN CONNECTION THEREWITH OR ANY OTHER CLAIMS RELATED TO SUCH PROPOSED ASSUMED CONTRACT(S) AGAINST THE DEBTOR OR ANY SUCCESSFUL BIDDER(S) OR THEIR RESPECTIVE PROPERTY AND (B) THE APPLICABLE SUCCESSFUL BIDDER SHALL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE WITH RESPECT TO THE APPLICABLE PROPOSED ASSUMED CONTRACT(S) IN ACCORDANCE WITH SECTION 365(F)(2)(B) OF THE BANKRUPTCY CODE, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN ANY PROPOSED ASSUMED CONTRACT, OR ANY OTHER DOCUMENT.**

14. The inclusion of a Related Contract or other document or Cure Costs on Schedule 1 of this Assumption and Assignment Notice or on any subsequently filed Proposed Assumed Contracts Notice (collectively, the "Contract Notices") shall not constitute or be deemed a determination or admission by the Debtor, the applicable Successful Bidder(s), or any other party in interest that such Related Contract or other document is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or that the stated Cure Costs are due (all rights with respect thereto being expressly reserved). The Debtor reserves all of their rights, claims, and causes of action with respect to each Related Contract or other document listed on the Contract Notices. **The Debtor's inclusion of any Related Contract on the Contract Notices shall not be a guarantee that such contract ultimately will be assumed or assumed and assigned and the Debtor expressly reserves its right to reject any Related Contract.** The Contract Notices shall be without prejudice to each Successful Bidder's rights, if any, under the applicable Asset Purchase Agreement, to subsequently exclude Proposed Assumed Contracts from the assumption or assignment prior to the closing of an applicable Sale Transaction(s).

15. The Debtor fully reserves the right to amend, modify or supplement the Contract Notices (each, an "Amended Contract Notice"); provided that the deadline for any Counterparty that is added to an Amended Contract Notice or whose Cure Cost under a Contract is reduced to

file (a) a Cure Objection shall be **4:00 p.m. (prevailing Eastern Time) on the date that is the later to occur of (i) seven days following service of the Amended Contract Notice or (ii) December 7, 2022 at 4:00 p.m. (prevailing Eastern Time)**; and (b) an Adequate Assurance Objection by the earlier **of one business day following the service of the Amended Contract Notice or the date of the Sale Hearing**; provided, however, that if the earlier date is the Sale Hearing, the Counterparty need not file a written Adequate Assurance Objection and may instead make its Adequate Assurance Objection on the record at the Sale Hearing.

16. The Debtor's assumption and/or assignment of a Related Contract is subject to approval by the Court and consummation of one or more Sale Transactions. Absent consummation of one or more Sale Transactions and entry of a Sale Order approving the assumption and/or assignment of the Related Contracts, the Related Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtor.

17. Copies of the Motion, the Bidding Procedures Order, and the Bidding Procedures may be obtained free of charge at the website dedicated to the Debtor's chapter 11 cases maintained by their claims and noticing agent and administrative advisor, Epiq Corporate Restructuring, LLC (https://dm.epiq11.com/case/rdrockville/info) (the "Epiq Website"). Copies of these documents are also available for inspection during regular business hours at the Office of the Clerk of the Court, located 1 Bowling Green, New York, NY 10004, and may be viewed for a fee on the internet at the Court's website (https://www.nysb.uscourts.gov) by following the directions for accessing the ECF system on such website.

Dated: November 22, 2022
    New York, New York

          */s/ Corinne Ball*
          Corinne Ball
          Todd Geremia
          Benjamin Rosenblum
          Nicholas Morin
          Andrew Butler
          JONES DAY
          250 Vesey Street
          New York, NY 10281-1047
          Telephone: (212) 326-3939
          Facsimile: (212) 755-7306
          Email: cball@jonesday.com
                  trgeremia@jonesday.com
                  brosenblum@jonesday.com
                  nmorin@jonesday.com
                  abutler@jonesday.com

          *Counsel for the Debtor*
          *and Debtor in Possession*

## **Schedule 1**

| Contract Counter-Party | Address | Contract Description | Contract Date | Cure Cost |
|---|---|---|---|---|
| American Messaging Services, LLC | 1720 Lakepointe Drive, Suite 100 Lewisville, TX 75057 | Communications Site Lease - Central Islip Tower | 12/1/2008 | $0 |
| American Messaging Services, LLC | 1720 Lakepointe Drive, Suite 100 Lewisville, TX 75057 | Communications Site Lease - Syosset Tower | 12/1/2008 | $0 |
| Catholic Faith Network | 1200 Glen Curtiss Blvd. Uniondale, NY 11553 | Administrative Services Agreement | 10/1/2011 | $0 |
| Catholic Faith Network | 1200 Glen Curtiss Blvd. Uniondale, NY 11553 | Administrative Services Agreement | 9/11/2020 | $0 |
| Catholic Faith Network f/n/a Telecare of the Diocese of Rockville Centre, Inc. | 1200 Glen Curtiss Blvd. Uniondale, NY 11553 | Building lease - office space | 9/1/2015 | $0 |
| Clearwire Spectrum Holding III LLC | 1475 120th Avenue NE Bellevue, WA 98005 | Cell Tower Leases - Call Sign: KNZ67 | 3/18/2013 | $0 |
| Clearwire Spectrum Holding III LLC | 1475 120th Avenue NE Bellevue, WA 98005 | Cell Tower Leases - Call Sign: KNZ68 | 3/18/2013 | $0 |
| Clearwire Spectrum Holding III LLC | 1475 120th Avenue NE Bellevue, WA 98005 | Cell Tower Leases - Call Sign: KNZ65 | 3/18/2013 | $0 |
| Clearwire Spectrum Holding III LLC | 1475 120th Avenue NE Bellevue, WA 98005 | Cell Tower Leases - Call Sign: WHR845 | 3/18/2013 | $0 |
| Clearwire Spectrum Holdings III LLC | 1475 120th Avenue NE Bellevue, WA 98005 | Educational Broad Service Long-Term De Facto Lease Agreements | 3/18/2013 | $0 |
| Dish Wireless LLC | Attn: Lease Administration 5701 South Santa Fe Drive Littleton, CO 80120 | Lease Agreement - Syosset Tower | 9/27/2022 | $0 |
| Dish Wireless LLC | Attn: Lease Administration 5701 South Santa Fe Drive Littleton, CO 80120 | Lease Agreement - Uniondale Tower | 9/27/2022 | $0 |
| MetroPCS New York, LLC | 5 Skyline Drive Hawthorne, NY 10532 | Communications Site Lease - Uniondale Tower | 6/20/2008 | $0 |
| Nassau County | One West Street Mineola, NY 11501 | Land Mobile Radio System License Agreement - Syosset Tower | 3/1/2008 | $0 |

| | | | | |
|---|---|---|---|---|
| New York SMSA Limited Partnership d/b/a Verizon Wireless | One Verizon Way Mail Stop 4AW100 Basking Ridge, NJ 07920 | Communications Site Lease - Central Islip Tower | 3/30/2017 | $0 |
| Nextel Of New York, Inc. | One International Boulevard Mahwah, NJ 07495 | Communications Site Lease - Syosset Tower | 3/31/2011 | $0 |
| Omnipoint Facilities Network 2, LLC | 360 Newark Pompton Turnpike Wayne , NJ 07470 | Communications Site Lease - Islip Tower | 3/1/2003 | $0 |
| Sprint | One International BoulevardMahwah, NJ 07495 | Communications Site Lease - Syosset Tower | 5/4/2006 | $0 |
| Sprint Spectrum, LP | One International Boulevard Mahwah, NJ 07495 | Communications Site Lease - Uniondale Tower | 7/30/2005 | $0 |
| T Mobile (Omnipoint) | 360 Newark  Pompton Turnpike Wayne, NJ 07470 | Communications Site Lease - Syosset Tower | 9/16/2003 | $0 |
| T Mobile (Omnipoint) | 4 Sylvan Way Parsippany, NJ 07054 | Communications Site Lease - Uniondale Tower | 2/17/2005 | $0 |
| T Mobile (Omnipoint) | 4 Sylvan Way Parsippany, NJ 07054 | Cell tower lease - Central Islip Tower | 2/29/2005 | $0 |
| Verizon Wireless | 180 Washington Valley Road Bedminster, NJ 07921 | Lease Agreement - Syosset Tower | 6/3/2003 | $0 |
| Verizon Wireless | 180 Washington Valley Road Bedminster, NJ 07921 | Lease Agreement - Uniondale Tower | 5/27/2005 | $0 |
| Verizon Wireless | One Verizon Way Mail Stop 4AW100 Basking Ridge, NJ 07920 | Cell tower lease - Central Islip Tower | 3/30/2017 | $0 |