Hearing Date and Time: **April 5, 2023 at 10:00 a.m.** (Prevailing Eastern Time)
Objection Date and Time: **April 3, 2023 at 4:00 p.m**. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, | Case No. 20-12345 (MG) |
| Debtor.[1] | |

**NOTICE OF HEARING ON THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO STAY PROCEEDINGS PENDING A DETERMINATON OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DISMISS THE CHAPTER 11 CASE**

**PLEASE TAKE NOTICE** that the hearing on the *Motion of the Official Committee of Unsecured Creditors to Stay Proceedings Pending a Determination of the Motion of the Official Committee of Unsecured Creditors to Dismiss the Chapter 11 Case* filed on March 27, 2023 (the "Stay Motion") will be held on **April 5, 2023 at 10:00 a.m.** (Prevailing Eastern Time) (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** any responses to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, be filed by **April 3, 2023 at 4:00 p.m. (Prevailing Eastern Time)**, and shall be served on (a) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, New York Attn: James I. Stang, Esq., Ilan D. Scharf, Esq., Karen B. Dine, Esq. and Brittany M. Michael, Esq; (b) counsel to the Debtor, Jones Day, 250 Vesey Street, New York, New York 10281-1048 Attn: Corinne Ball, Esq. Todd Geremia, Esq, Benjamin Rosenblum, Esq., Andrew

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last for digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue, P.O. Box 9023, Rockville Centre, NY 11571-9023.

Butler, Esq. Benjamin Thomson, Esq.; and (c) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Greg M. Zipes and Shara Cornell, Esq.

**PLEASE TAKE FURTHER NOTICE** the Hearing shall be held via Zoom for Government. Parties wishing to appear at the Hearing via Zoom for Government, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl on or before April 4, 2023, at 4:00 p.m. (Eastern Time). After the deadline for parties to make electronic appearances has passed, parties who have made their electronic appearance through the Court's website will receive an invitation from the Court with a Zoom link that will allow them to attend the Hearing. Requests to receive a Zoom link should not be emailed to the Court, and the Court will not respond to late requests that are submitted on the day of the Hearing. Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any responding parties are required to telephonically attend the Hearing, and failure to appear may result in relief being granted upon default.

| | |
|---|---|
| Dated:   March 27, 2023 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ James I. Stang*  |
| | James I. Stang, Esq. |
| | Ilan D. Scharf, Esq. |
| | Karen Dine, Esq. |
| | Brittany M. Michael, Esq. |
| | 780 Third Avenue, 36th Floor |
| | New York, NY  10017-2024 |
| | Telephone: 212/561-7700 |
| | Facsimile: 212/561-7777 |
| | jstang@pszjlaw.com |
| | ischarf@pszjlaw.com |
| | kdine@pszjlaw.com |
| | bmichael@pszjlaw.com |
| | |
| | *Counsel for the Official Committee of Unsecured Creditors* |

Hearing Date and Time:  **April 5, 2023 at 10:00 a.m.** (Prevailing Eastern Time)
Objection Date and Time:  **April 3, 2023 at 4:00 p.m**. (Prevailing Eastern Time)

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq.
Ilan D. Scharf, Esq.
Karen Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, NY  10017-2024
Telephone: 212/561-7700
Facsimile: 212/561-7777

*Attorneys for Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, | Case No. 20-12345 (MG) |
| Debtor. | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO STAY PROCEEDINGS PENDING A DETERMINATON OF THE MOTION
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>TO DISMISS THE CHAPTER 11 CASE</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of The Roman Catholic Diocese of Rockville Centre, New York (the "<u>Diocese</u>" or the "<u>Debtor</u>") in the above-captioned case (the "<u>Bankruptcy Case</u>") under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), through its undersigned counsel, moves to stay proceedings the ("<u>Stay Motion</u>") pending a determination on *The Motion of the Official Committee of Unsecured Creditors to Dismiss the Chapter 11 Case* ("<u>Motion to Dismiss</u>") [Docket No. 1912].  A stay of all proceedings is appropriate because the Motion to Dismiss will be heard on May 16, 2023, which potentially moots all other proceedings that threaten to cost as much as $4-6 million in the meanwhile.  A stay of the objections to claims ("<u>Claims Objections</u>"), the Diocese's motion for a

preliminary injunction regarding certain non-debtor affiliate parishes (the "Parish Stay"), and the competing Debtor and Committee plans of reorganization (the "Plan Process" with the Claims Objection and the Parish Stay, the ("Current Litigation Proceedings") will staunch the bleeding so the Court and parties can focus on the fundamental question of whether there is a reasonable likelihood of a confirmable reorganization plan for the Diocese. The Committee believes that the answer is No.

1. The stay of the Current Litigation Proceedings pending a determination of the Motion to Dismiss is warranted in this case.

2. *First*, any prejudice or delay to the Diocese, the Committee or other litigants from not moving forward is limited as none of the Current Litigation Proceedings requires immediate determination. While each of the Current Litigation Proceedings may affect the progress of the Bankruptcy Case towards a confirmable plan, the Committee, as stated in the Motion to Dismiss,[1] believes there is not a realistic chance of there being a confirmable plan in any reasonable period and not in the time it would take to resolve the Motion to Dismiss. Additionally, as this case has been languishing for nearly two and a half years, a short delay will have no material impact on timeliness of resolving this Bankruptcy Case.

3. *Second*, as a matter of judicial economy, the Bankruptcy Court should not expend its time and efforts on the Current Litigation Proceedings because, if the Motion to Dismiss is granted, the Current Litigation Proceedings will be moot.

---

[1] As stated in the Motion to Dismiss, the Committee believes there is not a reasonable likelihood for the Diocese's rehabilitation in a reasonable period. Because of the Debtor's estate's continuing losses, driven largely by professional fees, and the lack of a possibility of rehabilitation, the Committee submits that dismissal of the Bankruptcy Case is in the best interests of the Debtor's estate and its creditors.

2

4. *Third*, the interests of all stakeholders by not wasting millions of dollars[2] on professional fees for matters that may be moot.

5. *Finally*, unlike a situation in which proceedings were stayed for resolving a matter outside of the bankruptcy case,[3] the Bankruptcy Court's stay will not be subject to the uncertainty and delay inherent on waiting for another court or tribunal to reach decision. The Bankruptcy Court that will determine the timing for resolution of the Motion to Dismiss.[4]

6. "[Bankruptcy] Rule 1001 . . . provides that '[t]hese rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding. . . . As the Supreme Court has observed, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *U.S. Bank N.A. v. Osuji (In re Osuji)*, No. 15-75534-AST, 2019 Bankr. LEXIS 931, at *20–21 (Bankr. E.D.N.Y. Mar. 27, 2019) (citations and internal quotation marks omitted) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

7. The Second Circuit has observed that courts may grant stays of proceedings under their inherent powers. "This follows from the power inherent in every court to control the

---

[2] In January of 2023 alone, the fees and expenses of estate professionals exceeded $4,000,000.

[3] *See, e.g., In re Quigley Co., Inc.*, 361 B.R. at 742 (finding that courts have the inherent power to grant a discretionary stay of a proceeding pending arbitration when there are issues common to the arbitration and the court proceeding and those issues may be determined by the arbitration); *Kittay* v. *Landegger, et al.* (*In re Hagerstown Fiber Ltd. P'ship*), 277 B.R. 181, 199 (Bankr. S.D.N.Y. 2002) (a stay is appropriate when the non-arbitrable and arbitrable claims involve common questions of law and fact or when the arbitration is likely to dispose of issues common to the claims of the arbitrating and non-arbitrating defendants).

[4] Section 1112(b)(3) of the Bankruptcy Code provides that a hearing must be held on a motion to dismiss within thirty days with a decision to follow within fifteen days thereafter. The Committee has already agreed to an extension of the time period for hearing in light of upcoming religious holidays. The Committee submits that there is no compelling reason for any additional delay. Even if a compelling reason existed for the Bankruptcy Court to extend such timing further, the Bankruptcy Court still controls when it will hear and determine the Motion to Dismiss as well as whether it will continue any stay of the Current Litigation Proceedings if granted hereunder.

3

disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Citrus Mktg. Bd. v. J Lauritzen A/S*, 943 F.2d 220, 225 (2d Cir. 1991) (citations and internal quotation marks omitted) (quoting *Landis*, 299 U.S. at 254). Whether to stay proceedings "require[s] the court to examine the particular facts before it and determine the extent to which . . . a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015) (citations and internal quotation marks omitted).

8.     "In the context of bankruptcy, this inherent authority is recognized in Bankruptcy Code Section 105(a), which permits the court to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code." *U.S. Bank N.A. v. Perlmutter (In re S. Side House, LLC)*, 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012) (citations omitted).

## MOTION PRACTICE

9.     This Stay Motion includes citations to the applicable rules and statutory authorities upon which the relief requested is predicated and a discussion of their application to this Motion. The Committee submits that this Motion satisfies Local Rule 9013-1(a).

## NOTICE

10.    Before filing this Stay Motion, the Committee requested the Diocese agree to a stay of proceedings pending a determination of the Motion to Dismiss, to conserve estate assets. The Diocese conditioned its consent upon a stay of the Motion to dismiss. Given the unsuccessful mediations, the Committee is reluctant to assume the Diocese and its parishes have made any material changes to their approach to this case. While the Committee is willing to continue the mediation dialogue (and welcomes it as evidenced by the Committee's March 24, 2023 agreement to the Diocese's most recent nomination of a judicial mediator), it cannot ignore the past. If this

case has no future, as the Committee unfortunately currently believes, there is no good reason to delay the Court's decision on that point, even as the parties engage in mediation. Should mediation prove fruitful, or the parties collectively believe progress is being made, they can then request the Court abstain from making any determination.

11. The Committee and the Diocese are in discussions regarding potential judicial mediator candidates. On March 24, 2023 the Committee informed the Diocese that the Committee agreed to the appointment of one candidate one candidate that the Diocese nominated.

12. Notice of this Stay Motion has been provided under the procedures of the Case Management Order. The Committee respectfully submits that no further notice is required.

13. No previous request for the relief sought has been made by the Committee to this or any other Court.

WHEREFORE the Committee respectfully requests this Court enter an order substantially in the form attached as **Exhibit A**, granting (i) the relief requested and (ii) granting such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: March 27, 2023 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ James I. Stang* |
| | James I. Stang, Esq. |
| | Ilan D. Scharf, Esq. |
| | Karen Dine, Esq. |
| | Brittany M. Michael, Esq. |
| | 780 Third Avenue, 36th Floor |
| | New York, NY  10017-2024 |
| | Telephone: 212/561-7700 |
| | Facsimile: 212/561-7777 |
| | jstang@pszjlaw.com |
| | ischarf@pszjlaw.com |
| | kdine@pszjlaw.com |
| | bmichael@pszjlaw.com |
| | |
| | *Counsel for the Official Committee of Unsecured Creditors* |

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 (MG) |
|  | : |  |
| Debtor. | : |  |

**ORDER STAYING PROCEEDINGS PENDING A DETERMINATON OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DISMISS THE CHAPTER 11 CASE AND GRANTING RELATED RELIEF**

Upon the Committee's *Motion for an Order Staying Proceedings Pending a Determination on The Motion of the Official Committee of Unsecured Creditors to Dismiss the Chapter 11 Case* (the "Motion")[2] under sections 105, of the Bankruptcy Code and Bankruptcy Rules 1001 and 9006; the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced regarding the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district under 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding under 28 U.S.C. § 157(b)(2), and (d) notice of the Motion and the Hearing was

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing further establish just cause for the relief granted;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Current Litigation Proceedings are hereby stayed and adjourned pending a determination of the Motion to Dismiss.

3. No party to the Current Litigation Proceedings shall take any action with such Current Litigation Proceedings, and any deadlines related to such Current Litigation Proceedings are adjourned pending further order of this Court.

4. The entry of this Order is without prejudice to the Committee's or the Debtor's rights to seek relief modifying or supplementing the relief granted.

5. This Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain exclusive jurisdiction over any matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023       _____
      New York, NY                                  CHIEF JUDGE MARTIN GLENN
                                                                     UNITED STATES BANKRUPTCY COURT