PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Karen B. Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:    jstang@pszjlaw.com
         ischarf@pszjlaw.com
         kdine@pszjlaw.com
         bmichael@pszjlaw.com

*Counsel to the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br>                    Debtor. | Chapter 11<br>Case No. 20-12345 (MG) |

**REPLY OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO THE OBJECTION OF CATHOLIC FAITH
NETWORK TO THE REVISED DRAFT SALE ORDER**

The Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Diocese of Rockville Centre, New York (the "Diocese" or the "Debtor") in the above-captioned case (the "Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), through its undersigned counsel, replies (the "Reply") to the Objection of

DOCS_LA:348819.1

Catholic Faith Network to the Revised Draft Sale Order[1] [Docket No. 2035] (the "CFN Objection").  In support of the Reply, the Committee respectfully states:

## REPLY

1. The Committee supports the sale of the Cell Tower Assets[2] under the terms of the Revised Draft Sale Order.[3]

2. The Prior Proposed Sale Order[4] provided that the Diocese's non-debtor affiliate, Catholic Faith Network ("CFN") receive $5,000,000 of the sale proceeds (the "CFN Payment").

3. The Committee objected[5] to the CFN Payment because CFN has no property interest in the Cell Tower Assets so there is no basis for making the CFN Payment.  The Revised Draft Sale Order resolves the Committee's objection.

4. CFN now objects to the Revised Draft Sale Order asserting that the sale may not be made free and clear of its purported interest in the ongoing rent from the Leases (the "Tower

---

[1] *Notice of Hearing Date and Notice of Filing of Revised Draft Sale Order* filed by the Debtor [Docket No. 2020] (the "Revised Draft Sale Order").  Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the CFN Objection.

[2] The proposed sale transaction includes the sale of three antenna structures (the "Cell Towers"), the assumption and assignment by the Debtor of certain contracts relating to the Cell Towers (the "Leases"), and certain real estate (the "Cell Tower Land") related to the Cell Towers, which will be sold, or otherwise the buyer will be provided with easements regarding the use of the land (the Cell Towers, the Leases, and the Cell Tower Land, the "Cell Tower Assets").

[3] The factual and procedural background of this Case and the proposed sale is set forth in the *Objection of the Official Committee of Unsecured Creditors to Proposed Order (I) Approving the Sale of Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith; and (III) Granting Related Relief* [Docket No. 1577] (the "Committee Initial Objection") at ¶¶ 16–29.

[4] *Proposed Order (I) Approving the Sale of Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith; and (III) Granting Related Relief* (the "Prior Proposed Sale Order"), which is attached to the Debtor's *Notice of (I) Successful Bidder and Backup Bidder and (II) Proposed Assumed and Assigned Executory Contracts and Unexpired Leases in Connection with the Sale of Certain of the Debtor's Assets* [Docket No. 1736] (the "Notice of Sucessful Bidder").

[5] *Supplemental Limited Objection of the Official Committee of Unsecured Creditors to the Proposed Order (I) Approving the Sale of Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith; and (III) Granting Related Relief* [Docket No. 1756].

DOCS_LA:348819.1

Revenue") notwithstanding that the Revised Draft Sale Order expressly preserves CFN interests, if any, by providing that such interests attach to the Escrowed Proceeds (defined below).

5. CFN receives the Tower Revenue based on the Corrected Amended and Restated Services Agreement, entered as of September 11, 2020[6] (the "CFN Services Agreement"),[7] ***not*** because of any cognizable property interest in the Cell Tower Assets, including the Leases, themselves.

6. Under the CFN Services Agreement, the Diocese provides CFN compensation for certain services provided by CFN by, among other things, agreeing to "continue **to allow** CFN to receive, or pay over to CFN, the Tower Income." CFN Services Agreement §3(iii) (emphasis added). In its objection, CFN avoids using the term "allow" when referring to the payment of the Tower Revenue (CFN Objection ¶¶ 19-20) as the meaning of the term is clear. The Tower Revenue ***belongs*** to the Diocese and the Diocese "***allows***" CFN to receive that revenue directly as part of the CFN Services Agreement not because of any independent property interest of CFN in the Tower Revenue based on the Leases.

7. As set forth at length in the Committee's Supplemental Objection, that the Leases include CFN in the definition of Landlord does not create a property interest in the assets underlying the Leases. *See* Committee Supplemental Objection ¶¶ 33-40.

8. CFN's "right" in the Tower Revnue, if any, from the CFN Services Agreement is not currently at issue. As CFN has no ownership interest in the sale assets, its consent to the sale of the Cell Tower Assets is not required. As discussed in the Committee's Supplemental Sale

---

[6] The Debtor filed its petition on October 1, 2020.

[7] The CFN Services Agreement is attached as Exhibit B [Docket No. 1778-2] to the Declaration of Robert J. White [Docket No. 1778-1].

3

Order Objection, any alleged interest that CFN may have would be subject to sections 363(f) and 365(f) of the Bankruptcy Code. *Id.* at ¶¶ 41-53.

9.  However, the Revised Draft Sale Order does not deprive CFN of the ability to demonstrate that it has some congnizable interest in the the escrowed amount of the sale proceeds (the "Escrowed Proceeds"). The Escrowed Proceeds adequately protected CFN's rights, if any, to proceeds from the sale. Revised Draft Sale Order ¶ 38.

10. Under the terms of the Revised Draft Sale Order, CFN can assert its purported interests against the Escrowed Proceeds, and the Court can determine the matter after notice and a hearing. The Revised Draft Sale Order properly preserves the interests of CFN, if any, and fulfills sections 363(f) and 365(f) permitting the entry of the Revised Draft Sale Order selling the Cell Tower Assets free and clear of CFN's purported interest with such interests attaching to the Escrowed Proceeds. *See* Committee Supplemental Objection ¶¶ 41-53.

## RESERVATION OF RIGHTS

11. The Committee reserves its rights regarding any proposed changes in Revised Draft Sale Order, including any allowance of any payment to be made to CFN. The Committee reserves the right to supplement or amend this Reply or any prior sale-related objection of the Committee and introduce evidence at any hearing on entry of the Revised Draft Sale Order. If CFN, the Diocese or any other party seeks to introduce evidence with the entry of the Revised Draft Sale Order at a hearing, the Committee reserves its right to seek discovery regarding such evidence.

DOCS_LA:348819.1

WHEREFORE, the Committee respectfully requests that the Court approve the Revised Draft Sale Order. The Committee further requests that the Court grant such other and further relief as the Court deems just and proper.

Dated: April 27, 2023
New York, New York

          PACHULSKI STANG ZIEHL & JONES LLP

          */s/ Karen B. Dine*
          James I. Stang, Esq. (admitted *pro hac vice*)
          Ilan D. Scharf, Esq.
          Karen B. Dine, Esq.
          Brittany M. Michael, Esq.
          780 Third Avenue, 36th Floor
          New York, New York 10017
          Telephone:  (212) 561-7700
          Facsimile:  (212) 561-7777
          Email:  jstang@pszjlaw.com
                      ischarf@pszjlaw.com
                      kdine@pszjlaw.com
                      bmichael@pszjlaw.com

          *Counsel to the Official Committee*
          *of Unsecured Creditors*

DOCS_LA:348819.1