**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING NOTICE OF THIS THIRTEENTH OMNIBUS CLAIM OBJECTIONS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE ATTACHED EXHIBIT TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

JONES DAY
Corinne Ball
Todd Geremia
Victoria Dorfman
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York  10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (MG) |
| ROCKVILLE CENTRE, NEW YORK,[1] | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**NOTICE OF THE DEBTOR'S**
**THIRTEENTH OMNIBUS CLAIM OBJECTIONS**

    **PLEASE TAKE NOTICE** that on June 12, 2023, the Roman Catholic Diocese of Rockville Centre, New York as the above-captioned debtor and debtor in possession (the "Debtor") filed *The Debtor's Thirteenth Omnibus Claim Objections* (the "Objection") with

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

the United States Bankruptcy Court for the Southern District of New York (the "Court").

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow the claims listed in the Objection on the ground that the Debtor did not have notice of the abuse. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that if you do NOT oppose the disallowance, expungement, reduction, or reclassification of the claim(s) listed in the Objection, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction, or reclassification of the claim(s) listed in the Objection, then you MUST file with the Court <u>and</u> serve on the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m., Prevailing Eastern Time on July 3, 2023.**

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtor, the case number, and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtor must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name,

address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf. If you filed a Sexual Abuse Proof of Claim, your response, and any attachments, may be filed with the Bankruptcy Court under seal. If you have questions regarding the confidentiality of your response to this Objection, you should consult with an attorney.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline on or before **July 3, 2023 at 4:00 p.m.** (Prevailing Eastern Time) by (a) the chambers of the Honorable Chief Judge Martin Glenn, United States Bankruptcy Court, One Bowling Green, New York, New York 10004; (b) the Debtor, c/o The Roman Catholic Diocese of Rockville Centre, New York, P.O. Box 9023, Rockville Centre, NY 11571-9023; (c) counsel to the Debtor, Jones Day, 250 Vesey Street, New York, NY 10281-1047, Attn: Corinne Ball, Esq., Todd Geremia, Esq., Victoria Dorfman, Esq., Benjamin Rosenblum, Esq., Andrew Butler, Esq.; and (d) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Greg M. Zipes, Esq. and Shara Cornell, Esq.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider such Objection and any responses related thereto (the "Hearing") will be held on **July 18, 2023 at 11:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004. Parties wishing to appear at the Hearing via Zoom for Government, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl on or before July

17, 2023, at 4:00 p.m. (prevailing Eastern Time).  After the deadline for parties to make electronic appearances has passed, parties who have made their electronic appearance through the Court's website will receive an invitation from the Court with a Zoom link that will allow them to attend the Hearing.  Requests to receive a Zoom link should not be emailed to the Court, and the Court will not respond to late requests that are submitted on the day of the hearing.  Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that if you file a written response to the Objection, you should plan to appear at the hearing. The Debtor, however, reserves the right to continue the hearing on the Objection with respect to your claim(s). If the Debtor does continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtor does not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce, or reclassify your claim(s), then the Debtor has the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

**PLEASE TAKE FURTHER NOTICE** that if you wish to view the complete Objection, you can do so for free at https://dm.epiq11.com/drvc. Full copies of each pleading can be viewed or obtained by accessing the Court's website at www.nysb.uscourts.gov or by calling (888) 490-0633. Note that a PACER password is needed to access documents on the Court's website.

Dated: June 12, 2023
New York, New York

Respectfully submitted,

*/ s / Corinne Ball*
Corinne Ball
Todd R. Geremia
Victoria Dorfman
Benjamin Rosenblum
Andrew Butler
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Email: cball@jonesday.com
        trgeremia@jonesday.com
        vdorfman@jonesday.com
        brosenblum@jonesday.com
        abutler@jonesday.com

*Counsel for the Debtor*
*and Debtor in Possession*

JONES DAY
Corinne Ball
Todd Geremia
Victoria Dorfman
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York  10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 (MG) |
| Debtor. | : | |

**THE DEBTOR'S THIRTEENTH OMNIBUS CLAIM OBJECTIONS**

The Roman Catholic Diocese of Rockville Centre, New York (the "Debtor" or

"Diocese"), that is the debtor in possession of the above-captioned chapter 11 case, hereby files

this thirteenth omnibus claim objection (the "Thirteenth Omnibus Objection") and respectfully

states in support of it as follows:

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

**Background**

1.      On October 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate and pursue its religious, non-profit mission and ministry, and manage its properties and affairs as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

2.      The Debtor is the seat of the Roman Catholic Church on Nassau and Suffolk Counties, on Long Island, New York.  The State of New York established the Debtor as a religious corporation in 1958.  *See* 1958 N.Y. SESS. LAWS Ch. 70 (1958), § 1.  The Debtor is one of eight Catholic dioceses in the State of New York and is the eighth-largest diocese in the United States when measured by number of baptized Catholics.  The Debtor's total Catholic population is 1.4 million, which constitutes roughly half of Long Island's total population of 3.0 million.  Pursuit of the Debtor's mission depends upon the continuing financial support provided by the faithful in anticipation of, and in mutual support of, the Debtor's religious and charitable mission.

3.      Following the enactment in 2019 of the Child Victims Act (the "CVA"), which revived what had been time-barred claims, approximately 200 lawsuits have been brought by abuse claimants against the Debtor (the "State Court Actions").  In its effort to fairly and equitably address these claims, the Debtor has undertaken a substantial effort to identify and marshal over 60 years of insurance policies, including both primary and excess coverage, with the goal of securing a valuable resource of the Debtor, so that it can be used for the care and compensation of abuse survivors.  The Debtor has made such insurance policies and related information, together with historical financial information for itself and its charitable,

2

educational, and service affiliates, available to counsel for the abuse claimants and the Debtor's insurers.

4.        Additional information regarding the Debtor, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Diocese of Rockville Centre, New York, in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date.

## Jurisdiction and Venue

5.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Claims Process

6.        On October 9, 2020, the Debtor filed its schedules of assets and liabilities and statements of financial affairs [ECF Doc. Nos. 57-58], which were thereafter amended from time to time.

7.        On January 27, 2021, the Court entered the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [ECF Doc. No. 333] (the "Bar Date Order").  Under the Bar Date Order, the Court set (a) March 30, 2021 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity to file a proof of claim in the Debtor's chapter 11 case (the "General Bar Date"), and (b) August 14, 2021 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each individual holding a Sexual Abuse Claim[2] to file a proof of such claim (the "Sexual Abuse Bar Date").  By subsequent Order, the Court

---

[2] A "Sexual Abuse Claim" has the same meaning as the term is defined in the Bar Date Order.

3

established October 10, 2022 as a supplemental bar date for certain holders of Sexual Abuse

Claims that were revived pursuant to the Adult Survivors Act (the "Adult Survivors Sexual

Abuse Bar Date").

8.      The claims register, prepared and maintained by Epiq Corporate Restructuring,

LLC, shows that approximately 747 sexual abuse proofs of claim (collectively, the "Proofs of

Claim") have been filed in this chapter 11 case.

9.      On January 10, 2023, the Court entered the *Order Approving Claim Objection

Procedures and Granting Related Relief* [Docket No. 1554] (the "Claim Objection Procedures

Order").  That Claim Objection Procedures Order allows the Debtor to assert omnibus claim

objections on the grounds set forth in Bankruptcy Rule 3007(d), which include that the claims

are duplicates or have been amended, and also on the grounds that the Debtor is not liable to the

claimant for the amount or claim stated.

10.     In accordance with the Claim Objection Procedures Order, the Debtor sent a

series of letters to claimants' counsel on June 2, 2023 and June 5, 2023, to notify counsel of the

Debtor's forthcoming objections to the claims at issue on this Thirteenth Omnibus Objection,

provide a short description of the grounds for the objection, and invite claimants' counsel to

discuss it with Debtor's counsel.  Since the Debtor first began this claims objection process more

generally on January 18, 2023, the Debtor has worked with certain claimants' counsel and

unrepresented claimants to resolve the Debtor's objections, and several claims have been

withdrawn as a result of counsel's efforts.

11.     As to the objections at issue here, the Debtor is in this Thirteenth Omnibus

Objection focusing on proofs of claims that do not adequately allege that the Diocese had notice

that the alleged perpetrators had the propensity to engage in the alleged abuse.  The grounds for

4

these objections are set forth in more detail below.

## Relief Requested

12.    By this Thirteenth Omnibus Objection, the Debtor seeks entry of an order granting the relief requested herein, disallowing each proof of claim identified on **Schedule 1** to the Proposed Order.  A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "Proposed Order").

## Basis for Relief Requested

13.    Section 101 of the Bankruptcy Code provides that a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) is otherwise allowable.  11 U.S.C. §§ 101(5)(A) & 101(10).  A claim that is determined by the Court on an objection to be unenforceable against the debtor under applicable law should be disallowed.  *See* 11 U.S.C. § 502(b)(1).

14.    Pursuant to the Claim Objection Procedures Order, the legal standard applicable to this Thirteenth Omnibus Objection is "the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted, in accordance with Bankruptcy Rule 7012(b)."  *Claim Objection Procedures Order* ¶ 3(g)(iii).  This standard is further discussed below, and as this Court has recently held, in its *Memorandum Opinion and Order Sustaining in Part Debtor's Eighth Omnibus Objection to Claims*, a claim's "'(f)actual allegations must be enough to raise a right to relief above the speculative level,'" so that it is "'plausible on [its] face.'"  *In re Roman Catholic Diocese of Rockville Centre, N.Y.*, ____ B.R. ____, 2023 WL 3158940, at *12 (Bankr. S.D.N.Y. May 1, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  While in this posture the Court accepts all factual allegations in the Proof of Claim as true, and draws all inferences in the claimant's favor, the Court does not credit legal conclusions and a claim must be supported by factual allegations that

are "enough to raise a right to relief about the speculative level." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 500 U.S. at 555, 570).  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A.   Each Claimant Must Show that the Diocese Had Notice of an Alleged Perpetrator's Propensity to Engage in Abuse

15.   The claims subject to this Thirteenth Omnibus Objection do not adequately allege that the Diocese had notice that the alleged perpetrators had the propensity to engage in the alleged conduct that caused the alleged injury—here, sexual abuse.

16.   Adequate allegations of notice to the Diocese of the alleged abuser's propensity to engage in sexual abuse are required because only negligence theories of liability can be asserted under New York law against an employer for sexual abuse by an employee or agent.  *See Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014) ("New York courts have held in employee sexual misconduct cases that an employer is only liable for negligent supervision or retention if it is aware of specific prior acts or allegations under the employee.").  It is firmly established under New York law that an employer cannot be sued under a theory of vicarious theory of liability because sexual assault is "a clear departure from the scope of employment, having been committed for wholly personal motives" and "not in furtherance of [an employer's] business." *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002).  Thus, an employer cannot be held vicariously liable for an employee's sexual assault.  *See id*.  In the CVA suits against dioceses and other entities, courts have uniformly concluded that any alleged abuse was outside the scope of employment.[3]  More specifically, New York courts "consistently have held that sexual

---

[3] For example, as this Court pointed out (2023 WL 3158940, at *7 n.5), in *Whitting v. The Roman Catholic Diocese of Rockville Centre*, No.H 900032/2019, slip op. (Sup. Ct. Nassau Cty. May 19, 2020), Justice Jaeger dismissed claims for battery, assault, and intentional infliction of emotional distress, and observed that "[s]exual abuse of a

misconduct and related tortious behavior arise from *personal motives* and do not further an

employer's business, even when committed within the employment context." *Alsaud,* 12 F.

Supp. 3d at 677-78 (collecting cases) (emphasis added); *see also In re Diocese of Rockville

Centre, N.Y.*, 2023 WL 3158940, at *7 & n.5 ("Courts have uniformly rejected vicarious liability

claims from plaintiffs in sexual abuse cases on the grounds that sexual assault is 'wholly

personal' and 'not in furtherance of [an employer's] business.'") (quoting *N.X.*, 97 N.Y.2d at

251).

17.     On negligence theories of liability against an employer, notice is a critical,

threshold issue that is appropriately addressed at the pleadings stage.  Several federal courts have

dismissed claims against religious and other institutions on the ground that there was no notice to

the employer of the perpetrator's propensity to engage in the alleged abuse, including at the

motion to dismiss stage.  *See, e.g., Doe v. Poly Prep Country Day School*, No. 20-04718, 2022

WL 4586237, at *8 (E.D.N.Y. 2022) (granting motion to dismiss given the absence of notice);

*Alsaud*, 12 F.Supp.3d at 680 (granting employer's motion to dismiss claims regarding

employee's alleged rape of plaintiff); *Murray v. Nazareth Reg'l High Sch.*, 579 F. Supp. 3d 383,

390 (E.D.N.Y. 2021) (granting motion to dismiss negligent supervision of employee claim where

plaintiff sought to combine employee's alleged employment history of having previously abused

plaintiff "with a broader allegation that the Church has been known to ... cover-up clergy sexual

abuse").

---

minor is a clear departure from a tortfeasor's scope of employment if '…committed solely for personal reasons, and
unrelated to furtherance of his employer's business'" *Id.* at 16 (quoting *Doe v. Rohan*, 17 A.D.3d 509, 512 (2d
Dep't 2005).  In the New York County Supreme Court, Justice Silver and Justice Love ruled the same way in dozens
of cases against other entities.  *See Diocese of Rockville Centre*, 2023 WL 3158940, at *7 n.5 (discussing *PC-2 Doe
v. Archdiocese of New York*, No. 950202/2020, slip op. at 4-5 (Sup. Ct. N.Y. Cty. July 1, 2020) ("[T]he Archdiocese
cannot be held vicariously liable for the intentional torts committed by an alleged perpetrator …."); *Broder v.
Roman Catholic Archdiocese of New York et al.*, No. 950149/2021, 2022 WL 3565219, at *2 (Sup. Ct. N.Y. Cty.
Aug. 18, 2022) ("As the alleged abuse did not further the employer's business and was clearly outside the scope of
the actor's employment, defendants cannot be liable solely on the commission of said crimes.").

**B.     The Court's Analysis on this Objection Should Be Guided by the Law Governing What Constitutes Legally Sufficient Notice**

18.     For the Diocese to be liable for torts of alleged abusers within its control, a plaintiff must show notice to the Debtor of the alleged abuser's propensity to engage in abuse. *See Bouchard v. New York Archdiocese*, 719 F. Supp. 2d 255, 262-63 (S.D.N.Y. 2010) (affirming grant of summary judgment where defendants church and Diocese had no notice of alleged abuser's propensity to commit sexual abuse).  This means that the employer "knew or should have known of the employee's propensity for the conduct which caused the injury" prior to the injury's occurrence. *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (citation and internal quotations omitted) (plaintiffs must also allege the "standard elements of negligence" and show: "(1) that the tort-feasor and the defendant were in an employee-employer relationship; . . . (3) that the tort was committed on the employer's premises or with the employer's chattels.").   The Proofs of Claim at issue in this Thirteenth Omnibus Objection may not properly be asserted against the Diocese under this rule.

19.     ***First*, consistent with federal pleading standards, claimants must allege sufficient *facts* regarding an alleged abuser's propensity to engage in sexual abuse; conclusory allegations that the Debtor "knew or should have known" are insufficient.**  *See In re Diocese of Rockville Centre,* 2023 WL 3158940, at *12.  Recently, the U.S. District Court for the Eastern District of New York granted a motion to dismiss on this basis, concluding that, as a matter of law, there were no proper allegations that a school had notice of an accused teacher's propensity to engage in sexual abuse.  *See Poly Prep*, 2022 WL 4586237, at *8.  The District Court explained that "the mere proximity of others to the alleged abuse" does not give rise to a cognizable theory of constructive notice, and nor do a variety of alleged acts that do not themselves constitute abuse.  *Id.* at *9.

20.     The Court enumerated various allegations and rejected each of them, individually

and collectively, as adequate to allege notice to the school sufficient to support a claim under the

CVA:

- "Plaintiff's allegation that Miller [the accused abuser] 'peripatetically' taught his students while speaking to a teddy bear, . . . does not plausibly suggest that Miller had a propensity to commit sexual abuse."

- "Similarly, any allegation that Miller was eccentric and stood out among Poly faculty as a loner . . .  does not plausibly suggest that Miller had a propensity to sexually assault students."

- "Moreover, Plaintiff's allegations that Miller gave good grades to Plaintiff and responded positively to Plaintiff in class, despite Plaintiff's poor performance in other classes . . . do not plausibly speak to Miller's alleged propensity."

- "And, the allegation that an English teacher sat down at a table across from Miller and Plaintiff and rolled his eyes and slightly shook his head, which signaled to Plaintiff that the English teacher recognized that Miller was grooming Plaintiff and had taken an inappropriate interest in Plaintiff . . . likewise fails to plausibly indicate Miller's alleged propensity."

*Id.* (ellipses indicate omitted references to Amended Complaint).  The Court concluded:

"Notably, Plaintiff fails to point to any analogous case(s) supporting the conclusion that

allegations of this nature – individually or collectively – plausibly amount to an indication of

propensity to commit sexual abuse."  *Id.*

21.     Likewise, in *Murray v. Nazareth Reg'l High Sch.*, 579 F.Supp.3d 383,

390-91 (E.D.N.Y. 2021), the U.S. District Court for the Eastern District of New York explained,

in the context of granting a motion to dismiss under Federal Rule of Civil 12(b)(6), that

> [g]eneralized broad-stroke collective allegations and historical filler do not suffice and invite particular scrutiny when assessing the viability of claims in the Rule 12 context.  The sad and sordid history of the Church's response to similar allegations, as disturbing as it is, does not speak to the issue of whether in this case this plaintiff has alleged sufficient pertinent facts to make it plausible that this diocese failed plaintiff and is subject to suit.  Has he alleged facts to make his claim against the Diocese plausible?

*Id.*  The federal court acknowledged that "[g]iven the history it is tempting to throw the door

9

open to plaintiff and to let counsel explore all relevant facts, but despite the hefty complaint, specific factual allegations against the Diocese are rather general and few in number." *Id*. at 391. Accordingly, having "scrutinize[d] plaintiff's pleadings on its own merits," the court concluded that "these claims against the Diocese should now be abandoned," and the court dismissed the complaint against the Diocese of Brooklyn.

22.     **Second, the *Diocese* must have had notice of the alleged perpetrator's propensity to engage in the abuse.** Where a claimant alleges that he informed individuals or entities *other than* the Diocese (e.g., the claimant's parent or a classmate or an entity not under the Diocese's control), the requisite notice cannot be imputed to the Diocese. Courts—even state courts applying the more permissive pleading standard under CPLR—have recognized this principle repeatedly in dismissing claims for negligence against an entity that did not have notice of an alleged perpetrator's propensity to engage in abuse. For example, the New York County Supreme Court has dismissed a claim against the Archdiocese of New York on this basis, even while allowing the claim to proceed as against a parochial school within the Archdiocese as to which there were legally sufficient allegations of notice. *See Jones ex rel. Jones v. Roman Catholic Archdiocese of New York*, 29 Misc. 3d 1213(A) at *6–7 (Sup. Ct. N.Y. Cty. Oct. 7, 2010) (dismissing both negligent hiring and negligent retention/supervision claims) ("Schools are charged with the duty of adequately supervising their students while on school premises or otherwise in the control of school personnel. . . . [But] there is no evidence that the defendant N.Y. Archdiocese knew or should have known about any inappropriate conduct for which it might be liable. Accordingly, the claim of negligent retention and supervision is dismissed as against the N.Y. Archdiocese."). *See also, e.g., Jonathan A. v. Bd. of Educ. of City of New York*, 779 N.Y.S.2d 3, 5-6 (1st Dep't 2004) (granting school's motion for summary judgment

10

regarding liability for sexual abuse of child during after-school program).

23.     ***Third***, **the timing of the notice is crucial.**  When a perpetrator is alleged to have a "predisposition for sexual violence," his employer can be held liable for his misconduct only where such sexual misconduct occurred *prior* to the harm at issue and his employer "knew or should have known" of it.  *Alsaud*, 12 F. Supp. 3d at 680 (granting employer's motion to dismiss claims regarding employee's alleged rape of plaintiff).  In *Alsaud*, for example, the plaintiff alleged that her assailant had a "predisposition for sexual violence" and that "[a] reasonable background check would have reflected the same."  *Id*.  But, because the employer did not have notice of the accused perpetrator's propensity to engage in abuse before the alleged abuse at issue in the lawsuit, the complaint against the employer was dismissed.  Likewise, where individuals have "served for many years . . . without incident or complaint," plaintiffs may not properly assert that the employer had knowledge of their criminal propensities.  *Steinborn*, 9 A.D.3d at 533–34.  More generally, courts have repeatedly dismissed negligence claims predicated on alleged sexual abuse where the "plaintiff sought to combine employee's alleged employment history of having previously abused plaintiff 'with a broader allegation that the Church has been known to cover-up clergy sexual abuse."  *Id*. (quoting *Murray*, 579 F. Supp. 3d at 390 and collecting other cases).

### C.     The Claims Subject to this Objection Alleging Abuse by Unidentified "John Doe" Individuals Do Not Allege Legally Sufficient Notice

24.     Thirty-two claims subject to this Objection assert abuse by an unknown "John Doe" perpetrator.  While it is conceivable that such a claim might adequately allege notice to the Diocese of the unknown perpetrator's propensity to engage in abuse, the "John Doe" claims subject to this Objection do not.   Allowing such claims to proceed past the pleading stage is inconsistent with the threshold requirement that claims of negligent hiring, supervision, and

retention asserted under New York law must adequately allege facts regarding the employer's

notice of the alleged abuser's propensity to abuse.  These claims do not set forth any specific

factual allegations that the Diocese knew or should have known of such individual's propensity

to engage in the complained-of conduct, and they should therefore be disallowed.  *See*

*Pendergraph v. City of Syracuse,* No. 5:19-cv-0291, 2020 WL 777254, at *6 (N.D.N.Y. 2020)

(dismissing claim against the City of Syracuse due to absence of "any facts, beyond pure

speculation, to infer that the City of Syracuse had knowledge or notice that the unidentified Jane

Doe Officer was likely to engage in the complained of conduct"); *Cruz v. N.Y.*, 24 F.Supp.3d

299, 311-312 (W.D.N.Y. 2014) (dismissing claims for negligent hiring, retention, and training

where plaintiff "fail[ed] to allege that the Supervisory Defendants were aware of the prior use of

force by Defendants Waters or Clark *specifically*" (emphasis added)).  Moreover, even if

claimants asserting abuse by a "John Doe" perpetrator could establish legally sufficient notice as

to a separate institution with which the alleged abuser was affiliated, that does not suffice to

adequately allege the requisite notice to the *Diocese.   See Jones ex rel. Jones v. Roman Catholic*

*Archdiocese of New York*, 29 Misc. 3d 1213(A) at *6–7 (Sup. Ct. N.Y. Cty. Oct. 7, 2010) (while

school had obligation to supervise and control, no evidence that Archdiocese knew or should

have known about alleged abuse).

### C.    The Proofs of Claim at Issue on This Objection Should Be Disallowed Under Controlling Law Concerning Legally Sufficient Notice

25.    As noted above, the Proofs of Claims subject to this Thirteenth Objection all fail

to adequately allege that the Diocese had notice of the alleged perpetrator's propensity to engage

in sexual abuse, prior to the occurrence of alleged abuse.

26.    All of the claims subject to this Objection that allege abuse by a "John Doe"

perpetrator do not adequately allege that there was any notice of the allege abuser's propensity to

engage in sexual assault prior to the abuse alleged in the claim.[4]  Some of these claims allege that

individuals who were *not* agents of the Diocese were aware of the abuse—for example, a

claimant's fellow students, parent, other family member, or a guidance counselor at a public

school.[5]  One claim alleges that the abuse was reported to an unnamed person affiliated with "the

church" but only *after* the abuse allegedly occurred.[6]  As the Court has ruled, such allegations do

not adequately allege notice to *the Diocese*, and *before* the alleged abuse occurred, that the

alleged abuser had the propensity to engage in sexual abuse.  *See Diocese of Rockville Centre*,

2023 WL 3158940, at *8 ("As to timing, the employer must have had actual or constructive

notice of the propensity for sexual misconduct *before* the harm at issue.") (emphasis in original;

citing *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014); *see also id.* *16 ("An agent of

the Diocese must have had notice of the abuse."); *id.* (ruling that a claimant's "classmate is not

an agent of the Debtor").

27.    Of the remaining claims subject to this Objection, several are what the Court

referred to on the Debtor's Sixth Omnibus Objection as "Conclusory Claims," which contain no

allegations of fact related to prior notice to the Diocese of the alleged abuser's propensity to

engage in sexual assault, in either the proof of claim or the attached state court complaint.[7]

These are plainly insufficient under the applicable pleading standard.  *See Diocese of Rockville

Centre*, 2023 WL 3158940, at *14 ("Conclusory allegations that the Debtor 'knew or should

have known' about the propensity for abuse do not suffice under federal pleading standards.")

---

[4] *See* claim numbers 20004, 20038, 20065, 20076, 30032, 90040, 90052, 90063, 90070, 90077, 90088, 90089, 90096, 90115, 90152, 90188, 90205, 90221, 90228, 90340, 90343, 90353, 90356, 90368, 90408, 90428, 90464, 90473, 90487, 90491, 90492, 90521.

[5] *See* claim numbers 30032, 90040, 90089, 90096, 90152, 90188, 90221, 90228, 90368, 90428, 90492.

[6] *See* claim number 90152.

[7] *See* claim numbers 20005, 30025, 90550.

(citing *Poly Prep*, 2022 WL 4586237, at *8-9).  The remainder of the claims subject to this

Objection are what the Court previously referred to as "Insufficient Facts Claims," which make

allegations such as that other children, a sibling, or parents of the claimant were made aware of

the alleged abuse—in some cases well after it allegedly occurred.[8]  Similarly, several of these

"Insufficient Facts Claims" allege that the claimant informed other priests or personnel within a

parish school but only *after* the abuse allegedly occurred, in some cases many years afterwards.[9]

Such allegations are not sufficient to adequately allege notice to the Diocese that the alleged

perpetrator had the propensity to engage in sexual abuse, before the alleged abuse took place.

*See Diocese of Rockville Centre*, 2023 WL 3158940, at *8 ("As to timing, the employer must

have had actual or constructive notice of the propensity for sexual misconduct *before* the harm at

issue.") (emphasis in original; citing *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014);

*see also id.* *16 ("An agent of the Diocese must have had notice of the abuse."); *id.* (ruling that a

claimant's "classmate is not an agent of the Debtor"); *id.* ("[T]he fact that a parent has notice of

abuse[] is not sufficient to impute notice to the Diocese.").

### **Reservation of Rights**

28.    In accordance with the Claim Objection Procedures Order, the Debtor reserves the

right to file subsequent objections to any claims subject hereto on any ground.  The Debtor also

reserves its rights to (i) amend, modify, or supplement this Objection including, without

limitation, the filing of objections to further amended or newly filed claims; (ii) seek to expunge

or reduce any claim to the extent all or a portion of such claim has been paid; (iii) object on any

basis to any claim, in whole or in part; and (iv) settle for any claim for less than the asserted

---

[8] *See* claim numbers 90490, 90235, 90554.

[9] *See* claim numbers 90235, 90288.

amount, are fully reserved.  Separate notice and a hearing will be provided in connection with any additional objections.

### Notice

29.     Notice has been provided of this Objection in accordance with the Claim Objection Procedures Order.

### No Prior Request

30.     No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, granting:  (a) the relief requested herein; and (b) such other and further relief to the Debtor as the Court may deem proper.


Dated: June 12, 2023
      New York, New York

Respectfully submitted,

*/ s / Corinne Ball*
Corinne Ball
Todd R. Geremia
Victoria Dorfman
Benjamin Rosenblum
Andrew Butler
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Email: cball@jonesday.com
      trgeremia@jonesday.com
      vdorfman@jonesday.com
      brosenblum@jonesday.com
      abutler@jonesday.com

*Counsel for the Debtor*
*and Debtor-in-Possession*

# **EXHIBIT A**

(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | : Chapter 11 |
| | : |
| THE ROMAN CATHOLIC DIOCESE OF | : Case No. 20-12345 (MG) |
| ROCKVILLE CENTRE, NEW YORK,[1] | : |
| | : |
| Debtor. | : |

---

### ORDER GRANTING DEBTOR'S THIRTEENTH OMNIBUS CLAIM OBJECTIONS

Upon the *Debtor's Thirteenth Omnibus Claim Objections* (the "Objection"),[2] pursuant to

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3007; the Court having reviewed the

Objection and having considered the statements of counsel and the evidence adduced with

respect to the Objection at a hearing before the Court (the "Hearing"); the Court finding that

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue

is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Objection and the Hearing was sufficient

under the circumstances; and the Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.  The Objection is granted to the extent set forth herein.

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Objection.

2.      Each Claim identified in **Schedule 1** hereto is disallowed and expunged in its entirety.

3.      The Objection and the schedules hereto constitute a separate contested matter with respect to each such claim, as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each Claim identified in Schedule 1.

4.      The rights of the Debtor to assert further objections to any Proof of Claim that is the subject of the Objections but that has not been disallowed or expunged, in whole or part, are fully preserved.

5.      The Debtor, Epiq Corporate Restructuring, LLC, and the Clerk of this Bankruptcy Court are authorized to take all reasonable actions necessary or appropriate to give effect to this Order.

6.      Notice of the Objection as provided therein is deemed good and sufficient notice of such Objection, and the requirements of the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York are satisfied by such notice.

7.      This Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.


Dated: _____, 2023
       New York, New York                          _____
                                                   UNITED STATES BANKRUPTCY COURT

2

**THIRTEENTH OMNIBUS CLAIM OBJECTIONS**
**SCHEDULE 1**
**CLAIMS TO BE DISALLOWED**

|  | Claim Number | Claimant Name (as identified on Claims Agent's publicly maintained claims register) |
|---|---|---|
| 1. | 20004 | PLAINTIFF-E 0003 |
| 2. | 20005 | ANONYMOUS |
| 3. | 20038 | CLAIMANT 2020-2007260 |
| 4. | 20065 | PLAINTIFF-E 0089 |
| 5. | 20076 | PLAINTIFF-E 0167 |
| 6. | 30025 | CLAIMANT 2020-2006195 |
| 7. | 30032 | PLAINTIFF-E 0202 |
| 8. | 90040 | PLAINTIFF-E 0021 |
| 9. | 90052 | PLAINTIFF-E 0029 |
| 10. | 90063 | PLAINTIFF-E 0038 |
| 11. | 90070 | PLAINTIFF-E 0045 |
| 12. | 90077 | PLAINTIFF-E 0052 |
| 13. | 90088 | PLAINTIFF-E 0060 |
| 14. | 90089 | PLAINTIFF-E 0061 |
| 15. | 90096 | PLAINTIFF-E 0069 |
| 16. | 90115 | PLAINTIFF-E 0101 |
| 17. | 90152 | PLAINTIFF-E 0110 |
| 18. | 90188 | PLAINTIFF-E 0127 |
| 19. | 90205 | PLAINTIFF-E 0131 |
| 20. | 90221 | B.G. |
| 21. | 90228 | PLAINTIFF-E 0137 |
| 22. | 90235 | CLAIMANT 2020-2007107 |
| 23. | 90288 | ARK514 DOE |
| 24. | 90340 | ARK542 DOE |
| 25. | 90343 | ARK517 DOE |
| 26. | 90353 | ARK518 DOE |
| 27. | 90356 | PLAINTIFF-E 0173 |
| 28. | 90368 | ARK516 DOE |
| 29. | 90408 | PLAINTIFF-E 0274 |
| 30. | 90428 | PLAINTIFF-E 0170 |
| 31. | 90464 | PLAINTIFF-E 0194 |
| 32. | 90473 | ARK622 DOE |
| 33. | 90487 | PLAINTIFF-E 0212 |
| 34. | 90490 | PLAINTIFF-E 0215 |
| 35. | 90491 | PLAINTIFF-E 0216 |
| 36. | 90492 | PLAINTIFF-E 0217 |
| 37. | 90521 | PLAINTIFF-E 0237 |

|     | Claim Number | Claimant Name<br>(as identified on Claims Agent's publicly maintained claims register) |
| --- | --- | --- |
| 38. | 90550 | PLAINTIFF-E 0266 |
| 39. | 90554 | R.A. |