PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (admitted *pro hac vice*)
Alan J. Kornfeld, Esq.
Karen B. Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Tel: 212-561-7700; Fax: 212-561-7777
jstang@pszjlaw.com
akornfeld@pszjlaw.com
kdine@pszjlaw.com
bmichael@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, | Case No. 20-12345 (MG) |
| Debtor. | |

**DECLARATION OF JASON P. AMALA IN SUPPORT OF
MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO DISMISS CHAPTER 11 CASE [D.I. 1912]**

I, Jason P. Amala, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declare:

1. I am over twenty-one years of age and am competent to make this declaration (this "Declaration") in support of the *Motion of the Official Committee of Unsecured Creditors to Dismiss Chapter 11 Case* [D.I. 1912] ("Motion to Dismiss"), filed by the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of The Roman Catholic Diocese of Rockville Centre, New York (the "Debtor" or "Diocese").

2. Except as otherwise stated in this Declaration, all facts set forth herein are based on my personal experience, knowledge or understanding.

## I. INTRODUCTION AND BACKGROUND

3. I am a partner with the law firm Pfau Cochran Vertetis Amala PLLC ("PCVA"). PCVA has offices in Seattle and Tacoma, Washington, as well as New York City. PCVA is a nationally recognized firm of attorneys who have represented thousands of sexual abuse survivors over the past twenty-plus years. PCVA attorneys have been involved in some of the most complicated sexual abuse cases in the country. I have dedicated my practice of law to representing those who have been victimized by others, with the majority of my work being on behalf of survivors of childhood sexual abuse.

4. I have been a partner with PCVA since approximately 2009. I am a trial lawyer and, along with other PCVA attorneys, have taken hundreds of sexual abuse cases through the various aspects of the trial process, including the filing of complaints, the discovery process, settlement, verdict following trial, and appeals. I am familiar with the New York Supreme Court's processes, procedures and timelines for resolving childhood sexual abuse cases. I have been heavily involved with the case management orders of most of the New York trial judges who were assigned these cases after the passage of New York's Child Victims Act ("CVA") in 2019, including the case management order that governed these cases before the Diocese filed for bankruptcy.

5. Following the passage of the CVA, PCVA and I, along with our co-counsel, Marsh Law Firm PLLC ("Marsh Law"), filed over 500 complaints on behalf of survivors of childhood sexual abuse against the Diocese and other non-debtor entities, including the Boy Scouts of America, Rockefeller University Hospital, and other dioceses.

6. In addition to this bankruptcy, I have represented clients in at least twelve other Chapter 11 bankruptcies arising from claims for childhood sexual abuse, including the Diocese of Spokane (2004); the Oregon Province of the Society of Jesus (2009); the Christian Brothers Institute (2011); the Archdiocese of Milwaukee (2011); the Diocese of Rochester (2019); the Boy Scouts of America (2020); the Archdiocese of New Orleans (2020); the Diocese of Buffalo (2020); the Diocese of Syracuse (2020); the Diocese of Camden (2020); the Diocese of Santa Rosa (2023); and the Diocese of Oakland (2023). Our firm represented one or more clients on the creditors' committee in at least ten of those bankruptcies, so I am generally familiar with the common issues that arise in these bankruptcies, particularly with regard to the assets of the estate and the handling of claims involving third party defendants and insurers.

## II. THE COMMENCEMENT OF THE DIOCESE'S BANKRUPTCY CASE AND IMPACT ON THE STATE COURT CASES

7. On October 1, 2020 (the "Petition Date"), the Diocese filed a bankruptcy case under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Case"). On October 16, 2020, the Office of the United States Trustee formed the Committee, and Charles D'Estries, a Survivor and PCVA and Marsh Law client, was appointed to serve as a member of the Committee. *See Notice of Appointment of Official Committee of Unsecured Creditors* [D.I. 71]. Mr. D'Estries has served on the Committee since its formation. PCVA and Marsh Law have continued to represent Mr. D'Estries in his personal capacity and I have, along with other state court counsel, attended numerous Committee meetings.

8. In the Bankruptcy Case, PCVA and Marsh Law continue to represent the survivors on whose behalf we filed pre-petition actions in state court, unless their claim has been settled or dismissed. We filed proofs of claim in the Bankruptcy Case for those same clients, as well as an additional client who contacted us after the Bankruptcy Case was filed, who we

3

continue to represent in the bankruptcy, too (the "PCVA and Marsh Law Survivors").  All 27 PCVA and Marsh Law Survivors have filed proofs of claim in the Bankruptcy Case and have corresponding state court actions (the "State Court Cases").  Of the 27 proofs of claim, the Bankruptcy Court has entered orders sustaining objections to the proofs of claims of three of the PCVA and Marsh Law Survivors without leave to amend, and one with leave to amend.

9. The State Court Cases of the PCVA and Marsh Law Survivors are pending, but have been stayed as a result of the commencement of the Bankruptcy Case and the preliminary injunction entered in the Bankruptcy Case staying state court litigation against non-debtors.  As a result of the Bankruptcy Court's recent ruling on the preliminary injunction, four of the 27 PCVA and Marsh Law Survivors have been authorized to move forward with state court proceedings against the non-debtor defendants.  Twenty-three cases are still stayed against both the Diocese and the non-debtor defendants.

10. PCVA and Marsh Law attorneys, including myself, are in communication with each of the PCVA and Marsh Law Survivors regarding the State Court Cases and the Bankruptcy Case, including with respect to the status of these proceedings, updates regarding developments, and Survivors' expectations in connection with their claims against the Diocese and non-debtor entities, and the treatment of these claims.  With respect to these communications, we communicate with some Survivors more often than others based on their individual preference, but with all, we provide general updates every few months, or more often if a particular development warrants more frequent communication.  We do not share with Survivors who are not members of the Committee information that we learn by virtue of our representation of a member of the Committee, Mr. D'Estries.

**III.    THE DIOCESE PLAN AND THE TREATMENT OF SURVIVOR CLAIMS**

11.    I have generally reviewed the *Chapter 11 Diocese Plan of Reorganization for The Roman Catholic Diocese of Rockville Centre, New York* [D.I. 1614] (the "Diocese Plan") and related Disclosure Statement [D.I. 1615] (the "Diocese Disclosure Statement") and have specifically considered how these documents impact the Survivors and their claims.  Based on my review, I understand that the Diocese seeks through the Diocese Plan to provide full releases for its approximately 135 parishes and potentially hundreds of other non-debtor affiliates (the "Non-Debtor Entities").  I understand that the Diocese will not support a plan that does not include full releases for the Non-Debtor Entities and will vigorously oppose any plan that attempts to exclude releases for the Non-Debtor Entities.

12.    I have generally reviewed the Committee's *First Amended Chapter 11 Diocese Plan of Reorganization* [D.I. 1643] (the "Committee Plan") and related Disclosure Statement [D.I. 1644] (the "Committee Disclosure Statement") and have specifically considered how these documents impact the Survivors and their claims.  Based on my review, I understand that the Committee Plan provides the Non-Debtor Entities with the opportunity to settle for $200 million, which is the amount I understand is based on the Committee's analysis of fair compensation for the claims against Non-Debtor Entities to be released and the assets available to pay such claims. I understand that the Diocese will object to the Committee Plan on various grounds, including that it does not require a release for the Non-Debtor Entities and that the confirmation of the Committee Plan violates the Diocese's religious freedom.

13.    The Committee does not support the Diocese Plan because it does not provide sufficient total consideration to Survivors.  The proposed contribution from each of the Diocese,

5

the Parishes and affiliates is uncertain and insufficient, and the consideration from the Non-Debtor Entities is inadequate to support the proposed release of claims against them.

### IV.   JOINDER IN THE COMMITTEE'S MOTION TO DISMISS THE BANKRUPTCY CASE

14.    On March 27, 2023, the Committee filed the Motion to Dismiss. I am familiar with the Motion to Dismiss and the grounds for dismissal set forth in the Motion to Dismiss.

15.    On April 12, 2023, PCVA and Marsh Law filed a joinder to the Motion to Dismiss on behalf of the PCVA and Marsh Law Survivors (the "Joinder") [D.I. 2013]. A true and correct copy of the Joinder is attached to this Declaration as Exhibit 1. As set forth in the Joinder, the PCVA and Marsh Law Survivors support dismissal of the Bankruptcy Case for the reasons set forth in the Motion to Dismiss.

16.    For the reasons set forth in paragraph 13, I have recommended, and currently recommend, that the PCVA and Marsh Law Survivors not support the Diocese Plan. It is my general experience that my clients, including the PCVA and Marsh Law Survivors, follow my advice and recommendations and generally will not deviate from my advice and recommendations.

17.    Opposition to the Diocese Plan and support for the Motion to Dismiss continues to be my recommendation notwithstanding the Diocese's statement in its opposition to the Motion to Dismiss that the non-debtor contribution has increased from $11.1 million to $40 million because this increase is not reflected in a plan filed with the Bankruptcy Court, nor is it clear that this increase would have any material impact on the total overall proposed recovery under the Diocese Plan. This change amounts to less than $45,000 per claimant (assuming 648 claims). The contribution amount is also inadequate given the Committee's valuation of the

6

claims against Non-Debtor Entities and the aggregate parish financial information that I have considered.

18. Each of the PCVA and Marsh Law Survivors – including the 4 that are authorized to proceed against non-debtors and those that have had claim objections sustained – supported the Joinder and continue to support the Motion to Dismiss.

19. Dismissal of the Bankruptcy Case is a viable option and could provide a more expeditious resolution for claimants than continuing to proceed in bankruptcy. PCVA has had, and currently has, a number of cases in front of Judge Steinman, the judge who would preside over these CVA cases if returned to state court. Based on my experience, Judge Steinman aggressively moves CVA cases forward and keeps his cases on a very tight leash. Because of this, my experience is that these cases move expeditiously toward trial, creating an environment that is conducive to settlement. In fact, our firm has settled a number of CVA cases pending before Judge Steinman which were at various stages of trial preparedness.

20. My experience is that child sexual abuse cases in state court generally resolve within 1½ to 2 years. A judge such as Judge Steinman has the tools necessary to push the cases forward. The judge can push individual cases forward and keep the parties on a tight leash for individual discovery. The judge can pick bellwether and test cases to help break logjams on certain issues. There are many different ways that a state court judge can manage litigation in a way that moves cases forward. This is especially true with a judge like Judge Steinman who has made it clear that the cases assigned to him will move forward in an expeditious manner.

21. When compared to the lack of progress in the Bankruptcy Case over the past almost three years, proceeding in state court could be faster and more beneficial to the PCVA

and Marsh Law Survivors. Some movement is better than what Survivors have now, which is no movement at all.

22. In my experience, holding dioceses, parishes, schools or religious orders accountable for the abuse suffered by Survivors is a high priority for our clients. Our survivor clients generally believe that proceeding in state court provides them with a forum for this accountability. It also provides for some level of individuality and control over the process that is generally lacking in bankruptcy. This control is something important to most victims of childhood sexual abuse, and moving forward in state court may lend a sense of control over the decision making process and the progress of the case.

23. State court is preferable to languishing in chapter 11 and being offered a pittance of what Survivors should recover. Survivors have not been treated fairly in the chapter 11 case and this does not sit well with the PCVA and Marsh Law Survivors. Lacking engagement and fair treatment by the Diocese and non-debtors, Survivors wish to have their day in state court. Therefore, they oppose the Diocese Plan and support dismissal of the Bankruptcy Case.

### V.     ATTENDANCE AT HEARING ON MOTION TO DISMISS AND AVAILABILITY FOR CROSS-EXAMINATION

24. I plan to attend the hearing on the Motion to Dismiss, scheduled for July 10th and 11th, remotely and will be available for cross-examination with respect to my direct testimony provided by this Declaration. I was deposed by Diocese counsel in connection with the litigation of the Motion to Dismiss on June 21, 2023.

I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge and belief. I executed this Declaration on June 30, 2023 at Seattle, Washington.

*/s/ Jason P. Amala*
Jason P. Amala

# **EXHIBIT 1**

MARSH LAW FIRM PLLC
James R. Marsh
jamesmarsh@marsh.law
31 Hudson Yards, 11th Floor
New York, NY 10001
Phone: (212) 372-3030

PFAU COCHRAN VERTETIS AMALA PLLC
Jason P. Amala
jason@pcvalaw.com
31 Hudson Yards, 11th Floor
New York, NY 10001
Phone: (212) 300-2444
*(Admitted Pro Hac Vice)*

*Counsel for the PCVA and Marsh Law Survivors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 20-12345 (MG) |
| | ) |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, | ) Chapter 11 |
| | ) |
| | ) **Related Docket No. 1912** |
| Debtor. | ) |
| | ) |

**JOINDER OF PCVA AND MARSH LAW SURVIVORS IN**
**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**TO DISMISS CHAPTER 11 CASE**

Plaintiff 2020-1999553 (claim #90100), Claimant 2020-2071706 (claim #90142), Plaintiff 2020-1999390 (claim #90154), Plaintiff 2020-1999631 (claim #90144), Plaintiff-E 0106 (claim #90131), Claimant 2020-2006450 (claim #90140), Legal Counterparty 2020-2115842 (claim #90114), Claimant 2020-2071664 (claim #90105), Plaintiff 2020-1999550 (claim #90111), Plaintiff 2020-1999621 (claim #90117), Plaintiff 2020-1999429 (claim #90113), Plaintiff 2020-1999351 (claim #90127), Plaintiff 2020-1999397 (claim #90129), Plaintiff 2020-1999580 (claim #90128), Plaintiff-E 0113 (claim #90164), Plaintiff 2020-1999597 (claim #90141), Plaintiff-E

0108 (claim #90145), Plaintiff 2020-1999534 (claim #90146), Plaintiff 2020-1999598 (claim #90147), Plaintiff 2020-1999607 (claim #90156), Plaintiff 2020-1999350 (claim #90157), Plaintiff 2020-1999542 (claim #90162), Plaintiff 2020-1999529 (claim #90171), Plaintiff 2020-1999523 (claim #80009), Plaintiff 2020-1999523 (claim #90172), Plaintiff 2020-1999449 (claim #90178), and Plaintiff-E 0270 (claim #90395) (the "**PCVA and Marsh Law Survivors**"), hereby join in the *Motion of the Official Committee of Unsecured Creditors to Dismiss Chapter 11 Case* [Docket No. 1912] (the "**Motion to Dismiss**") for the reasons set forth in the Motion to Dismiss and expressly reserve all rights including, but not limited to, their rights to appear and be heard on any issue with respect to the Motion to Dismiss. The Motion to Dismiss is expressly incorporated herein by reference for all purposes.

WHEREFORE, for the reasons set forth in the Motion to Dismiss, the PCVA and Marsh Law Survivors respectfully request that the Court enter an Order dismissing this Chapter 11 case and granting such other and further relief as is just and proper.

Date: April 12, 2023                               PFAU COCHRAN VERTETIS AMALA PLLC

                                                   By: _____
                                                   Jason P. Amala
                                                   jason@pcvalaw.com
                                                   31 Hudson Yards, 11th Floor
                                                   New York, NY 10001
                                                   Phone: (212) 300-2444
                                                   *(Admitted Pro Hac Vice)*

                                                   *Counsel for the PCVA and Marsh Law Survivors*

2