**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

THE ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, NEW YORK,

                    Debtor.

**NOT FOR PUBLICATION**

Chapter 11

Case No. 20-12345 (MG)

**MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND DENYING IN PART THE DEBTOR'S THIRTEENTH OMNIBUS OBJECTION**

*A P E A R A N C E S:*

JONES DAY
*Attorneys for the Debtor*
250 Vesey Street, Floor 32
New York, NY 10281
By:    Corinne Ball, Esq.
         Todd Geremia, Esq.
         Victoria Dorfman, Esq.
         Benjamin Rosenblum, Esq.
         Andrew Butler, Esq.

SULLIVAN PAPAIN BLOCK
McGRATH COFFINAS & CANNAVO P.C.
*Counsel for Claim No. 20005*
120 Broadway
New York, NY 10271
By:    Eric K. Schwartz, Esq.

HOROWITZ LAW
*Counsel for Claimant 20038*
110 E. Broward Boulevard, Suite 1530
Fort Lauderdale, FL 33301
By:    Adam Horowitz, Esq.

BONINA & BONINA, P.C.
*Counsel for Claimant 20065*
32 Court Street, Suite 1700
Brooklyn, NY 11201
By:    John Bonina, Esq.

KAZEROUNI LAW GROUP, APC
*Counsel for Claimant 30032*
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
By:   Mohammad Kazerouni, Esq.

SLATER SCHULMAN LLP
*Counsel for Claimants 90040, 90052, 90063, 90070, 90077, 90088, 90089, 90096, 90152*
445 Broad Hollow Road, Suite 419
Melville, NY 11747
By:   Stephenie Lannigan Bross, Esq.

ANDREOZZI + FOOTE
*Counsel for Claimant 90115*
4503 N. Front Street
Harrisburg, PA 17110
By:   Nathaniel L. Foote, Esq.

HERMAN LAW
*Counsel for Claimants 90205 and 90221*
225 W. 34th Street, 9th Floor
New York, NY 10122
By:   Stuart S. Mermelstein, Esq.

JEFF ANDERSON & ASSOCIATES, PA
*Counsel for Claimants 90288, 90340, 90343, 90353, 90368, and 90473*
363 7th Avenue, 12th Floor
New York, NY 10001
By:   Patrick Stoneking, Esq.

MERSON LAW, PLLC
*Local Counsel for Claimant 90428*
950 Third Avenue, 18th Floor
New York, NY 10022
By:   Jordan K. Merson, Esq.
      Sarah R. Cantos, Esq.
      Alice A. Bohn, Esq.

MATTHEWS & ASSOCIATES
*Counsel for Claimants 90487, 90492, 90490, 90491, 90521, and 90464*
2905 Sackett Street
Houston, TX 77098
By:   Conrad Adams, Esq.

THE RUSSELL FRIEDMAN LAW GROUP LLP
*Counsel for Claimant 90550*
400 Garden City Plaza, Suite 500
Garden City, NY 11530
By:    Spencer D. Shapiro, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is a motion for omnibus objection (the "Objection," ECF Doc. # 2149) brought by The Roman Catholic Diocese of Rockville Centre (the "Debtor" or "Diocese") for the entry of an order, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to disallow or expunge certain claims (the "Claims," ECF Doc. #2149, Schedule 1) on the grounds that the claimants have not sufficiently pled that the Debtor had notice of the alleged abuse.  The objection deadline was July 2, 2023 at 4:00 P.M.  Twelve parties filed responses.[1]  The Debtor filed a reply (the "Reply," ECF Doc. # 2273).  The Debtor filed a certificate of no objection (ECF Doc. # 2292) with respect to the five claims for which no response was filed.  The Court held a hearing (the "Hearing") on the Objection on July 18, 2023.

The grounds for the objection are largely identical to the grounds in the *Debtor's Eighth Omnibus Claim Objections* (the "Eighth Omnibus Objection," ECF Doc. # 1730), which the

---

[1]    Sullivan Papain Block filed a response (the "Sullivan Response," ECF Doc. # 2217) for claim number 20005.  Horowitz Law filed a response (the "Horowitz Response," ECF Doc. # 2228) for claim number 20038.  Bonina & Bonina, P.C. filed a response (the "Bonina Response," ECF Doc. # 2216) for claim number 20065.  Kazerouni Law Group, APC filed a response (the "Kazerouni Response," ECF Doc. # 2248) for claim number 30032.  Slater Schulman LLP filed a response (the "Slater Response," ECF Doc. # 2226) for claim numbers 90040, 90052, 90063, 90070, 90077, 90088, 90089, 90096 and 90152.  ANDREOZZI + FOOTE filed a response (the "Andreozzi Response, ECF Doc. # 2245) for claim number 90115.  Herman Law filed two responses; one for claim 90205 (the "Herman Claim 90205 Response," ECF Doc. # 2250), and for claim 90221 (the "Herman Claim 90221 Response," ECF Doc. # 2254).  Jeff Anderson & Associates, PA filed a response (the "Anderson Response, ECF Doc. # 2241) for claim numbers 90288, 90340, 90343, 90353, 90368 and 90473.  Merson Law PLLC filed a response (the "Merson Response," ECF Doc. # 2249) for claim number 90428.  Matthews & Associates filed a response (the "Matthews Response," ECF Doc. # 2247) for claim numbers 90491, 90464, 90492, 90490, 90487 and 90521.  The Russell Friedman Law Group LLP filed a response (the "Friedman Response," ECF Doc. # 2208) for claim number 90550.  No response was filed for claim numbers 20004, 20076, 30025, 90228 and 90235.

Court sustained in part and overruled in part in a memorandum opinion. *See In re Roman Catholic Diocese of Rockville Centre*, 651 B.R. 146 (Bankr. S.D.N.Y. 2023) (hereinafter the "Notice Opinion"). Accordingly, this Memorandum Opinion and Order applies the principles the Court articulated in the Notice Opinion but will not recite the detailed reasoning set forth in the Notice Opinion. Familiarity with the Notice Opinion is assumed. For the reasons set forth herein, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** the Objection as set forth in the below table.

| SUSTAINED WITH PREJUDICE | SUSTAINED WITH LEAVE TO AMEND | OVERRULED |
|---|---|---|
| Claim Nos. 20076, 30025, 90228 and 90235 | Claim Nos. 20038, 20065, 90052, 90115, 90340, 90343, 90353, 90368, 90464, 90487, 90521 90473, 20005, 30032, 90063, 90077, 90088, 90096, 90152, 90221, 90288, 90492, 90490, 90491 and 90550. | Claim Nos. 20004, 90040, 90070, 90089, 90205 and 90428 |

## I.  THE OBJECTION AND RESPONSES

The Debtor objects to thirty-five proofs of claim (the "Claims") asserted against the Debtor by the respective claimants (the "Claimants"); the Claims and Claimants are tabulated in Schedule 1 to the Objection. The Debtor objects to the Claims on the grounds that the Claims fail to allege the Debtor had notice that the alleged abuser had the propensity to engage in sexual abuse. (Objection ¶ 15.) The Debtor originally objected to four additional claims, but the Debtor and the claimants' counsel agreed to withdraw the objection to those claims without prejudice (*see* Notice of Withdrawal, ECF Doc. # 2291), on the grounds that counsel alleged facts in the response that made the claims fall outside of Debtor's internal selection criteria for the Objection. (Reply ¶ 32.) By the Court's count, twenty-nine of the Claims assert abuse by an unknown "John Doe" perpetrator. (Objection ¶ 24.)

Responses were filed for thirty out of the thirty-five claims subject to the Objection. The Responses largely try to re-argue the points that the Court rejected in the Notice Opinion. For example, many argue that they are excused from pleading notice if they plead ordinary negligence. (*See, e.g.*, Merson Response ¶ 3.) Others argue that where abuse takes place in a school, the heightened duty of *in loco parentis* applies and the claimants need not plead notice. (*See, e.g.*, Anderson Response ¶¶ 29–51.) Finally, some argue that the Debtor can be held liable without notice on a premises liability claim. (*See, e.g.*, Andreozzi Response ¶ 1.)

In the Notice Opinion, the Court held that "there is no theory of direct negligence for sexual abuse claims against an employer that would excuse a Claimant from pleading and proving notice, even if Claimants couch their claims as sounding in *in loco parentis*, generalized negligence or premises liability." *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. at 161. The Court discussed in detail the reasons for this conclusion in the Notice Opinion and will not repeat its analysis. *Id.* at 162–166. In short, "allegations of specific facts about notice are required to survive the Objection." *Id.* at 166.

Finally, certain Claimants frame the grounds for the Objection as seeking to disallow the Claims on the grounds that the Claimants cannot identify their abuser. (*See, e.g.*, Bonina Response ¶ 19.) Not so. The Debtor objects on the grounds that the Claimants have not pled sufficient facts regarding notice and acknowledges that even if a Claimant does not know the identity of their abuser it is still possible to successfully allege such facts. (Objection ¶ 24 ("it is conceivable that [a John Doe claim] might adequately allege notice to the Diocese of the unknown perpetrator's propensity to engage in abuse").) The Court agrees and finds below that some of the Claimants who have claims against John Doe abusers have successfully pled specific facts about notice sufficient to survive the Objection.

5

## II. LEGAL STANDARD

As set forth in the Notice Opinion, the Court must apply federal pleading standards under Rule 12(b)(6) and Rule 8(a) to determine whether the Claimants have set forth non-conclusory factual allegations which, if proved, would entitle the Claimants to relief. *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R at 160. With respect to pleading notice, New York law has requirements for the timing, type, and recipient of the notice. As to timing, the employer must have had actual or constructive notice of the propensity for sexual misconduct before the harm at issue. *See Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014) ("New York courts have held in employee sexual misconduct cases that an employer is only liable for negligent supervision or retention if it is aware of specific prior acts or allegations against the employee"). As to the type of notice, the notice must be of a propensity for sexual abuse, not other types of misconduct, such as physical abuse. *See id.* at 681 (collecting cases holding that an employer has notice of the likelihood of a harm only where the prior misconduct is "of the same kind that caused the injury"). The person who receives the notice must be under the control of the employer for the notice to be imputed to the employer. In other words, if another person, such as a parent or a classmate has notice, that notice cannot be imputed to the Debtor. *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. at 162.

## III. DISCUSSION

The Court considers here whether the Claimants have alleged sufficient facts about notice, using the principles articulated in the Notice Opinion. The Court then briefly considers, as it did in the Notice Opinion, to what extent, if any, Claimants are entitled to discovery. The Court finds that the Claims subject to the Objection fall into the following categories:

(A) Claims that contain no facts and only conclusory allegations that the Debtor "knew or should have known" about the abuser's propensity for abuse (the "Conclusory Claims").[2]

(B) Claims that allege some specific facts regarding notice, but not enough facts to plausibly allege notice (the "Insufficient Facts Claims").[3]

(C) Claims which allege sufficient facts to plausibly state a claim that the Debtor had notice of the propensity for abuse (the "Sufficient Facts Claims").[4]

(D) Claims which do not allege specific facts regarding notice, for which no response was filed (the "No Response Claims").[5]

For both the Conclusory Claims [(A) above], and the Insufficient Facts claims, [(B) above], the Objection is **SUSTAINED WITH LEAVE TO AMEND**. With respect to the Sufficient Facts Claim [(C) above] the Objection is **OVERRULED**. The No Response Claims [(D) above] are **SUSTAINED WITH PREJUDICE**.

### A. The Conclusory Claims

The Conclusory Claims contain no specific factual allegations about notice in either the proof of claim, the attached state court complaint or in the Claimant's response. *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. at 170. Conclusory allegations that the Debtor "knew or should have known" about the propensity for abuse do not suffice under federal pleading standards. *See, e.g., Doe v. Poly Prep Country Day Sch.*, No. 20-CV-04718 (DG) (PK),

---

[2]    The Conclusory Claims are claim numbers 20065, 90052, 90088, 90115, 90340, 90343, 90464, 90353, 90368, 90487, 90491, 90521, 90550, and 90473.
[3]    The Insufficient Facts Claims are claim numbers 20005, 20038 30032, 90063, 90077, 90096, 90152, 90221, 90288, 90492 and 90490.
[4]    The Sufficient Facts Claims are claim numbers 20004, 90040, 90070, 90089, 90205 and 90428.
[5]    The No Response Claims are claim numbers 20076, 30025, 90228 and 90235.  No response was filed for Claim 20004, but the Court finds nevertheless that the facts alleged are sufficient to survive the Objection.

2022 WL 4586237, at *8–9 (E.D.N.Y. Sept. 29, 2022) (dismissing negligence claims where there was no allegation that the defendant was aware of specific acts or allegations of abuse prior to the alleged abuse of the plaintiff).

### B. The Insufficient Facts Claims

While each of the Insufficient Facts Claims provides some specific factual allegations related to notice, the Court concludes that these allegations do not contain sufficient "factual content to nudge [the] claim . . . across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). But for each of the claims discussed in this section, the Court sustains the Objection with leave to amend. Some of these claims[6] allege that individuals who were not agents of the Diocese were aware of the abuse—for example, a claimant's fellow students, parent, other family member, or a guidance counselor at a public school. One claim[7] alleges that the abuse was reported to an unnamed person affiliated with "the church" but only after the abuse allegedly occurred. Such allegations do not adequately allege notice to the Diocese, and before the alleged abuse occurred, that the alleged abuser had the propensity to engage in sexual abuse. *See In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. at 162 ("As to timing, the employer must have had actual or constructive notice of the propensity for sexual misconduct before the harm at issue.") (citing *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014)); *see also id.* at 172 ("An agent of the Diocese must have had notice of the abuse."); *id.* (ruling that a claimant's "classmate is not an agent of the Debtor").

At the Hearing counsel for Claim 20038 argued that the issue of notice did not apply to his client because the claim involved a situation in which a priest entered a child's room during

---

[6] *See* Claim Nos. 20005, 30032, 90063, 90096, 90492 and 90490.
[7] *See* Claim No. 90152.

8

the night while on a retreat. The Horowitz Response argues that "the sexual assault would not have happened if adequate security and supervision measures were in place to protect the teenage Claimant." (Horowitz Response ¶ 8.) The Proof of Claim alleges the abuser was a priest from a different religious order, the Passionist Province St. Paul of the Cross (the "Passionists"), and that the abuse happened at a retreat organized by the St. William Abbot Parish in Seaford, a parish of the Diocese. (Claim 20038 at 4(f).) As noted repeatedly, notice of the particular abuser's propensity for abuse is required to succeed on a negligent hiring, retention, or supervision claim. Neither the Horowitz Response nor the proof of claim allege any facts indicating that the Diocese had the required notice of this particular abuser's propensity to abuse. To the extent that Claimant has a general negligence claim against the Diocese for failure to implement security measures to protect the Claimant from intruders, insufficient facts are alleged to plausibly state a claim that the Diocese 1) failed to take any particular security measures that would have prevented the abuse and 2) that the Diocese rather than the parish or the Passionists would have liability for such claim if properly alleged. *See In re Roman Cath. Diocese of Rockville Ctr.*, New York, 651 B.R. 399, 427 (Bankr. S.D.N.Y. 2023) ("General allegations of "control" are not a theory for holding one party liable for another's wrongdoing. The Debtor and relevant institutions are separate entities, and "control" is only relevant insofar as it can be used as a factual matter to support a legally cognizable theory for doing so, like agency.").

As to the remaining Insufficient Facts Claims, a few[8] either in the proof of claim or the attorney response make allegations that other agents of the Debtor saw the abuser and the survivor meeting alone, which they argue should have put them on notice that abuse was taking place. Such allegations are not sufficient to plead notice. *See In re Roman Cath. Diocese of*

---

8    *See* Claims 90221, 90288 and 90077.

*Rockville Ctr., New York*, 651 B.R. at 173 ("In the absence of allegations that any of these staff members witnessed the abuse, the Court does not find allegations about the proximity of others to the alleged abuse to be sufficient.").

### C. Sufficient Facts Claims

Several of the Sufficient Facts Claims allege facts indicating that they were abused by multiple abusers.[9] Some claims indicate that different abusers separately abused the survivor on multiple occasions. Other claims indicate a group of abusers abused the survivor on more than one occasion. As the Court explained in the Notice Opinion, such allegations ask the Court to impute notice to the Diocese via its employees, which has not been briefed, and about which the Court draws no ultimate conclusions. *See In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. at 175. But as with the Notice Opinion, the Court will assume for the purposes of this Order that notice can be imputed to the Diocese through individuals who the Claimants allege are affiliated with the Diocese. *See id.*

Given the factual allegations in these claims that each of the abusers abused the survivor in similar ways, it is plausible that where multiple abusers abused in a serial manner that the subsequent abusers in the series knew about the first abuser, and did not report it, which allowed the first abuser to continue the abuse. *See id.* Further, though the Court did not address this question in the Notice Opinion, since no claims raised this issue, where multiple abusers abused the survivor together on multiple occasions, following the first instance of abuse, an agent of the Diocese would have notice of the abuse, and through not reporting it would allow the abuse to continue. By way of explanation, if an employee of the Diocese witnessed abuse while passing by a classroom and did not report it, which allowed the abuse to continue, that would likely be

---

[9]     *See* Claims 20004, 90040, 90070, 90428 and 90089.

10

more than sufficient to allege proper notice (again, assuming that the Court ultimately concludes imputing notice to the Diocese is proper). Thus, it would be perverse to reach a different result in a situation where the employee who witnesses the abuse is another abuser rather than an innocent passerby. In short, where an employee of the Diocese witnesses the abuse and does not report, allowing subsequent abuse to happen, notice is proper, regardless of whether the observing employee has clean hands.

Finally, Claim 90205, through the Herman Claim 90205 Response, alleges that agents of the Debtor saw the survivor meeting alone in the rectory with the abuser and that "there is no reason for a child to be in these quarters, and a child's presence in the rectory with a priest should have raised 'red flags' prompting inquiry or investigation." (Herman Claim 90205 Response ¶ 4.) In the Notice Opinion, the Court rejected an allegation that knowledge that a child met alone with a priest in the rectory was sufficient because the meetings happened at the direction of a parent for a specific purpose: counseling. *See In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. at 173. Here, because the allegations indicate that other agents of the Debtor knew that that abuser was meeting with the survivor alone in the rectory, on the abuser, rather than a parent's, initiative the Court finds this allegation sufficient to plead notice.

### D. The No Response Claims

Despite receiving notice of the Objection, none of the No Response Claims filed a response. Further, two of the Claimants were represented at the timing of filing their Claim by a law firm that filed responses for other Claims subject to the Objection, but not for the No Response Claims.[10] The claims do not include the type of specific allegations about notice

---

10    Claimants 90235 and 90228 were represented by the Herman Law Firm.

required in these circumstances. The Objection has established that the No Response Claims are insufficient as a matter of law.

### E. Discovery

To the extent that some Claimants have identified their abuser, those Claimants are entitled to the same targeted notice discovery that those claimants subject to the Eighth Omnibus Objection receive. The Court understands that discussions regarding the scope of that discovery remain ongoing. The parties should contact the Courtroom Deputy to schedule a conference if they are at an impasse and cannot reach agreement.

For those Claimants who allege abuse by a "John Doe," those Claimants are entitled to targeted discovery to determine the identity of the abuser. The Court noted at the Hearing its concern that the Debtor had not, as part of its selection process for the Objection, cross referenced whether there were known abusers at any of the parishes during the time that the Claimants allege abuse by John Doe abusers. The Court considers it important that as part of this targeted discovery, the Debtor produce to the Claimants, to the extent not publicly available, information regarding which priests served at the parish during the time of the alleged abuse. If the abuser is able to be identified, these Claimants are entitled to the same targeted notice discovery as those claimants subject to the Eighth Omnibus Objection. Again, to the extent the parties cannot agree on the scope of this discovery they should contact the Courtroom Deputy.

## IV.  CONCLUSION

Within seven (7) days from the date of this Order, counsel for the Debtor, the Committee, and the Claimants shall confer and submit any further order required to grant the relief requested in the Objection consistent with the terms of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

Dated:  July 19, 2023
        New York, New York

*Martin Glenn*
_____
MARTIN GLENN
Chief United States Bankruptcy Judge