UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>           Debtor. | <u>NOT FOR PUBLICATION</u><br>Chapter 11<br><br>Case No. 20-12345 (MG) |

## MEMORANDUM OPINION AND ORDER SUSTAINING THE DEBTOR'S FIFTEENTH OMNIBUS OBJECTION TO CLAIMS

*A P P E A R A N C E S:*

JONES DAY
*Counsel for the Debtor*
250 Vesey Street
New York, New York 10281
By:   Corinne Ball, Esq.
       Todd Geremia, Esq.
       Victoria Dorfman, Esq.
       Benjamin Rosenblum, Esq.
       Andrew Butler, Esq.

HERMAN LAW
*Counsel for Claim No. 90326*
225 W. 34th Street, 9th Floor
New York, NY 10122
By:   Stuart S. Mermelstein, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

### I.   BACKGROUND

New York's 2019 Child Victim Act, N.Y. C.P.L.R. § 214-g ("CVA"), revived the statute of limitations in New York for sexual abuse survivors' claims for people sexually abused as minors in New York. The legal issue raised in this Claim Objection is whether the CVA has

1

extraterritorial effect—in this case, whether it revives the statute of limitations, and permits a sexual abuse survivor who was abused at a parish in Tampa, Florida to assert a claim in this bankruptcy case against the Rockville Centre Diocese.  The survivor was abused by a priest in 1981–82 when he was a child at a parish and school in Tampa, Florida, to which the priest had been transferred in 1974 from a parish in the Rockville Centre Diocese.

In 1980, the then-Bishop of the Diocese received two letters from someone who had been abused as a child by the same priest, during the period from 1969 to 1974 when the priest was assigned to a parish in the Rockville Centre Diocese; the Bishop met with the priest in the Chancery of the Rockville Centre Diocese to discuss the allegations made in the letters.  The priest admitted to prior acts of sexual abuse of children in New York.  After the priest acknowledged to the Bishop that he had sexually abused children, the Bishop allegedly did nothing to assure that the priest did not abuse children at his parish in Tampa.

The claimant alleges that the Bishop's knowledge of abuse by the priest required him to take steps to prevent further abuse by the priest, and that the failure to do so gives rise to liability of the Diocese for the sexual abuse in 1981 and 1982 in Tampa.  The reprehensible practice of transferring priests who were credibly accused of abusing minors has been well documented.  If the abuse had occurred at a parish in the Rockville Centre Diocese rather than in Tampa, the CVA would clearly apply, and the claimant could assert a claim against the Diocese.  But, unlike New York and some other states, Florida has not revived the applicable statute of limitations for sexual abuse claims.  This means that a sexual abuse claim brought in Florida courts by this claimant is time-barred.

## II. DEBTOR'S CLAIM OBJECTION

The grounds for the objection are that two Claims are time-barred by the statute of limitations. Section 502(b)(1) of the Bankruptcy Code provides that a claim shall be disallowed if it is unenforceable under applicable law. 11 U.S.C. § 502(b)(1). Section 558 of the Bankruptcy Code provides that the "estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation . . . ." *Id.* § 558.

The Debtor's fifteenth omnibus claims objection (the "Objection," ECF Doc. # 2151) seeks to disallow and expunge two claims (the "Claims," ECF Doc. #2151, Schedule 1) on the grounds that the Claims are time-barred in accordance with sections 502(b)(1) and 558 of the Bankruptcy Code. The objection deadline was July 3, 2023. One party filed a response (the "Herman Response").[1] The Debtor filed a reply (the "Reply," ECF Doc. # 2275.) The Debtor filed a certificate of no objection (ECF Doc. # 2292) with respect to the one claim for which no response was filed.

## III. APPLICABLE LAW

The issue of the extraterritorial effect of the CVA has been addressed by both state and federal courts in New York. Two well-reasoned decisions by Judge Mary Kay Vyskocil of the District Court for the Southern District of New York, and one well-reasoned decision by Justice Linda Christopher of the Appellate Division, Second Department, make clear that the CVA does not apply extraterritorially to abuse that occurred outside of New York State. *See Sutton v. Marie*, No. 1:21-CV-06787 (MKV), 2022 WL 3904100, at *1 (S.D.N.Y. Aug. 30, 2022) (dismissing sexual abuse claims asserted by New York resident as time-barred where alleged abuse occurred in France because CVA does not apply extraterritorially); *Carreras v. Fontanez*,

---

[1] Herman Law filed a response (the "Herman Response," ECF Doc. # 2256) for claim number 90326.

3

No. 1:20-CV-5765 (MKV), 2022 WL 956029, at *1 (S.D.N.Y. Mar. 30, 2022) (dismissing claims for sexual abuse occurring in Puerto Rico as time-barred and holding CVA does not apply extraterritorially); *S.H. v. Diocese of Brooklyn*, 205 A.D.3d 180, 190–91 (2d Dept. 2022) (CVA does not apply extraterritorially to revive claim of survivor who was abused in a Florida parish by a priest who had been transferred from the Brooklyn Diocese to Florida after the Brooklyn Diocese became aware of the priest's sexual misconduct with children).

### III    CONCLUSION

The Court finds that these decisions persuasively and clearly apply to the facts alleged in these two Claims. Therefore, the Court concludes that the Debtor's Objection to Claims is **SUSTAINED,** and the claims are **EXPUNGED**.

Dated:    July 20, 2023
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge