**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING NOTICE OF THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE ATTACHED EXHIBIT TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York  10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 (MG) |
| | : | |
| Debtor. | : | |

**NOTICE OF DEBTOR'S SIXTEENTH OMNIBUS OBJECTION TO CLAIMS**

**PLEASE TAKE NOTICE** that on August 7, 2023, the Roman Catholic Diocese of Rockville Centre, New York as the above-captioned debtor and debtor in possession (the "Debtor") filed the *Debtor's Sixteenth Omnibus Objection to Claims* (the "Objection") with the

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

United States Bankruptcy Court for the Southern District of New York (the "Court").

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow the claims listed in the Objection on the ground that the claim does not properly allege that the Diocese controlled the alleged abuser or entity with which the abuser was affiliated. **Individual claimants will receive particularized notice of this Objection. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that if you do NOT oppose the disallowance, expungement, reduction, or reclassification of the claim(s) listed in the Objection, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed in the Objection, then you MUST file with the Court <u>and</u> serve on the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m., Prevailing Eastern Time on August 28, 2023.**

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number, and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon

which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf. If you filed a Sexual Abuse Proof of Claim, your response, and any attachments, may be filed with the Bankruptcy Court under seal. If you have questions regarding the confidentiality of your response to this Objection, you should consult with an attorney.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline on or before August 28, 2023 at 4:00 p.m. (Prevailing Eastern Time) by (a) the chambers of the Honorable Chief Judge Martin Glenn, United States Bankruptcy Court, One Bowling Green, New York, New York 10004; (b) the Debtor, c/o The Roman Catholic Diocese of Rockville Centre, New York, P.O. Box 9023, Rockville Centre, NY 11571-9023; (c) counsel to the Debtor, Jones Day, 250 Vesey Street, New York, NY 10281-1047, Attn: Corinne Ball, Esq., Todd Geremia, Esq., Benjamin Rosenblum, Esq., Andrew Butler, Esq.; and (d) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Greg M. Zipes, Esq. and Shara Cornell, Esq.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider such Objection and any responses related thereto (the "Hearing") will be held on **September 6, 2023 at 2:00 p.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004. Parties wishing to appear at the Hearing via Zoom for Government, whether

3

making a "live" or "listen only" appearance before the Court, must make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl on or before September 5, 2023, at 4:00 p.m. (prevailing Eastern Time).  After the deadline for parties to make electronic appearances has passed, parties who have made their electronic appearance through the Court's website will receive an invitation from the Court with a Zoom link that will allow them to attend the Hearing.  Requests to receive a Zoom link should not be emailed to the Court, and the Court will not respond to late requests that are submitted on the day of the hearing. Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that if you file a written response to the Objection, you should plan to appear at the hearing. The Debtor, however, reserves the right to continue the hearing on the Objection with respect to your claim(s). If the Debtor does continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtor does not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce, or reclassify your claim(s) on the grounds set forth above, then the Debtor has the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

**PLEASE TAKE FURTHER NOTICE** that if you wish to view the complete Objection, you can do so for free at https://dm.epiq11.com/drvc. Full copies of each pleading can be viewed or obtained by accessing the Court's website at www.nysb.uscourts.gov or by calling (888) 490-0633. Note that a PACER password is needed to access documents on the Court's website.

Dated: August 7, 2023
      New York, New York

Respectfully submitted,

*/s/ Corinne Ball*
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Email:  cball@jonesday.com
      trgeremia@jonesday.com
      brosenblum@jonesday.com
      abutler@jonesday.com

*Counsel for the Debtor*
*and Debtor in Possession*

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York  10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (MG) |
| ROCKVILLE CENTRE, NEW YORK,[2] | : |  |
|  | : |  |
| Debtor. | : |  |

**DEBTOR'S SIXTEENTH OMNIBUS OBJECTION TO CLAIMS PREVIOUSLY**
**DISALLOWED, WITH LEAVE TO AMEND, PURSUANT TO THE ORDER ON**
**DEBTOR'S SIXTH OMNIBUS OBJECTION TO CLAIMS**

The Roman Catholic Diocese of Rockville Centre, New York (the "Debtor" or

"Diocese"), the debtor in possession of the above-captioned chapter 11 case, hereby files this

sixteenth omnibus claims objection (this "Sixteenth Omnibus Objection"), addressing claims that

do not properly allege that the Diocese controlled the alleged abuser or entity with which the

abuser was affiliated, and respectfully states as follows:

---

[2] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

**Background**

1.      On October 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate and pursue its religious, non-profit mission and ministry, and to manage its properties and affairs as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

2.      The Debtor is the seat of the Roman Catholic Church on Nassau and Suffolk Counties, on Long Island, New York.  The State of New York established the Debtor as a religious corporation in 1958.  *See* 1958 N.Y. SESS. LAWS Ch. 70 (1958), § 1.  The Debtor is one of eight Catholic dioceses in the State of New York and is the eighth-largest diocese in the United States when measured by number of baptized Catholics.  The Debtor's total Catholic population is approximately 1.4 million, which constitutes roughly half of Long Island's total population of 3.0 million.  Pursuit of the Debtor's mission depends upon the continuing financial support provided by the faithful in anticipation of, and in mutual support of, the Debtor's religious and charitable mission.

3.      To carry out its Catholic mission, the Debtor works closely with 135 parishes in the Diocese.  Parishes play a central role in the lives of Catholics by administering key aspects of the Catholic faith, including: baptism, education, communion, Mass, confirmation, marriage, and bereavement, including last rites, funeral services, and grief support.  None of the parishes are debtors herein.  The Debtor also supports separate charitable organizations to further its pursuit of the Catholic mission to serve the poor, the hungry, those in need, and those that cannot help themselves.  None of those entities are debtors herein.  The Debtor is also continuing its outreach to comfort, educate, and enlighten the faithful.

4.      Following the enactment in 2019 of the Child Victims Act (the "CVA"), which

2

20-12345-mg    Doc 2372    Filed 08/07/23    Entered 08/07/23 19:51:04    Main Document
Pg 8 of 26

revived what had been time-barred claims, approximately 200 lawsuits were brought by abuse claimants against the Debtor (the "State Court Actions"). In its effort to fairly and equitably address these and other claims asserted in this case, the Debtor has undertaken a substantial effort to identify and marshal over 60 years of insurance policies, including both primary and excess coverage, with the goal of securing a valuable resource of the Debtor, its parishes, and its affiliates, so that it can be used to compensate individuals who assert abuse claims in this case against the Debtor. The Debtor has made such insurance policies and related information, together with historical financial information for itself and its charitable, educational, and service affiliates, available to counsel for the abuse claimants and to the Debtor's insurers.

5. Additional information regarding the Debtor, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Diocese of Rockville Centre, New York, in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"), filed on the Petition Date.

## Jurisdiction and Venue

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Claims Process

7. On October 9, 2020, the Debtor filed its schedules of assets and liabilities and statements of financial affairs [Docket Nos. 57-58], which were thereafter amended from time to time.

8. On January 27, 2021, the Court entered the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 333]

3

(the "Bar Date Order").  Under the Bar Date Order, the Court set (a) March 30, 2021 at 5:00 p.m.

(prevailing Eastern Time) as the deadline for each person or entity to file a proof of claim in the

Debtor's chapter 11 case (the "General Bar Date"), and (b) August 14, 2021 at 5:00 p.m.

(prevailing Eastern Time) as the deadline for each individual holding a Sexual Abuse Claim[3] to

file a proof of such claim (the "Sexual Abuse Bar Date").  By subsequent order, the Court

established October 10, 2022 as a supplemental bar date for certain holders of Sexual Abuse

Claims that had such claims revived pursuant to the Adult Survivors Act (the "Adult Survivors

Sexual Abuse Bar Date").

9.       The claims register, prepared and maintained by Epiq Corporate Restructuring,

LLC, shows that approximately 747 sexual abuse proofs of claim (collectively, the "Proofs of

Claim") have been filed in this chapter 11 case.  The Debtor is continuing to actively review and

reconcile the Proofs of Claim.

10.      On January 10, 2023, the Court entered the *Order Approving Claim Objection

Procedures and Granting Related Relief* [Docket No. 1554] (the "Claim Objection Procedures

Order").  The Claim Objection Procedures Order allows the Debtor to assert omnibus claim

objections on the grounds set forth in Bankruptcy Rule 3007(d), which include that the claims

are duplicates or have been amended, and also on the grounds that the Debtor is not liable to the

claimant for the amount or claim stated.

11.      In accordance with the Claim Objection Procedures Order, the Debtor sent a

series of letters to claimants' counsel and, if they did not have counsel, to claimants, to notify

them of the Debtor's forthcoming objections to certain claims and a short description of the

grounds for the Debtor's objection.  Debtor invited claimants' counsel or claimants to discuss the

---

[3] A "Sexual Abuse Claim" has the same meaning as the term is defined in the Bar Date Order.

Debtor's forthcoming objections.

12.     The Debtor is in this sixteenth set of omnibus claims objections focusing on

certain proofs of claim that were previously disallowed, with leave to amend, pursuant to this

Court's *Order on Debtor's Sixth Omnibus Objection to Claims* [Docket No. 2142] and

*Memorandum Opinion and Order Sustaining the Debtor's Sixth Omnibus Objection to Claims*

[Docket No. 2132], *In re Roman Cath. Diocese of Rockville Ctr.*, 651 B.R. 399 (Bankr. S.D.N.Y.

2023) (the "Sixth Omnibus Opinion").    After this Court's decision on the Sixth Omnibus

Objection, each claimant that is subject to this Sixteenth Omnibus Objection re-filed such Proofs

of Claim with amendments.  However, the amended proofs of claim that are addressed by this

Objection failed to add additional allegations that would state a claim against the Debtor.

**Relief Requested**

13.     By this Sixteenth Omnibus Objection, the Debtor seeks entry of an order granting

the relief requested herein, disallowing each proof of claim identified on **Schedule 1** to the

Proposed Order.  A proposed form of order granting the relief requested herein is attached hereto

as **Exhibit A** (the "Proposed Order").

**Basis for Relief Requested**

14.     Section 101 of the Bankruptcy Code provides that a creditor holds a claim against

a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted

liabilities and (b) is otherwise allowable.  11 U.S.C. §§ 101(5)(A) & 101(10).  A claim that is

determined by the Court on an objection to be unenforceable against the debtor under applicable

law should be disallowed.  *See* 11 U.S.C. § 502(b)(1).

15.     The claims subject to this Sixteenth Omnibus Objection allege abuse that

occurred at, and by individuals associated with and controlled by, entities that are separate from

the Diocese and not supervised, controlled, managed, or directed by the Diocese.  Each of the

5

claims subject to this Sixteenth Omnibus Objection involves a claim that was previously

disallowed pursuant to this Court's decision and order on the Debtor's Sixth Omnibus Objection

to claims.

16.     After this Court's determination on the Sixth Omnibus Objection, certain

claimants re-filed such Proofs of Claim against the Debtor with amendments to such Proofs of

Claim.  However, the amendments to the Proofs of Claim that are the subject of this Objection

failed to add sufficient allegations to state a claim against the Debtor.   Accordingly, for the

reasons stated in the Debtor's Sixth Omnibus Objection and in this Court's decision on the Sixth

Omnibus Objection, each of the claims herein should be disallowed with prejudice.

17.     In the Court's opinion and order on the Sixth Omnibus Objection, it determined

that each Proof of Claim, including those Proofs of Claim that attached a state law complaint,

failed to state a claim against the Debtor.  651 B.R. at 415, 419, 431, 434.  In addition, in its

opinion the Court expressly considered the additional allegations made by claimants in their filed

responses to the Debtor's Sixth Omnibus Objection.  *Id.* at 413, 432.  This allowed claimants "an

additional opportunity to make allegations and arguments in support of their alleged bases for

liability." *Id.*  at 413.  "Notwithstanding that accommodation," the Court found these additional

allegations insufficient to state a claim against the Debtor.  *Id.* at 432-33; *see also id.* at 420, 435-

36.  While the allegations contained in the Proofs of Claim, the state law complaints (where

applicable) and the responses filed in connection with the Sixth Omnibus Objection, in each case

and collectively, failed to state a claim against the Debtor, the Court nonetheless granted

claimants leave to amend their claims to give claimants yet another opportunity to allege a claim

against the Debtor.  *Id.* at 436.

18.     Claimants generally took advantage of the opportunity granted by the Court to

6

amend the Proofs of Claim.  However, claimants generally did not include any additional

allegations to properly state a claim against the Diocese.  Instead, in the amended Proofs of

Claim addressed by this Objection claimants typically repeated—in many cases verbatim—

allegations contained in the responses filed in connection with the Sixth Omnibus Objection that

the Court previously considered and determined were insufficient to state a claim against the

Debtor.  Accordingly, the Debtor respectfully submits that the Court has already considered and

rejected the claims at issue in this Sixteenth Omnibus Objection.

### *Little Flower*

19.    Proofs of Claim 90581, 90582, 90583, 90584, 90585, 90586, 90587, and 90588

allege abuse concerning Little Flower Children and Family Services, which is run by a distinct

legal entity Little Flower Children and Family Services of New York.  In each of these amended

Proofs of Claim claimants added a four or five sentence addendum, which asserts that the

Diocese is responsible for abuse occurring at Little Flower.  According to this very short

addendum, "[t]he basis for this assertion is that Little Flower's facility was operated within the

geographical confines of the Diocese of Rockville Centre."  The Court has already considered

these claimants' allegation that the abuse occurred within the geography of Long Island and

found it insufficient to state a claim against the Debtor.  *See Sixth Omnibus Opinion*, 651 B.R. at

426-27.

20.    Proofs of Claim 90592, 90593 and 90594, likewise, allege abuse concerning Little

Flower.  In each of these amendments Proofs of Claim, an 8-paragraph narrative is contained in

the amended Proofs of Claim.  However, every sentence in this "new" narrative, while re-

ordered and contained in the Proof of Claim form itself, is entirely duplicative of allegations

made by these claimants in responses to the Sixth Omnibus Objection.  *See* Docket Nos. 1795,

7

1800, 1801.  The Court, as a result, has already considered these allegations and determined them wanting.  *See Sixth Omnibus Opinion*, 651 B.R. at 422-26.

21.     As the Debtor argued in its Sixth Omnibus Objection, Little Flower is affiliated with a separately incorporated institution with its headquarters in Brooklyn, New York.  It is not affiliated with the Debtor, but is a ministry of the Diocese of Brooklyn.  The alleged abusers are also either lay persons, members of religious orders, or diocesan priests associated with the Diocese of Brooklyn, not the Debtor.  The Debtor should not be held responsible for abuse that occurred at, or under the alleged control of, a separately incorporated entity with which the Debtor has no affiliation, over which it has no supervisory authority, and where the Debtor had no control over the alleged abusers.  *See* Docket No. 1677, ¶¶ 24-25.

### *Cormaria Retreat Center*

22.     Proof of Claim 90589 alleges abuse concerning Cormaria Retreat Center, affiliated with the religious order Religious of the Sacred Heart of Mary.  There, the claimant did not alter the allegations in the original Proof of Claim, but added two exhibits—Catholic Directory excerpts and a report by Thomas P. Doyle.  Claimant attached these same documents to the response to the Debtor's Sixth Omnibus Objection to claims.  Docket No. 1807.  These documents were already considered by the Court on the Sixth Omnibus Objection to claims and found wanting.  *See Sixth Omnibus Opinion*, 651 B.R. at 422-26.

### *St. Ignatius Retreat House*

23.     Proof of Claim 90601 alleges abuse concerning St. Ignatius Retreat House, which is affiliated with the religious order the Society of Jesus or Jesuits.   The Proof of Claim includes a "new" attorney addendum discussing canon law.  This addendum contains no new factual allegations.  Instead, the addendum cites to the report by Thomas P. Doyle attached to claimant's response to the Debtor's Sixth Omnibus Objection and provisions of Canon Law, also cited to in

20-12345-mg    Doc 2372    Filed 08/07/23    Entered 08/07/23 19:51:04    Main Document
Pg 14 of 26

claimant's response to the Sixth Omnibus Objection.  *See* Docket No. 1812-1, Ex. A.

***Chaminade High School***

24.      Two proofs of claim (90599 and 90600) allege abuse in connection with
Chaminade High School, affiliated with the religious order known as the Society or Mary or the
Marianists.

25.      Proofs of Claim 90599 and 90600 assert alleged abuse by the same lay person at
Chaminade High School.  The amended proof of claim alleges that Chaminade is "a High School
within the Diocese of Rockville Centre" and contains a conclusory allegation that Chaminade
"operated under the exclusive control of the Diocese."  As the "example[s]" of the Diocese's
putative "control" over Chaminade and alleged "supervision" of Chaminade's staff, these
amended proofs of claim offer the same sort of allegations that the Court has already ruled is
insufficient to support an assertion that the Diocese controlled Chaminade or other institutions
run by religious orders:  that "the Bishop would attend events such as masses, graduations, etc.
and supervise [Chaminade teachers and students]," that "[t]here were also [diocesan] priests at
the school for confessions, masses and other events," and that the "the Diocese and Chaminade
have posted that the Bishop attends sporting events, plays and other events at Chaminade and
Chaminade hosts events for the benefit of the Diocese."  *See Sixth Omnibus Opinion*, 651 B.R. at
428-30.  These amended proofs of claim also assert that the Diocese had "complete control over"
the alleged abuser because, "upon information and belief," Chaminade's lay employees could
participate in a pension plan sponsored by the Diocese.  But there are no concrete allegations that
the alleged abuser was an employee or agent of the Diocese.  Only wholly conclusory and
insufficient allegations, "upon information and belief," that the alleged abuser "was on the
Diocese's payroll."

26.     In addition, Proof of Claim 40008 also alleges abuse by this same lay person at Chaminade High School.  This Proof of Claim, which was filed as an Adult Survivors Act claim despite not alleging abuse of an adult, is the same claim as Proof of Claim 20048, which was previously disallowed, without leave to amend, pursuant to this Court's Sixth Omnibus Opinion. *See Sixth Omnibus Opinion*, 651 B.R. at 436.  As this claim was previously adjudicated by this Court pursuant to this Sixth Omnibus Opinion, it is barred by principles of res judicata and collateral estoppel.  *See Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (recognizing res judicata bars claims where there was a final adjudication on the merits, the previous action involved the same parties, and the claims asserted in the subsequent action could have been raised in the prior action); *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (holding that collateral estoppel bars re-litigation of an issue necessarily decided in a prior action and decisive of the present action where the party bringing the subsequent action had a full and fair opportunity to litigate the issue in the prior action).

### *Coindre Hall High School*

27.     Two proofs of claim (90579 and 90604) allege abuse in connection with Coindre Hall High School, affiliated with the religious order Brothers of the Sacred Heart.  Proof of Claim 90579 alleges that the Diocese purportedly "supervised, controlled and directed" the Brothers of the Sacred Heart because this religious order is (i) listed in the 1958 Official Catholic Directory, and (ii) a Catholic religious order that has "operated within the territorial confines of the Diocese of Rockville Centre since at least 1939."  The Court has already ruled that such allegations are insufficient to state a claim against the Diocese.  *See Sixth Omnibus Opinion*, 651 B.R. at 426-30.

28.     Proof of Claim 90604 alleges that the Brother of the Sacred Heart "have been

active on Long Island since before the Diocese of Rockville Centre ('Diocese') was established."
It proceeds to assert, without any alleged factual support, that the Brothers operated in Long
Island "with the express permission of the Diocese since the Diocese was formed."  The
amended claim later asserts in conclusory fashion that "[t]he Diocese undertook custody of [the
claimant] at Coindre Hall and owed him a duty to protect him as a reasonable parent would."
There are no facts pleaded to support these legal conclusions.

29.    Proof of Claim 90604 proceeds to assert that the Diocese grants "permission" to
"[e]very employee of the Brothers."  But the amended claim thereafter makes clear that the
putative "support" for this allegation is that the Diocese confers "faculties" to members of
religious orders within the Diocese.  This does not mean that the Diocese employs members of
the religious order or that they work as agents of the Diocese.  Nor does the amended proof of
claim make that assertion.

30.    "Faculties," as a matter of Roman Catholic Church doctrine, are the capability to
say Mass, hear confessions, and administer religious sacraments within the Roman Catholic
Church.  *See Iwuchukwu v. Archdiocese for Military Services*, No. 21-1980, 2022 WL 424984, at
*4 (D.D.C. 2022) ("Faculties are the 'means by which the … archbishop, confers permission to a
visiting priest … to hear confessions, say Mass, preach, and administer the sacraments of the
Roman Catholic Church.'") (quoting *Bouchard v. Archdiocese of N.Y.*, No. 04-cv-9978, 2007
WL 2728666, at *4 n.2 (S.D.N.Y. 2007)).  "[T]he conferral of faculties and an endorsement on a
priest is a purely religious decision that cannot be reviewed by the courts." *Id.* (citing *Serbian E.
Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 710 (1976)).  In any event, that a member of
religious order has faculties within the Diocese does not mean that the Diocese thereby employed
the member of the religious order or that he or she thereby operated as the Diocese's agent—only

11

that the person has permission to perform religious rituals within the Roman Catholic Church.
The amended claim asserts that the Diocese could revoke the faculties conferred as a matter of
Roman Catholic doctrine.  However, that the Diocese is alleged to have conferred religious
faculties—or can revoke religious faculties—for members of religious orders who worked at
Coindre Hall does not mean that the Diocese had the authority to hire or fire personnel at the
separately incorporated Coindre Hall as a matter of New York civil law, any more than the New
York State Bar Association hires and fires lawyers by admitting and disciplining members of the
bar.

### *LaSalle Military Academy*

31.     Eight proofs of claim (90578, 90590, 90591, 90596, 90598, 90605, 90606, and
90611) allege abuse in connection with La Salle Military Academy, affiliated with the religious
order the Christian Brothers.

32.     Proof of claim 90578 asserts that La Salle Military Academy should be deemed
"part of the Diocese of Rockville Centre" because a different school run by the same religious
order, the Christian Brothers, is listed on a brochure on the Diocese's website and "[n]owhere in
the description of the school is there any indication that the school is not part of the Diocese of
Rockville Centre."  For reasons already stated by the Court in ruling on the Sixth Omnibus
Objection, these allegations are not sufficient to state a claim against the Diocese.  *See Sixth
Omnibus Opinion*, 651 B.R. at 428-30.

33.     Proof of Claims 90590 and 90591 re-submit the same material that this claimant
already relied upon in connection with the Sixth Omnibus Objection to Claims, and simply
asserts on the basis of this same information in the amended proof of claim that La Salle Military
Academy was "located within the territorial boundary, authority, oversight, and control of the

Diocese of Rockville Centre." The Court has already rejected these assertions as insufficient to state a claim against the Diocese. *See Sixth Omnibus Opinion*, 651 B.R. at 422-28.

34.    As with Proofs of Claim 90592, 90593 and 90594, addressed above, Proof of Claim 90596 similarly re-asserts an 8-paragraph narrative that, while re-ordered and contained in the Proof of Claim form itself, is entirely duplicative of allegations made by these claimants in responses to the Sixth Omnibus Objection. *See* Docket No. 1802. The Court, as a result, has already considered these allegations and determined that they are insufficient to properly state a claim against the Diocese. *See Sixth Omnibus Opinion*, 651 B.R. at 422-26.

35.    Proof of Claim 90598 reiterates material already submitted by this claimant's counsel in connection with their response to the Sixth Omnibus Objection to Claims. *See, e.g.*, Docket No. 1808-1, 1808-2, 1808-3. That the amended proof of claim incorporates some of this same material into the proof of claim itself is no reason for the Court to reconsider its prior ruling that this claimant previously failed to state a claim against the Diocese.

36.    Proofs of Claim 90605 and 90606 assert the same theory asserted in connection with Proofs of Claim 90604, addressed above, that the Diocese's granting of "faculties" to members of religious orders to engage in religious rituals in accordance with Roman Catholic Church doctrine means that the Diocese purportedly "has almost total control over the Christian Brothers." There is no legal or factual support for these allegations, and no basis in New York law to support a determination that the alleged granting of "faculties" to a person makes him an employee or agent of the Diocese.

37.    Finally, Proof of Claim 90611 asserts that the Diocese "appointed and employed faculty" at LaSalle Military Academy and "shaped the curriculum." But, while the amended Proof of Claim alleges that another specifically named diocesan priest was assigned to La Salle

Military Academy by the Diocese, it does not assert that the alleged abuser was a diocesan priest or set forth any support for the conclusory assertion that the alleged abuser was assigned to La Salle Military Academy by the Diocese.  In addition, the amended Proof of Claim asserts that the Diocese exercised influence through Canon Law, "handle[d] all of the tax filings" for LaSalle Military Academy, participated in marketing and promotional events, and was involved in budgeting decisions to conclude that the Diocese "had control, supervision, or authority" over LaSalle Military Academy.  The Court has already determined that such allegations are insufficient to state a claim against the Diocese. *See Sixth Omnibus Opinion*, 651 B.R. at 427-30.

### St. Mary of the Angels Home

38.     Seven proofs of claim (90577, 90580, 90595, 90597, 90608, 90609, 90610) allege abuse in connection with St. Mary of the Angels Home, affiliated with the religious institute Covenant of the Sisters of Mercy.

39.     Proofs of Claim 90577 and 90580 assert that the Diocese "controlled, supervised, directed and/or staffed" St. Mary of the Angels Home on the sole basis that a former Executive Director of the Home testified that, for a time, the Home had a "general liability policy [that] 'was with the Diocese of Rockville Centre.'"  These claimants made the same assertion in responding to the Sixth Omnibus Objection, and the Court did not deem it sufficient to state a claim against the Diocese. *See Sixth Omnibus Opinion*, 651 B.R. at 435-36.

40.     Proof of Claim 90595 and 90597 re-assert the same narrative that, while re-ordered and contained in the Proof of Claim form itself, is entirely duplicative of allegations made by these claimants in responses to the Sixth Omnibus Objection.  Docket Nos. 1798, 1805. The Court, as a result, has already considered these allegations and determined that they are

insufficient to properly state a claim against the Diocese.  *See Sixth Omnibus Opinion*, 651 B.R. at 422-26.

41.     Proof of Claim 90608 and 90609 assert the same theory asserted in connection with other Proofs of Claim, addressed above, that the Diocese's granting of "faculties" to members of religious orders to engage in religious rituals in accordance with Roman Catholic Church doctrine means that the Diocese purportedly "has almost total control over the Christian Brothers."  There is no legal or factual support for these allegations, and no basis in New York law to support a determination that the alleged granting of "faculties" to a person makes him an employee or agent of the Diocese.

42.     Finally, Proof of Claim 90610, similar to the Proofs of Claim for 90599 and 90600, asserts in conclusory fashion that St. Mary's "operated under the exclusive control of the Diocese" and that this "included the Diocese's hiring, retention, and supervision of employees, including my abuser."  But the asserted factual support in connection with this allegation is the same sort of information that the Court has already determined is insufficient to state a claim against the Diocese:  "there was a chapel at St. Mary's which, to my understanding, was presided over by a Diocesan priest."  This amended proof of claim similarly asserts, "upon information and belief, the Diocese granted St. Mary's the permission to operate as a religious institution within the Diocese's bounds and jurisdiction."  But there are no facts, other than this vague reference to St. Mary's being on Long Island and insufficient conclusory assertions, alleged to support an assertion that the Diocese actually controlled St. Mary's or the alleged abuser.

## **Reservation of Rights**

43.     In accordance with the Claim Objection Procedures Order, the Debtor reserves the right to file subsequent objections to any claims subject hereto on any ground.  The Debtor also reserves its rights to (i) amend, modify, or supplement this Objection including, without

15

limitation, the filing of objections to further amended or newly filed claims; (ii) seek to expunge

or reduce any claim to the extent all or a portion of such claim has been paid; (iii) object on any

basis to any claim, in whole or in part; and (iv) settle for any claim for less than the asserted

amount, are fully reserved.  Separate notice and a hearing will be provided in connection with

any additional objections.

### Notice

44.    Notice has been provided of this Objection in accordance with the Claim

Objection Procedures Order.

### No Prior Request

45.    No prior request for the relief sought herein has been made to this Court or any

other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order

substantially in the form attached hereto as **Exhibit A**, granting:  (a) the relief requested herein;

and (b) such other and further relief to the Debtor as the Court may deem proper.

Dated: August 7, 2023
      New York, New York

Respectfully submitted,

*/s/ Corinne Ball*
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Email: cball@jonesday.com
       trgeremia@jonesday.com
       vdorfman@jonesday.com
       brosenblum@jonesday.com
       abutler@jonesday.com

*Counsel for the Debtor*
*and Debtor-in-Possession*

# **EXHIBIT A**

(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (MG) |
| ROCKVILLE CENTRE, NEW YORK,[1] | : | |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER GRANTING DEBTOR'S SIXTEENTH OMNIBUS OBJECTION TO CLAIMS
PREVIOUSLY DISALLOWED, WITH LEAVE TO AMEND, PURSUANT TO THE
ORDER ON DEBTOR'S SIXTH OMNIBUS OBJECTION TO CLAIMS**

Upon the *Debtor's Sixteenth Omnibus Objection To Claims Previously Disallowed, With Leave To Amend, Pursuant To The Order On Debtor's Sixth Omnibus Objection To Claims* (the "Objection"),[2] pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3007; the Court having reviewed the Objection and having considered the statements of counsel and the evidence adduced with respect to the Objection at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Objection and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Objection.

1.      The Objection is granted to the extent set forth herein.

2.      Each Amended Proof of Claim identified in **Schedule 1** hereto is disallowed and expunged in its entirety.

3.      The Objection and the schedules hereto constitutes a separate contested matter with respect to each such claim, as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each Claim identified in Schedule 1.

4.      The rights of the Debtor to assert further objections to any Proof of Claim that is the subject of the Objections but that has not been disallowed or expunged, in whole or part, are fully preserved.

5.      The Debtor, Epiq Corporate Restructuring, LLC, and the Clerk of this Bankruptcy Court are authorized to take all reasonable actions necessary or appropriate to give effect to this Order.

6.      Notice of the Objection as provided therein is deemed good and sufficient notice of such Objection, and the requirements of the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York are satisfied by such notice.

7.      This Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
        New York, New York                          _____
                                                    UNITED STATES BANKRUPTCY COURT

2

**Schedule 1**

| Proof of Claim | Amended Proof of Claim | Entity |
|---|---|---|
| 90430 | re-filed 90600 | Chaminade High School |
| 90447 | re-filed 90599 | Chaminade High School |
| 20048 | | Chaminade High School |
| 90036 | re-filed 90579 | Coindre Hall School |
| 90301 | re-filed 90604 | Coindre Hall School |
| 90283 | re-filed 90589 | Cormaria Retreat Center |
| 90456 | re-filed 90587 | Foster home placed by Little Flower |
| 90023 | re-filed 90578 | La Salle Military Academy |
| 90247 | re-filed 90590 | La Salle Military Academy |
| 90379 | re-filed 90596 | La Salle Military Academy |
| 90255 | re-filed 90591 | La Salle Military Academy |
| 90483 | re-filed 90611 | LaSalle Military Academy |
| 90429 | re-filed 90598 | LaSalle Military Academy |
| 90321 | re-filed 90605 | LaSalle Military Academy |
| 90363 | re-filed 90606 | LaSalle Military Academy |
| 90261 | re-filed 90594 | Little Flower |
| 90413 | re-filed 90592 | Little Flower |
| 90455 | re-filed 90586 | Little Flower |
| 90454 | re-filed 90585 | Little Flower |
| 90450 | re-filed 90581 | Little Flower |
| 90451 | re-filed 90582 | Little Flower |
| 90452 | re-filed 90583 | Little Flower |
| 90453 | re-filed 90584 | Little Flower |
| 90494 | re-filed 90593 | Little Flower |
| 90522 | re-filed 90588 | Little Flower |
| 90130 | re-filed 90601 | St. Ignatius Retreat House |
| 90083 | re-filed 90580 | St. Mary of the Angels Home |
| 90021 | re-filed 90577 | St. Mary of the Angels Home |
| 90358 | re-filed 90595 | St. Mary of the Angel's Home |
| 90424 | re-filed 90610 | St. Mary of the Angel's Home |
| 90380 | re-filed 90597 | St. Mary of the Angels Home |
| 90214 | re-filed 90608 | St. Mary of the Angels Home |
| 90215 | re-filed 90609 | St. Mary of the Angels Home |