PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (admitted *pro hac vice*)
Iain A. W. Nasatir, Esq.
Karen B. Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:        jstang@pszjlaw.com
              inasatir@pszjlaw.com
              kdine@pszjlaw.com
              bmichael@pszjlaw.com

and

BURNS BAIR LLP
Timothy W. Burns, Esq. (admitted *pro hac vice*)
Jesse J. Bair, Esq. (admitted *pro hac vice*)
10 E. Doty St., Suite 600
Madison, WI 53703-3392
Telephone: (608) 286-2808
Email:  tburns@burnsbair.com
Email:  jbair@burnsbair.com
*Counsel and Special Insurance Counsel for the Official Committee*
*of Unsecured Creditors of The Roman Catholic Diocese*
*of Rockville Centre, New York*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1]<br><br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 20-12345 (MG) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATION OF WITNESSES AND <u>THE PRODUCTION OF DOCUMENTS</u>**

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

The Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Diocese of Rockville Centre, New York (the "Diocese" or the "Debtor") in the above-captioned case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), by and through its undersigned counsel, hereby replies (the "Reply") in support of its Motion for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion") authorizing the issuance of a document and examination subpoena to Arrowood Indemnity Company ("Arrowood"). In support of this Reply, the Committee respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. Through its Motion, the Committee seeks to investigate the ability of Arrowood to satisfy its obligations to the Diocese under the Arrowood Policies. Bankruptcy Rule 2004 was created for this very purpose, *i.e.*, to evaluate the assets of the Diocese (including its insurance policies) in connection with the Debtor's reorganization efforts.

2. In response, Arrowood objected to each and every one of the Committee's requests.[2] In an effort to resolve the parties' dispute and to avoid the cost and expense of full motion practice, the Committee contacted Arrowood on August 24 to inquire if Arrowood would be willing to agree to any compromise (for instance, agreeing to produce certain documents that Arrowood finds acceptable in exchange for the Committee withdrawing certain other requests).[3]

---

[2] The Debtor, for its part, did not object to the Committee's Motion, but did request that the Debtor receive any of the discovery that Arrowood produces. The Committee agreed to this request and incorporated that suggestion into its revised proposed Order granting the Motion.

[3] *See Declaration of Jesse J. Bair in Support of the Official Committee of Unsecured Creditors' Reply in Support of Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of Witnesses and the Production of Documents*, ¶ 5, Ex. 1 ("Bair Decl.).

Arrowood responded that there is nothing to discuss because the Committee is not entitled to any of the information it requested.[4]

3. In support of its blanket objection to each of the Committee's requests, Arrowood primarily points to the existence of the insurance adversary proceeding. Importantly, however, there are several reasons why the "pending proceeding rule" does not apply here.

4. First, as Arrowood concedes, the Committee has <u>no present right to take discovery</u> in the Arrowood District Court Action.[5] Arrowood should not be allowed to point to the existence of a collateral proceeding that affords the Committee no right to take discovery as a basis for immunizing Arrowood from disclosure under Rule 2004. Indeed, on June 13, 2023, the Committee met and conferred with the Diocese and Arrowood to see if those parties would agree to expand the Committee's discovery rights in the adversary proceeding to, at a minimum, allow the Committee to attend case depositions.[6] Both parties refused.[7]

5. Given its opposition to this limited expansion of Committee intervention rights in the adversary proceeding, Arrowood would undoubtedly oppose any effort by the Committee to expand its rights to serve *affirmative* discovery. In light of the Committee's inability to take discovery in the insurance action, Arrowood's reliance on the pending proceeding rule is inequitable and the cases it relies on are distinguishable.

6. Second, even if the Committee could take discovery in the insurance adversary proceeding (which it presently cannot) many of the Committee's requests differ from the narrow scope of issues that will be litigated in the insurance adversary proceeding and instead are directed at issues material to the bankruptcy case. The Committee seeks, in large part,

---

[4] *Id.*
[5] *See* Stipulation Reinstating the Committee as a Party, Case No.20-cv-11011, Dkt. No.63 (June 21, 2021).
[6] *See* Bair Decl., ¶ 4.
[7] *Id.*

3

information related to Arrowood's financial ability to pay claims—not whether there is coverage for those claims under the Policies. Arrowood's financial wherewithal is an issue that is plainly relevant in the bankruptcy case but is not in dispute in the adversary proceeding.

7. Third, even if there is some overlap between the Committee's requests and the issues that may be litigated in the insurance adversary proceeding, the Committee is still entitled to those materials because they are relevant to the bankruptcy case and the Committee has no other way to obtain those materials at present.

8. Finally, Arrowood's refusal to comply with the Committee's requests may frustrate the parties' efforts to formulate a consensual Plan. Although, of course, the key to any consensual Plan remains the adequacy of the Diocese and Parish financial contributions, if that issue is resolved by October 31, the Committee needs to be able to fully understand Arrowood's ability to pay, especially if the Diocese's rights under the Arrowood Policies are to be assigned to a settlement trust following Plan confirmation or if the Diocese attempts to monetize the asset.

## ARGUMENT

**I. The Committee Seeks Information That is Subject to Disclosure Under Rule 2004**

**A.** *The Committee's Rule 2004 Requests Satisfy the Good Cause Standard*

9. As the Committee described in its Motion, Arrowood has substantial potential exposure for the Sexual Abuse Claims. Approximately 358 of those claims allege abuse, at least in part, during the Arrowood coverage period. Arrowood's financial ability to satisfy its policy obligations to the Diocese is thus an important piece of the Committee's evaluation of the Debtor's financial condition.

4

10. The Arrowood Policies and the proceeds of those policies are assets of the Diocese.[8] The Committee's requests seek information, among other things, regarding the value of those assets (*e.g.*, does Arrowood have the ability to pay claims under its policies).

11. Information regarding the value of assets available to satisfy a debtor's liabilities is key to developing a plan of reorganization and is subject to disclosure under Rule 2004. *See, e.g.*, *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (explaining that "[t]he purpose of a Rule 2004 examination is to 'discover the nature and extent of the bankruptcy estate' in order to distribute [a] debtor's assets for the benefit of its creditors.") (internal citations omitted); *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (Rule 2004's purpose is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors"). Accordingly, the Committee has established good cause for the Court to grant permission to pursue Rule 2004 discovery against Arrowood.

## II. The "Pending Proceeding" Rule Does Not Apply

12. "The mere fact that there is pending litigation against a person sought to be examined under Rule 2004 and possible use of such testimony in collateral litigation is not a sufficient reason for denying the examination." *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 516 (Bankr. E.D.N.Y. 1991). There are several reasons why the "pending proceeding rule" does not apply here.

---

[8] *See, e.g., Memorandum Opinion and Order Denying the Debtor's Motion for a Preliminary Injunction* [Adv. Pro. 20-01226 Docket No. 202] at 30; *MacArthur Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.),* 837 F.2d 89, 92 (2d Cir. 1998); *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1001 (4th Cir. 1986); *In re Circle K Corp.,* 121 B.R. 257, 261 (Bankr. D. Ariz. 1990); *Minoco Grp. of Cos., Ltd. v. First State Underwriters Agency of New Eng. Reins. Corp. (In re Minoco Grp. of Cos., Ltd.),* 799 F. 2d 517, 519 (9th Cir. 1986).

### A. The Committee cannot presently seek discovery in the insurance adversary proceeding

13. As described in Arrowood's Objection, the Committee has no present right to seek (or even receive copies of) discovery in the insurance adversary proceeding. *See* Objection at 8-9. Given that the Committee has no current ability to seek discovery in the adversary case, the purpose of the pending proceeding rule (e.g., prohibiting parties from evading the more limited scope of discovery under the Federal Rules of Civil Procedure) would not be served here.

14. Indeed, the United States Bankruptcy Court for the District of Arizona reached the same conclusion in a similarly unique fact pattern where no discovery was available in the other pending proceedings. *See In re Int'l Fibercom, Inc.*, 283 B.R. 290, 293 (Bankr. D. Ariz. 2002). There, the Court distinguished the authorities relied on by the objecting party due to the absence of available discovery in that case and explained that the purpose of the pending litigation rule would not be served by barring Rule 2004 discovery under those particular facts:

> Here, discovery is not presently available in any of the other pending litigation, due to the automatic stay arising from PF.Net's bankruptcy case. With one exception, it appears that discovery was in fact presently available in the other pending litigation in all of the authorities relied on by AT & T. **Consequently those authorities have limited, if any, significance for the situation where such alternative discovery methods are stayed, as here. On these facts, such strict application of the "pending litigation" analysis would be adverse to the purpose underlying the Bankruptcy Rule 2004.**

*Id.* (emphasis added).[9]

15. The same holds true here. Because the Committee has no current ability to seek discovery from Arrowood in the insurance adversary proceeding, the existence of that

---

[9] The one exception is *In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002), where discovery in the collateral proceeding was temporarily stayed under the PSLRA pending the resolution of a motion to dismiss. As the *Fibercom* court explained, however, the *Enron* court denied the 2004 order "not because of the other pending litigation, but because the proponents of the discovery 'ha[d] not satisfied th[e] threshold inquiry' that the discovery is proper under Rule 2004." 283 B.R. at 293 (internal citations omitted).

proceeding should not bar the Committee from seeking Rule 2004 discovery in the bankruptcy case.

### B. The Committee's requests are directed at the bankruptcy case

16. The Committee's discovery requests differ from the narrower scope of issues involved in the adversary proceeding. Instead, the requests are broader, and directed at issues material to the bankruptcy case. *See Fibercom*, 283 B.R. at 292 (noting that "when the Rule 2004 examination relates not to the pending adversary litigation, but to another matter, the 'pending proceeding' rule does not apply").

17. While the insurance adversary proceeding focuses on whether Arrowood has coverage obligations to the Diocese for the Sexual Abuse Claims, the Committee's requests are largely focused on Arrowood's financial ability to pay those claims, with a particular focus on Arrowood's reserves,[10] risk exposures,[11] settlements of any other CVA claims,[12] and particular aspects of Arrowood's annual financial statement.[13]

18. None of those topics are directly at issue in the insurance adversary proceeding, but they all are plainly relevant to the bankruptcy case.

19. For this reason, Arrowood's argument that the Committee's requests are "not ripe" (*see* Objection at 16-20) misses the mark and ignores the purpose of Rule 2004 and the Committee's obligation to investigate the assets of the Debtor. Whether or not Arrowood's obligation to indemnify any particular claim has been finally adjudicated, the Committee has a duty to investigate now whether Arrowood has the financial ability, or not, to pay under its policies or contribute meaningfully to a plan of reorganization.

---

[10] S*ee* Requests to Produce Nos. 3, 14, and 15; Interrogatories Nos. 1, 2, 3 and 4.
[11] S*ee* Requests to Produce No. 9 and Interrogatory No. 5.
[12] S*ee* Requests to Produce Nos. 12 and 16; Interrogatories Nos. 6 and 7.
[13] *See* Requests to Produce Nos. 19 and 20; Interrogatories Nos. 10 and 11.

20. For similar reasons, Arrowood's observation that an injured party generally cannot sue an insurance company directly until after that party has obtained an unpaid judgment against the policyholder (*see* Objection at 20-21) does not in any way restrict a *Committee's* ability to seek *information* under Rule 2004.[14]

### C. Even if there is some overlap with the adversary proceeding, the Committee is still entitled to Rule 2004 discovery.

21. Even if some of the documents responsive to the Committee's requests overlap with documents that may eventually be sought through discovery in the adversary proceeding, the Committee is still entitled to the requested information under Rule 2004 because the information sought is relevant to the bankruptcy case. *In re Fundamental Long Term Care, Inc.*, 509 B.R. 387, 392 n.7 (Bankr. M.D. Fla. 2014) ("The Court need not address the pending proceeding objections since this Court has previously ruled that discovery is not barred simply because there is another adversary proceeding pending so long as the discovery sought is relevant to this proceeding.").

---

[14] Likewise, Arrowood's arguments about what discovery would generally be available under the narrower Federal Rules of Civil Procedure in a coverage action (*see* Objection at 21-26) are similarly misplaced because the scope of relevant discovery under Rule 2004 is substantially broader. In any event, courts have recognized the discoverability of reserve information and information concerning other insureds in particular cases. *E.g., 99 Wall Development Inc. v. Allied World Specialty Ins. Co.*, No. 18-cv-0126, 2019 WL 2482356, at *4 (S.D.N.Y. June 14, 2019) ("Relevance of reserve information is evaluated on a case-by-case basis."); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. H&R Block, Inc.,* No. 12-cv-1505, 2014 WL 4377845, at *4 (S.D.N.Y. Sept. 4, 2014) ("[T]he establishment of a reserve does have some probative value, especially where, as here, a bad faith refusal to pay is alleged."); *Granite State Ins. Co. v. Clearwater Ins. Co.*, 09-cv-10607, 2012 WL 1520851 at *3 (S.D.N.Y. Apr. 30, 2012) ("Reports and analyses regarding [insurer's] reserve procedures are directly relevant to its defense that [insurer] acted in bad faith by not having adequate and reasonable reserve procedures in place."); *Mariner's Cove Site B Associates v. Travelers Indem. Co.*, No. 04-cv-1913, 2005 WL 1075400, at *1 (S.D.N.Y. May 2, 2005) (granting insured's motion to compel "documents relating to defendants' handling and evaluation of similar claims arising out of the September 11, 2001 attacks" because "documents regarding similar claims of other insureds . . . are relevant and discoverable in actions to recover insurance reimbursements"); *Wilner v. Allstate Ins. Co.*, 893 N.Y.S.2d 208, 219 (N.Y. App. Div. 2010) ("The information sought, regarding claims the defendants has handled for other insureds, relates to the plaintiffs' attempt to establish that the defendant has engaged in a pattern of deception, and thus, the request is proper.").

DOCS_NY:48094.4 18491/002

22.  Information regarding Arrowood's claim denials and reservation of rights,[15] practices and procedures with respect to Sexual Abuse claims brought under the CVA,[16] and compliance with New York Department of Financial Services Circular Letter No. 11,[17] for instance, are all relevant to the Committee's assessment of whether particular settlement mechanisms, such as stipulated judgments, could be entered on Arrowood claims and incorporated into an eventual plan of reorganization. The Committee should therefore be entitled to this information under Rule 2004.[18]

### D. Arrowood's refusal to comply may delay the parties' efforts to formulate a consensual plan

23.  As described above, the key to any consensual Plan remains the adequacy of the Diocese and Parish financial contributions. However, if that issue is resolved by October 31 and the parties need to reach agreement on the various other terms included in a proposed Plan, the Committee must have information sufficient to allow it to fully assess Arrowood's ability to pay under its policies.

24.  Refusing the production of this information may delay the negotiation of portions of any eventual Plan that relate to Arrowood.

---

[15] Request for Production No. 5 and Interrogatories Nos. 8 and 9.
[16] Request for Production No. 17.
[17] Request for Production No. 18.
[18] In addition, although Arrowood does not develop this argument in any meaningful way or assert that the requested information is privileged, Arrowood also asserts that the Committee's requests "appear to infringe" on the Delaware Department of Insurance's "exercise of its police and regulatory powers," (Objection at 27), but that argument lacks merit. According to Arrowood, it has been "working closely" with its "Delaware Department-appointed Claims Monitor since 2007." *Id.* at 26. Presumably, Arrowood informed its Claims Monitor about the Committee's 2004 Request. If the Delaware Insurance Department considered those requests to be objectionable, they could have filed a submission in support of Arrowood. They didn't. Arrowood has no standing to raise this argument and should not be permitted to avoid Rule 2004 discovery by making passing references to the state of Delaware's police powers—particularly when Delaware itself has raised no such concerns.

25. Based on the foregoing, the Court should enter an order authorizing the Committee to issue the subpoena seeking the examination and production of documents from Arrowood.

WHEREFORE, the Committee respectfully requests that this Court: (i) enter an order substantially in the form attached hereto as **Exhibit A**,[19] granting the relief sought herein; and (ii) grant such other and further relief to the Committee as the Court may deem proper.

---

[19] The attached Exhibit A has been modified from the original Exhibit A included with the Motion to address a comment received from the Debtor. Attached as Exhibit B is a redline version showing the proposed modification.

10

DOCS_NY:48094.4 18491/002

Dated: September 8, 2023                    PACHULSKI STANG ZIEHL & JONES LLP

   */s/ James I. Stang*
James I. Stang, Esq.
Iain A. W. Nasatir, Esq.
Karen Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: 212/561-7700
Facsimile: 212/561-7777
jstang@pszjlaw.com
inasatir@pszjlaw.com
kdine@pszjlaw.com
bmichael@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

BURNS BAIR LLP

   */s/ Timothy W. Burns*
Timothy W. Burns, Esq. (admitted *pro hac vice*)
Jesse J. Bair, Esq. (admitted *pro hac vice*)
10 E. Doty St., Suite 600
Madison, WI 53703-3392
Telephone: (608) 286-2808
Email: tburns@burnsbair.com
Email: jbair@burnsbair.com

*Special Insurance Counsel to the Official Committee of Unsecured Creditors*

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12345 (MG) |

### ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATION OF WITNESSES AND THE PRODUCTION OF DOCUMENTS

This matter coming before the Court on the Motion of the Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Diocese of Rockville Centre, New York for entry of an order, pursuant to Bankruptcy Rule 2004, authorizing the issuance of a document and examination subpoena to Arrowood Indemnity Company ("Arrowood")[1] (the "Motion");[2] the Court having reviewed and considered the Motion; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) notice of the Motion as described in the Motion was proper under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED.

---

[1] "Arrowood" refers to Arrowood Indemnity Company, the Delaware domiciled insurance company, and each of its predecessors, predecessors-in-interest, successors, present and former parents, subsidiaries, affiliates, divisions, departments, area or regional offices, managing general agents, directors, officers, agents, employees, representatives, attorneys, investigators, contractors, subcontractors, experts, consultants, each person within its control, and each person acting or purporting to act on its behalf.

[2] Capitalized terms not defined herein shall have the meanings and definitions ascribed to them in the Motion.

2. The Committee is authorized to seek an examination of and documents from Arrowood, as more fully described in <u>Exhibit B</u> to the Motion, in accordance with Bankruptcy Rules 2004(c) and 9016.

3. Arrowood shall provide courtesy copies of all responses to the Committee's subpoena to counsel to the Debtor, Attn: Eric Stephens and Andrew Butler, Jones Day, 250 Vesey St., New York, NY 10281, epstephens@jonesday.com, abutler@jonesday.com.

4. Nothing contained herein shall prejudice the Committee's rights under Bankruptcy Rule 2004 and other applicable laws to seek further document productions or written or oral examinations from Arrowood or in connection with this case.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
    \_\_\_ \_\_, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

DOCS_NY:48353.2 18491/002

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>                      Debtor. | Chapter 11<br><br>Case No. 20-12345 (MG) |

**ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATION OF WITNESSES AND THE PRODUCTION OF DOCUMENTS**

      This matter coming before the Court on the Motion of the Official Committee of Unsecured Creditors (the "Committee") of The Roman Catholic Diocese of Rockville Centre, New York for entry of an order, pursuant to Bankruptcy Rule 2004, authorizing the issuance of a document and examination subpoena to Arrowood Indemnity Company ("Arrowood")[1] (the "Motion");[2] the Court having reviewed and considered the Motion; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) notice of the Motion as described in the Motion was proper under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor, it is hereby ORDERED that:

---

[1] "Arrowood" refers to Arrowood Indemnity Company, the Delaware domiciled insurance company, and each of its predecessors, predecessors-in-interest, successors, present and former parents, subsidiaries, affiliates, divisions, departments, area or regional offices, managing general agents, directors, officers, agents, employees, representatives, attorneys, investigators, contractors, subcontractors, experts, consultants, each person within its control, and each person acting or purporting to act on its behalf.

[2] Capitalized terms not defined herein shall have the meanings and definitions ascribed to them in the Motion.

1. The Motion is GRANTED.

2. The Committee is authorized to seek an examination of and documents from Arrowood, as more fully described in <u>Exhibit B</u> to the Motion, in accordance with Bankruptcy Rules 2004(c) and 9016.

3. Arrowood shall provide courtesy copies of all responses to the Committee's subpoena to counsel to the Debtor, Attn: Eric Stephens and Andrew Butler, Jones Day, 250 Vesey St., New York, NY 10281, epstephens@jonesday.com, abutler@jonesday.com.

4. Nothing contained herein shall prejudice the Committee's rights under Bankruptcy Rule 2004 and other applicable laws to seek further document productions or written or oral examinations from Arrowood or in connection with this case.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.


Dated: New York, New York
    \_\_\_ \_\_, 2023                                  _____
                                                      THE HONORABLE MARTIN GLENN
                                                      CHIEF UNITED STATES BANKRUPTCY JUDGE

3

DOCS_NY:48353.2 18491/002

Document comparison by Workshare Compare on Thursday, September 7, 2023 10:14:22 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_NY/48353/1 |
| Description | DOCS_NY-#48353-v1-Proposed_Order_2004 |
| Document 2 ID | PowerDocs://DOCS_NY/48353/2 |
| Description | DOCS_NY-#48353-v2-Proposed_Order_2004 |
| Rendering set | Standard no moves |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 11 |
| Deletions | 2 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 13 |