PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (admitted *pro hac vice*)
Iain A. W. Nasatir, Esq.
Karen B. Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: jstang@pszjlaw.com
inasatir@pszjlaw.com
kdine@pszjlaw.com
bmichael@pszjlaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12345 (MG) |

### REQUEST OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR A STATUS CONFERENCE REGARDING THE DISCLOSURE BY INTERSTATE FIRE & CASUALTY COMPANY, NATIONAL SURETY CORPORATION, AND FIREMAN'S FUND INSURANCE COMPANY OF SURVIVOR PERSONAL INFORMATION FROM PROOFS OF CLAIM TO THIRD PARTIES

The Official Committee of Unsecured Creditors (the "Committee") of The Diocese of Rockville Centre, New York (the "Diocese" or the "Debtor") in the above-captioned case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), by and through its undersigned counsel, hereby requests this Court for a status conference (the "Status Conference

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

Request") regarding the disclosure of survivor personal information to unauthorized third parties by Interstate Fire & Casualty Company, National Surety Corporation, and Fireman's Fund Insurance Company (collectively, the "Interstate Insurers"). In support of the Status Conference Request, the Committee respectfully states as follows:

**Basis for Request for Status Conference**

1. On September 29, 2023, the Interstate Insurers filed a letter with this Court disclosing that it had disclosed survivor personal information from proofs of claim to third parties who are not authorized to receive such information pursuant to the terms of the Bar Date Order. *See* Letter of Todd C. Jacobs on Behalf of the Interstate Insurers [Docket No. 2524] ("Interstate Disclosure").

2. According to the letter, information from approximately 178 proofs of claim in this case, including claimant names, a description of the alleged injury – including whether it was a claim for sexual abuse – the name of the insured, and a general loss cause description were provided to a third party service provider, Insurance Services Office ("ISO"). ISO included this survivor information in a database accessible to ISO's third party clients.

3. The Interstate Insurers assert that ISO is an "Authorized Party" under the terms of the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 333] (the "Bar Date Order"). *See* Interstate Disclosure. However, the Bar Date Order expressly limits Authorized Parties, including with respect to insurers and parties related to insurers as follows:

> Any insurance company of the Debtor that may provide coverage for Sexual Abuse Claims, ***together with their respective successors, reinsurers, administrators, and counsel***; provided, however, that the Debtor's insurers shall be provided with all Sexual Abuse Proof of Claim forms alleging any abuse that occurred, even in part, during such insurer's policy periods and that access by Debtor's insurers to Sexual Abuse Proof of Claim forms alleging that abuse occurred

2

DOCS_NY:48652.3 18491/002

> wholly outside such insurer's policy periods shall be resolved at a later date, with nothing in this Bar Date Order affecting such potential access;

Bar Date Order ¶ 15(c)(iv) (emphasis added). ISO does not fall within any of the above categories and so is not an Authorized Party under the Bar Date Order. Moreover, the Interstate Insurers assert that the disclosure of information was for a "Permitted Use" under the Bar Date Order. *See* Interstate Disclosure. However, even if the disclosure related to a Permitted Use (the Committee does not concede that it does) that does not allow disclosure to an unauthorized party.

4. There is no question that providing access to the proof of claim information to unauthorized third parties is a breach of the Bar Date Order.

5. Since learning of this breach, the Committee has reached out to counsel for the Interstate Insurers to gather information about the details of the breach to fully understand the circumstances.

6. The Committee considers this a very serious and material breach of the Bar Date Order exposing the personal information of survivors to third parties not authorized to receive it. The Bar Date Order and the related notice of the Bar Date assured survivors of the confidentiality of the information being provided and the limited universe of parties that would have access to such information.

7. The disclosure of this information is a very serious issue for survivors, many of whom were disclosing the fact that they were sexually abused for the first time in the proof of claim, and many have not even shared such information with immediate family or friends. On behalf of the survivors, the Committee is deeply disturbed by the actions of the Interstate Insurers.

8. However, before seeking specific redress, the Committee wants to fully understand what occurred and to explore with the Interstate Insurers potential resolution of this

issue. Following a telephonic conversation with counsel for the Interstate Insurers, counsel for the Committee sent a letter to counsel confirming the information that counsel agreed to provide and requesting that the Interstate Insurers file a declaration confirming that the breach of the Bar Date Order is not continuing. A copy of the letter is attached as Exhibit A hereto.

9. While counsel for the Interstate Insurers have indicated their willingness to work cooperatively with the Committee with respect to discovery and to coordinate the discovery that is ongoing in other Diocesan cases,[2] including The Roman Catholic Diocese of Syracuse, New York, pending in the U.S. Bankruptcy Court for the Northern District of New York, and the Diocese of Camden, New Jersey pending in the U.S. Bankruptcy Court for the District of New Jersey, the Committee intends to file an emergency motion seeking discovery pursuant to Bankruptcy Rule 2004 to formalize its requests and to ensure a hearing on the motion to the extent that the Committee and the Interstate Insurers cannot consensually resolve discovery issues prior to any hearing.

10. The Committee also intends to seek Rule 2004 discovery from ISO on an emergency basis.

11. The Committee submits that it is appropriate for this Court to hold a status conference at the October 23, 2023 hearing in this case so that the Committee may report on the progress made on its requests for information and discussions with the Interstate Insurers on this matter and so that the parties can discuss the path forward to address this significant issue particularly in light of the October 31, 2023 deadline for the Debtor to file a consensual plan of reorganization or a term sheet for a consensual plan.

---

[2] Attached as Exhibit B hereto is an email dated October 5, 2023 from counsel to the Interstate Insurers to counsel for the Committee.

## NOTICE

12. Notice of this Status Conference Request shall be provided to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtor; (c) the Interstate Insurers; and (d) all parties entitled to notice pursuant to Bankruptcy Rule 2002. Due to the nature of the relief requested herein, the Committee respectfully submits that no further notice of this Status Conference Request is required.

WHEREFORE, the Committee respectfully requests that this Court: schedule a status conference on this matter at the hearing scheduled for October 23, 2023.

Dated: New York, New York
October 6, 2023

PACHULSKI STANG ZIEHL & JONES LLP

 /s/ James I. Stang
James I. Stang, Esq.
Iain A. W. Nasatir, Esq.
Karen Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: 212/561-7700
Facsimile: 212/561-7777
jstang@pszjlaw.com
inasatir@pszjlaw.com
kdine@pszjlaw.com
bmichael@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

# Exhibit A



LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE:** 310.277.6910
FACSIMILE: 310.201.0760

**SAN FRANCISCO**
ONE MARKET PLAZA, SPEAR TOWER
40th FLOOR, SUITE 4000
SAN FRANCISCO
CALIFORNIA 94105-1020

**TELEPHONE:** 415.263.7000
FACSIMILE: 415.263.7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE:** 302.652.4100
FACSIMILE: 302.652.4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE:** 212.561.7700
FACSIMILE: 212.561.7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE:** 713.691.9385
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

Iain A. W. Nasatir

October 6, 2023

310.277.6910
inasatir@pszjlaw.com

Via Electronic Mail to
Samrah Mahmoud
samrah.mahmoud@troutman.com
Steven Allison
steven.allison@troutman.com

Samrah Mahmoud
Steven Allison
Troutman Pepper
5 Park Plaza, Suite 1400
Irvine, CA 92614

   **Re:**  *In re The Roman Catholic Diocese of Rockville Centre, New York* (Bankr. S.D.N.Y., Case No. 20-12345-MG

     **Interstate Disclosure of Survivor Information to Third Parties**

Dear Samrah and Steven:

   As you know, we represent the Official Committee of Unsecured Creditors in the above-referenced bankruptcy case of The Roman Catholic Diocese of Rockville Centre, New York ("DRVC"). I write to confirm what we discussed and you agreed to in our telephone conference Monday evening concerning the AZRA disclosure of confidential survivor information to third parties.

   First, you have agreed to provide us with (i) identities of the two claimants disclosed to third parties, (ii) the names of the ISO clients who received the information regarding those claimants, (iii) whether any of the claims of the 178 claimants were subject to either objections to claim or the motions to dismiss before Judge Glenn,[1] and (iii) any documents

---

[1] While the Interstate Insurers did not file anything in connection with those objections or the motion to dismiss, we want to understand whether any of the 178 claims were the subject of objections or were joinders in the motion to dismiss and whether there could



being provided in connection with the Bankruptcy Rule 2004 request made in the bankruptcy of the Diocese of Syracuse except for those documents specific to the Diocese of Syracuse. With respect to (iii) we appreciate the representation in you October 5, 2023 email that you are happy to discuss date with which to provide us similar information as being supplied in the Syracuse case and coordinating any depositions that may occur so as to not duplicate efforts.

    Second, this letter is also requesting that you confirm (i) the number of searches that were conducted any parties (other than AZRA) of any databases that contained the information relating to the 178 DRVC claims, (ii) that only 178 DRVC claims included in any database accessible to third parties, and (iii) the specific information from those claims that were included in the database and whether such information came from proofs of claim, complaints filed or both.

    Finally, you also offered declaration(s) from your client confirming that the claims information is no longer available to third parties. As a similar declaration has been filed in the Diocese of Syracuse case, you should file such declaration immediately in the Diocese of Rockville Centre case. We also asked for a time line on providing this other information.

    Please respond promptly as certain of this information should be easily provided. We reserve all rights regarding these matters, including requesting additional information, invoking formal discovery or other remedial or compensatory actions.

    Please also note that we are going to request a status conference before Judge Glenn on this issue. While we want to continue to work together to understand what happened and address issues, in light of the current timeline for the DRVC case, we think it is important to raise our concerns with Judge Glenn and discuss how the parties have worked together and how they will move forward on this issue. In that light, we encourage you to respond promptly.

---

have been or was any access to information on those claims to third parties with respect to those claims.



Samrah Mahmoud
Steven Allison
October 6, 2023
Page 3

      We also note that the ruling in Syracuse provided for expedited discovery, with Interstate covering the legal fees incurred, so as not to reduce the estate and the survivors' recovery. We expect similar treatment in this case.

                Very truly yours,

                *Iain A.W. Nasatir*

                Iain A.W. Nasatir

cc:    Via electronic mail to
       Todd Jacobs <tjacobs@phrd.com>
       James I. Stang, Esq.
       Karen B. Dine, Esq.

# Exhibit B

**Karen B. Dine**

| Subject: | FW: Diocese of Rockville Centre Interstate Disclosures |
|---|---|

**From:** Mahmoud, Samrah [mailto:Samrah.Mahmoud@troutman.com]
**Sent:** Thursday, October 5, 2023 8:21 PM
**To:** Karen B. Dine <kdine@pszjlaw.com>; Iain Nasatir <inasatir@pszjlaw.com>
**Cc:** James Stang <jstang@pszjlaw.com>; Todd Jacobs <tjacobs@phrd.com>; Brittany M. Michael <bmichael@pszjlaw.com>; Allison, Steven D. <Steven.Allison@troutman.com>
**Subject:** RE: Diocese of Rockville Centre Interstate Disclosures

Karen and Iain,

Thanks for speaking with us the other day. We wanted to touch base to let you know that we are still working on getting you the information on the two claimants who were disclosed to a third party and we should have that information for you early next week. As to your question about whether any of the claimants that were disclosed overlapped with objections filed with the Court, we may need clarification on your question, as our understanding from bankruptcy counsel is that Interstate did not file any claim objections in this matter. If that does not answer the question you had, please let us know.

In addition, you may or may not have heard that we had a hearing in the Diocese of Syracuse matter today. At the hearing, we discussed an agreement with the Claimants' Committee regarding providing documents, a declaration, and a potential deposition in the coming weeks if necessary. We are happy to discuss dates with which to provide you similar information and whether we can coordinate a deposition, if it occurs, across cases.

Thanks,
**Samrah Mahmoud**
Partner
**troutman pepper**
Direct: 949.622.2751 | Mobile: 714.501.8823 | Internal: 18-2751
samrah.mahmoud@troutman.com