**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>Debtor. | Case No. 20-12345 (MG)<br><br>Chapter 11 |

**LONDON MARKET INSURERS' OBJECTION TO EXHIBIT A OF THE NOTICE OF FILING OF PROPOSED LETTER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH RESPECT TO THE DEBTOR'S THIRD MODIFIED FIRST AMENDED PLAN AND ADDITIONAL DISCLOSURE STATEMENT COMMENTS**

Certain Underwriters at Lloyd's, London subscribing various policies, Ancon Insurance Co. (UK) Ltd., Assicurazioni Generali T.S., Dominion Insurance Co. Ltd., Excess Insurance Co. Ltd., London & Edinburgh General Insurance Co. Ltd., St. Katherine Insurance Co. Ltd., Terra Nova Insurance Co. Ltd., Turegum Insurance Co. Ltd., Unionamerica Insurance Co. Ltd., and Yasuda Fire & Marine (UK) Ltd. (collectively, "London Market Insurers" or "LMI"), by and through their undersigned counsel, object to Exhibit A of the *Notice of Filing of Proposed Letter of Official Committee of Unsecured Creditors ("Committee") with Respect to the Debtor's ("Debtor" or "Diocese") Third Modified First Amended Plan and Additional Disclosure Statement Comments,* filed on February 7, 2024, Doc. 2892 ("Notice of Filing Committee Plan Letter"), and respectfully state as follows:

1. On February 7, 2024, the Committee filed its Notice of Filing Committee Plan Letter for inclusion in the Solicitation Materials in connection with the Debtor's Plan (Doc. 2892). Attached to the Notice of Filing Committee Plan Letter as Exhibit A was a copy of the Proposed Letter.

2. The Proposed Letter, at page 2 of 3 states:

> The Diocese promises that it has lots of insurance that will increase the settlement but it does not tell the whole story. Getting the insurance companies to pay is not as easy as the Diocese makes it sound. **All the insurance companies are saying that they do not owe anything at all** and one of the insurance companies has gone "bankrupt" itself. The legal fees for the fights with the insurance companies will come out of the "headline" $200 million settlement. The Diocese does not even try to estimate how much the fights with the insurance companies will cost or how long that fights will take. (emphasis added).

3. The statement in the Proposed Letter that "All the insurance companies are saying that they do not owe anything at all", is false (the "False Statement").

4. LMI provided a coverage position letter in response to each tender of (i) a Proof of Claim ("POC") filed in the bankruptcy proceeding and (ii) a State Court Complaint filed against the Diocese and/or its Parishes and other Related Entities. The coverage position letters were copied to the Claimant (or his or her State Court Counsel) that filed the POC or filed the State Court Complaint. All of the coverage position letters responding to the tender of a POC were also provided to counsel for the Committee. The coverage position letters described the LMI Policies, set forth the LMI coverage position for the particular claim, and most reserved rights. The only declinations of coverage were in response to claims where the alleged abuse happened outside the periods of the LMI Policies or happened after 1986 when the LMI Policies were endorsed with Sexual Misconduct Exclusions.

5. Similarly, in the Adversary Proceeding titled *The Roman Catholic Diocese of Rockville Centre, New York v. Certain Underwriters at Lloyd's, London and Certain London Market Companies*, No. 21-cv-00071 (S.D.N.Y.), LMI filed an Answer and Affirmative Defenses to the Amended Complaint on March 23, 2023, Doc. 109 ("Answer"). In the Answer, LMI set forth Policy information and provisions and the coverage position and defenses in response to the sexual abuse claims asserted against the Diocese and/or the Diocese's Parishes and other Related Entities.

6.      The positions set forth in the LMI coverage position letters and the Answer did not say "that they do not owe anything at all".

7.      If the Court is inclined to grant the Committee's request to include the Committee Plan Letter at Exhibit A in the Solicitation Materials in connection with the Debtor's Plan, then LMI request that that False Statement be deleted to eliminate prejudice and confusion.

For the reasons stated above, the Court should either deny the Committee's request to include the Committee Plan Letter at Exhibit A in the Solicitation Materials in connection with the Debtor's Plan, or in the alternative, delete the False Statement from the Committee Plan Letter before it is republished or circulated further.

Dated: February 7, 2024                                         Respectfully submitted,

By: */s/ Catalina J. Sugayan*
    Catalina J. Sugayan (*pro hac vice*)
    James J. Moffitt (*pro hac vice*)
    Clyde & Co
    30 S Wacker Drive, Suite 2600
    Chicago, IL 60606
    Telephone: (312) 635-7000
    Facsimile: (312) 635-6950
    Email: catalina.sugayan@clydeco.us

By: */s/ Russell W. Roten*
    Russell W. Roten (*pro hac vice*)
    Jeff D. Kahane (*pro hac vice*)
    Andrew Mina (*pro hac vice*)
    Betty Luu (*pro hac vice*)
    Duane Morris LLP
    865 S. Figueroa Street, Suite 3100
    Los Angeles, CA 90017-5450
    Telephone: (213) 689-7400
    Facsimile: (213) 689-7401
    Email: RWRoten@duanemorris.com

*Attorneys for London Market Insurers*