

**LOS ANGELES**
10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

**NEW YORK**
780 THIRD AVENUE, 34TH FL.
NEW YORK, NEW YORK 10017-2024
212.561.7700

**WILMINGTON**
919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

**HOUSTON**
700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

**SAN FRANCISCO**
ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

James I. Stang     March 8, 2024     310-277-6910
jstang@pszjlaw.com

**VIA ELECTRONIC FILING**

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    **Re:**    **Re: In re. The Roman Catholic Diocese of Rockville Centre, New York Case No. 20-12345**

Dear Judge Glenn:

    We write on behalf of the Official Committee of Unsecured Creditors (the "Committee") to bring to your attention that the Diocese of Rockville Centre has not complied with the service timetable relating to the Debtor's solicitation of the *Fourth Modified First Amended Chapter 11 Plan of Reorganization for The Roman Catholic Diocese of Rockville Centre, New York* [Docket No. 2925] (the "Plan") resulting in some survivors not receiving solicitation packages on a timely basis and a few survivors represented by counsel receiving direct notice at their home address.

    Under the terms of the *Order (I) Approving Disclosure Statement, (II) Approving Form and Manner of Service of Disclosure Statement Notice, (III) Establishing Procedures For Solicitation and Tabulation of Votes to Accept or Reject Plan of Reorganization, (IV) Approving Related Notice Procedures, and (V) Scheduling Hearing on Confirmation of Plan of Reorganization, or, in the Alternative, Dismissing The Debtor's Chapter 11 Case* [Docket No. 2918] (the "Solicitation Order"),[1] the Debtor was required to "transmit, or cause to be transmitted, the Solicitation Packages on or before **February 21, 2024**." Solicitation Order ¶ 9.

---

[1] Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Solicitation Order.

4872-5720-2090.5 18491.002



The Honorable Martin Glenn
March 8, 2024
Page 2

Additionally, with respect to service of Solicitation Packages and other documents on holders of Abuse Claims represented by counsel, the Debtor and the Voting Agent were required to serve such documents only upon counsel and not directly to the holders of such Abuse Claims. Solicitation Procedures (Solicitation Order Exhibit 2) ¶ 6.

Though no Certificate of Service has been filed, the Solicitation Packages and other notices apparently were sent by regular mail.[2] As of today (Friday, March 8) state court counsel were still reporting to the Committee and Epiq (the Voting Agent) that they had not received the Solicitation Packages at all or not receiving such Solicitation Packages for all of their clients. While the Voting Agent has responded to specific requests for overnight delivery of the Solicitation Packages, the Committee is concerned about the delay in the delivery of the Solicitation Packages. As the Court is aware, the Voting Deadline is March 22, 2024. The Committee agreed to such a short voting period on the assumption that the solicitation itself would be handled quickly and efficiently. After receiving the Solicitation Packages, the state court counsel must now forward those on to their individual clients and coordinate advising those clients and working with them to complete and submit their ballots.

Additionally, at least two represented survivors received Solicitation Packages at their home address and over forty-six represented survivors received the Notice of Confirmation Hearing at their home address. The sending of such materials to the survivors at their home address is a serious issue because many survivors have not shared their experiences with even their immediate families and receiving this mailing at home risks disclosing that such survivors were victims to others in the household.[3] The Committee has repeatedly emphasized to the Debtor no notices or documents should be sent to survivors who are represented by counsel.

---

[2] In violation of Local Bankruptcy Rule 9078-1, the Debtor has yet to file a certificate of service evidencing service that was to be completed on February 21, 2024. The Committee has notified the Diocese that the certificate is overdue and the Diocese has yet to explain the delay or when the certificate will be filed.

[3] While a simple error in mailing location may seem trivial, to some survivors the act of disclosing their abuse to immediate family members can be triggering to a point of suicidal risk.

4872-5720-2090.5 18491.002



The Honorable Martin Glenn
March 8, 2024
Page 3

      In speaking with state court counsel, they are diligently assisting their clients in understanding the Plan and making an informed decision on how to vote. However, because of the delay, some clients may need additional time. To the extent more time is needed, the Committee will seek to meet and confer with the Debtor prior to requesting relief (on shortened notice) from the Court.

      Respectfully Submitted,

James I. Stang