Objection Deadline: March 27, 2024 at 11:00 a.m. (Eastern Time)
Notice of Presentment Date: March 27, 2024 at 12:00 p.m. (Eastern Time)

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (admitted *pro hac vice*)
Iain A. W. Nasatir, Esq.
Karen B. Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: jstang@pszjlaw.com
  inasatir@pszjlaw.com
  kdine@pszjlaw.com
  bmichael@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | Case No. 20-12345 (MG) |
| Debtor. | |

**NOTICE OF PRESENTMENT OF**
**[PROPOSED] DISCOVERY CONFIDENTIALITY ORDER**

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case of The Roman Catholic Diocese of Rockville Centre, New York (the "Debtor" or "DRVC") hereby provides notice of presentment of the *[Proposed] Discovery Confidentiality Order* (the "Confidentiality Order") among the

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

SF 4869-2389-5983.2 18491.002

Debtor, the Committee, Allianz Reinsurance America, Inc. dba Allianz Resolution Management o/b/o Interstate Fire & Casualty Company ("Interstate"), National Surety Corporation ("National"), and Fireman's Fund Insurance Company ("Fireman's Fund") (collectively, "AZRA") and Insurance Services Office ("ISO") which is attached hereto as Exhibit A, as set forth below.

**PLEASE TAKE FURTHER NOTICE** that the Committee through its undersigned counsel, will present the attached Confidentiality Order to the Honorable Martin Glenn, United States Bankruptcy Chief Judge, at the United States Bankruptcy Court of the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 27, 2024 at 12:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Confidentiality Order shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the Objection and the specific grounds therefor, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), and served so as to be actually received no later than **March 27, 2024 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are filed and served by the Objection Deadline in accordance with the preceding paragraph, there may not be a hearing and the Consent Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if an Objection is timely filed and served, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

[*Remainder of Page Intentionally Left Blank*]

Dated: New York, New York
March 19, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Karen Dine*
PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (admitted *pro hac vice*)
Iain A. W. Nasatir, Esq.
Karen B. Dine, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:     (212) 561-7700
Facsimile:     (212) 561-7777
Email: jstang@pszjlaw.com
inasatir@pszjlaw.com
kdine@pszjlaw.com
bmichael@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

# **EXHIBIT A**

**Proposed Order**

TROUTMAN PEPPER HAMILTON SANDERS LLP
Steven D. Allison (admitted *pro hac vice*)
steven.allison@troutman.com
Samrah R. Mahmoud (admitted *pro hac vice*)
samrah.mahmoud@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone:  949.622.2700
Facsimile:   949.622.2739

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>Debtor. | Civil Docket: 20-12345 (MG)<br>Chapter 11 |

## DISCOVERY CONFIDENTIALITY ORDER

THIS MATTER having been brought before the Court by Troutman Pepper Hamilton Sanders LLP, attorneys for Allianz Reinsurance America, Inc. dba Allianz Resolution Management o/b/o Interstate Fire & Casualty Company ("Interstate"), National Surety Corporation ("National"), and Fireman's Fund Insurance Company ("Fireman's Fund") (collectively, "AZRA"); and with the consent of the Official Committee of Unsecured Creditors (the "Committee"), the Roman Catholic Diocese of Rockville Centre (the "Debtor") and Insurance Services Office ("ISO")[1] having been obtained with respect to this Order, and good cause having been shown;

---

[1] AZRA, the Committee, the Debtor and ISO are referred to collectively herein as the "Parties" and each individually as a "Party." For the avoidance of doubt, ISO is a party to this Agreement, but is not a party (of any character) in this bankruptcy proceeding.

IT IS on this ____ day of March, 2024,

ORDERED as follows:

1. AZRA and ISO (collectively, the "Producing Parties" and each individually a "Producing Party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains sensitive financial or other confidential information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties. Producing Parties shall mark any information, document, thing, interrogatory answer, admission, pleading, or testimony produced with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Producing Parties shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Producing Parties shall mark any information, document, thing, interrogatory answer, admission, pleading or testimony produced with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. Material produced by any Producing Party shall be produced to the Committee and the Debtor. All Confidential material shall be used by the receiving Parties solely in this bankruptcy proceeding in connection with matters relating to AZRA's September 29, 2023 Notice of Disclosure Letter (ECF No. 2524) (hereinafter, the "Disclosure") and shall not be used for any

other purpose. Confidential material shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of the Producing Party, or by Order of the Court. It is, however, understood that counsel for a receiving Party may give advice and opinions to his or her client solely relating to the uses permitted herein based on his or her evaluation of Confidential material, provided that such advice and opinions shall not directly reveal sensitive financial or other confidential information, personally identifiable information or information received in confidence from third parties except by prior written agreement of counsel for the Producing Party or by Order of the Court.

    4.    Confidential material and the contents of Confidential material may be disclosed by a receiving Party only to the following individuals in connection with this Action under the following conditions:

    a.    The Parties. In the case of Parties that represent corporations or other business entities, "Party" shall mean duly authorized personnel who are required to participate in decisions with reference to the Disclosure. For the avoidance of doubt, all "Parties" are bound by this Confidentiality Order and "Parties" includes individual Committee members.

    b.    Outside counsel (herein defined as an attorney at the receiving Parties' outside law firms) and relevant in-house counsel for the receiving Parties;

    c.    Secretarial, paralegal, clerical, duplicating and data-processing personnel of the foregoing; and

    d.    The Court and court personnel.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Such use includes only that stated in Paragraph 3: matters relating to the Disclosure.

6. With respect to any depositions that involve Confidential material, Producing Parties shall have until 30 days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Producing Party and the receiving Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c) and (d) above and the deponent during these 30 days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), and (d) above during said 30 days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all receiving Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving Parties and to such other persons as counsel for the Producing Party agrees in advance or as Ordered by the Court.

8. If counsel for a receiving Party objects to the designation of any or all of documents or information designated as Confidential or Attorneys' Eyes Only hereunder, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on Producing Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Producing Party shall respond in writing to such objection within

10 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If Producing Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the challenging party shall present the dispute to the Court initially by filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. Producing Party retains the burden of establishing confidentiality.

9. All requests to seal documents filed with the Court shall comply with S.D.N.Y. LBR 9018-1 and/or similar applicable rules.

10. Any information being produced hereunder is also subject to the terms and conditions of the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 333] (the "Bar Date Order"), including, but not limited to the Confidentiality Protocol with respect to Sexual Abuse Proof of Claim Forms submitted by Sexual Abuse Claimants. No personal information from any Sexual Abuse Claim Form may be provided to anyone other than an Authorized Party. To the extent that any party who may not be an Authorized Party is in possession of such information, they may produce such information only to Authorized Parties. There is a dispute as to whether ISO is an Authorized

Party under the Bar Date Order. Nothing herein shall be considered an admission by any party as to whether ISO is an Authorized Party, and the rights of all parties herein are reserved on that issue, provided however, with respect to the receipt of discovery hereunder, ISO shall not be considered an Authorized Party.

11. If the need arises during any hearing before the Court for any receiving Parties to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the Producing Party and as directed by the Court.

12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of Producing Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all receiving Parties that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

13. When the inadvertent or mistaken disclosure of any information, document or thing protected by confidentiality, privilege or work-product immunity is discovered by the Producing Party and brought to the attention of the receiving Parties, the receiving Parties' treatment of such material shall be in accordance with Fed R. Civ. P. 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving Parties' to challenge the Producing Party's claim of

confidentiality or privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14. No information that is in the public domain or which is already known by the receiving Parties through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

15. This Discovery Confidentiality Order shall not deprive Producing Parties of their right to object to discovery by any other Party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

16. This Discovery Confidentiality Order shall survive the conclusion of this bankruptcy case and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

17. If any person having received Confidential material: (a) is subpoenaed, (b) is served with a discovery demand, or (c) is served with any other legal process by a non-Party to this agreement, in each case which would require the disclosure of Confidential Material, the Recipient shall give written notice upon receipt of such subpoena, demand, or legal process, and no later than seven (7) business days from receipt of such subpoena, demand, or legal process, to the producing Party's counsel, who may seek a protective order precluding such disclosure. Should the non-Party seeking access to the Confidential or Attorney's Eyes Only material take any action against the Recipient to enforce any subpoena, demand, or other legal process, the Recipient shall set forth

the existence of this Order and take reasonable action to oppose any disclosure of Confidential or Attorney's Eyes Only material.

18. Upon final conclusion of this bankruptcy case, if requested by any Party, each Party subject to the terms hereof shall be under an obligation to assemble and to return to the Producing Parties all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; however, counsel may retain a copy of the documents and things as necessary to maintain their respective files.

SO ORDERED.

_____
Honorable Martin Glenn

CONSENTING TO THE ABOVE:

| | |
|---|---|
| _____<br>Corinne Ball, Esq.<br>Christopher DiPompeo, Esq.<br>Todd Geremia, Esq.<br>Nicholas J. Morin, Esq.<br>Benjamin Rosenblum, Esq.<br>Eric Peter Stephens, Esq.<br>**JONES DAY**<br>250 Vesey Street<br>New York, NY 10281<br><br>Attorneys for Debtor The Roman Catholic Diocese of Rockville Centre, New York | *KarenDine*<br>_____<br>Karen Dine, Esq.<br>Iain Nasatir, Esq.<br>Brittany Michael, Esq.<br>**PACHULSKI STANG ZIEHL & JONES**<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br><br>Attorneys for The Official Committee of Unsecured Creditors |
| _____<br>Steven Allison, Esq.<br>Samrah Mahmoud, Esq.<br>**TROUTMAN PEPPER HAMILTON SANDERS LLP**<br>5 Park Plaza, Suite 1400<br>Irvine, CA 92614<br><br>Attorneys for Allianz Reinsurance America, Inc. dba Allianz Resolution Management, Interstate Fire & Casualty Company, National Surety Corporation, and Fireman's Fund Insurance Company | _____<br>Thomas Haskins, Esq.<br>**BARNES & THORNBURG LLP**<br>2121 N. Pearl Street, Suite 700<br>Dallas, TX 75201<br><br>Attorneys for Insurance Services Office |