Hearing Date and Time: April 10, 2024 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: April 2, 2024 at 4:00 p.m. (Prevailing Eastern Time)

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York  10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Counsel for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 (MG) |
| | : | |
| Debtor. | : | |

**NOTICE OF HEARING ON THE
DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER
EXTENDING THE PERIOD WITHIN WHICH THE DEBTOR MUST
ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on **March 26, 2024**, the above-captioned debtor and debtor-in possession (the "Debtor") filed the *Debtor's Motion for Entry of an Order Further Extending the Period Within Which the Debtor Must Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, be filed by **April 2, 2024 at 4:00 p.m. (Prevailing Eastern Time)**, and

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

shall be served on (a) the Debtor, c/o The Roman Catholic Diocese of Rockville Centre, New York, P.O. Box 9023, Rockville Centre, NY 11571-9023; (b) counsel to the Debtor, Jones Day, 250 Vesey Street, New York, New York 10281-1047 Attn: Corinne Ball, Esq., Todd Geremia, Esq., Benjamin Rosenblum, Esq., and Andrew Butler, Esq.; and (c) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Greg M. Zipes, Esq. and Shara Cornell, Esq.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider such Motion and any objections related thereto (the "Hearing") will be held on **April 10, 2024 at 2:00 p.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to appear at the Hearing via Zoom for Government, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl on or before April 9, 2024 at 4:00 p.m. (prevailing Eastern Time).  After the deadline for parties to make electronic appearances has passed, parties who have made their electronic appearance through the Court's website will receive an invitation from the Court with a Zoom link that will allow them to attend the Hearing. Requests to receive a Zoom link should not be emailed to the Court, and the Court will not respond to late requests that are submitted on the day of the hearing.  Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that copies of each pleading can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtor's notice and claims agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/drvc or by calling (888) 490-0633. Note that a PACER password is needed to access documents on the Court's website.

[*Remainder of Page Intentionally Blank*]

|  |  |
|---|---|
| Dated: March 26, 2024<br>New York, New York | Respectfully submitted,<br><br>*/s/ Corinne Ball*<br>Corinne Ball<br>Todd Geremia<br>Benjamin Rosenblum<br>Andrew Butler<br>JONES DAY<br>250 Vesey Street<br>New York, NY 10281-1047<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306<br>Email: cball@jonesday.com<br>         trgeremia@jonesday.com<br>         brosenblum@jonesday.com<br>         abutler@jonesday.com<br><br>*Counsel for the Debtor*<br>*and Debtor in Possession* |

Hearing Date and Time: April 10, 2024 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: April 2, 2024 at 4:00 p.m. (Prevailing Eastern Time)

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York  10281
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | Case No. 20-12345 (MG) |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER
EXTENDING THE PERIOD WITHIN WHICH THE DEBTOR MUST
ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL
PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**

The Roman Catholic Diocese of Rockville Centre, New York, as debtor and debtor-in-possession (the "Debtor"), hereby moves the Court, pursuant to sections 105(a) and 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an order, in substantially the form attached as **Exhibit A** (the "Proposed Order"), further extending the time within which the Debtor must assume or reject unexpired leases of nonresidential real property (collectively, the "Unexpired Leases") from April 17, 2024 for an additional 120 days through

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

and including August 15, 2024. The Debtor has obtained the written consent of the counterparties under its Unexpired Leases, as listed on **Exhibit B**, to further extend the deadline for assumption or rejection of such Unexpired Leases by an additional 120 days. In support of this Motion, the Debtor respectfully states as follows:

### Background

1. On October 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 the Bankruptcy Code. The Debtor continues to operate and pursue its religious, non-profit mission and ministry, and manage its properties and affairs as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On October 16, 2020, the U.S. Trustee appointed an official committee of unsecured creditors of the Debtor (the "Committee"). No trustee or examiner has been appointed in this case.

2. The Debtor is the seat of the Roman Catholic Church on Long Island. The State of New York established the Debtor as a religious corporation in 1958. *See* 1958 N.Y. SESS. LAWS Ch. 70 (1958), § 1. The Debtor is one of eight Catholic dioceses in New York and is the eighth-largest diocese in the United States when measured by number of baptized Catholics. The Debtor's total Catholic population is 1.4 million, which constitutes roughly half of Long Island's total population of 3.0 million. Pursuit of the Debtor's mission depends upon the continuing financial support provided by the faithful in anticipation of, and in mutual support of, the Debtor's religious and charitable mission.

3. To carry out its Catholic mission, the Debtor works closely with its 135 parishes. Parishes play a central role in the lives of Catholics by administering key aspects of the Catholic Faith, including: baptism, education, communion, Mass, confirmation, marriage, and bereavement, including last rites, funeral services and grief support. None of the parishes are debtors herein. In addition, the Debtor supports separate charitable organizations to further its

pursuit of the Catholic mission to serve the poor, the hungry, those in need, and those that cannot help themselves. None of those entities are debtors herein. The Debtor is also continuing its outreach to comfort, educate, and enlighten the faithful, especially in these times of quarantine and isolation due to COVID-19 protocols and precautions.

4. Following the enactment in 2019 of the Child Victims Act (the "CVA"), which revived what had been time-barred claims, approximately 200 prepetition lawsuits have been brought by abuse claimants against the Debtor (the "State Court Actions"). In its effort to fairly and equitably address this tragic legacy, the Debtor has undertaken a substantial effort to identify and marshal over 60 years of insurance policies, including both primary and excess coverage, with the goal of securing a valuable resource of the Debtors, its parishes, and its affiliates, so that it can be used for the care and compensation of abuse survivors. The Debtor has made such insurance policies and related information, together with historical financial information for itself and its charitable, educational, and service affiliates, available to counsel for the abuse claimants and the Debtor's insurers.

5. Additional information regarding the Debtor, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Diocese of Rockville Centre, New York, in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date.

## Jurisdiction and Venue

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

7.  On January 13, 2021, the Court entered the *Order Extending the Period Within Which the Debtor Must Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* [Docket No. 310] (the "First Extension Order") by which the time within which the Debtor must assume or reject its Unexpired Leases was extended for an additional 90 days through and until April 29, 2021. The First Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

8.  On April 13, 2021, the Court entered the *Order Further Extending the Period Within Which the Debtor Must Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* [Docket No. 451] (the "Second Extension Order") by which the time within which the Debtor must assume or reject its Unexpired Leases was extended for an additional 120 days to August 27, 2021. The Second Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

9.  On August 18, 2021, the Court entered an additional *Order Further Extending the Period Within Which the Debtor Must Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* [Docket No. 688] (the "Third Extension Order") by which the time within which the Debtor must assume or reject its Unexpired Leases was extended for an additional 120 days to December 27, 2021. The Third Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

10. On December 9, 2021, the Court entered an additional *Order Further Extending the Period Within Which the Debtor Must Assume or Reject Unexpired Leases of*

*Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* [Docket No. 905] (the "Fourth Extension Order") by which the time within which the Debtor must assume or reject its Unexpired Leases was extended for an additional 120 days to April 26, 2022. The Fourth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

11. On April 13, 2022, the Court entered an additional *Order Further Extending Time to Assume or Reject Nonresidential Leases* [Docket No. 1070] (the "Fifth Extension Order") by which the time within which the Debtor must assume or reject its Unexpired Leases was extended for an additional 120 days to August 26, 2022. The Fifth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

12. On August 10, 2022, the Court entered an additional *Order Further Extending Time to Assume or Reject Nonresidential Leases* [Docket No. 1261 (the "Sixth Extension Order") by which the time within which the Debtor must assume or reject its Unexpired Leases was extended for an additional 120 days to December 24, 2022. The Sixth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

13. On November 30, 2022, the Court entered an additional *Order Further Extending Time to Assume or Reject Nonresidential Leases* [Docket No. 1487] (the "Seventh Extension Order") by which the time within which the Debtor must assume or reject its Unexpired Leases was extended for an additional 120 days to April 23, 2023. The Seventh Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

14. On March 30, 2023, the Court entered the *Order Further Extending the Period Within Which the Debtor Must Assume or Reject Unexpired Leases of Nonresidential Real*

*Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* [Docket No. 1961] (the "Eighth Extension Order") by which time within which the Debtor must assume or reject its Unexpired Leases was extended for an additional 120 days to August 21, 2023. The Eighth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

15. On July 13, 2023, the Court entered the *Order Further Extending the Period Within Which the Debtor Must Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* [Docket No. 2298] (the "Ninth Extension Order") by which time within which the Debtor must assume or reject its Unexpired Leases was extended for an additional 120 days to December 19, 2023. The Ninth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

16. On November 27, 2023, the Court entered the *Order Further Extending the Period Within Which the Debtor Must Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* [Docket No. 2689] (the "Tenth Extension Order") by which the time within which the Debtor must assume or reject its Unexpired Leases was extended for an additional 120 days to April 17, 2024. The Tenth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

17. By this Motion, the Debtor seeks the entry of an order, pursuant to sections 105(a) and 365(d)(4) of the Bankruptcy Code, granting a 120-day extension of the current deadline of April 17, 2024 by which the Debtor must determine whether to assume or reject its Unexpired Leases through and including August 15, 2024. The Debtor requests that this extension be without prejudice to its rights to seek further extensions of the time to assume or reject its

-6-

Unexpired Leases with the prior consent of each affected lessor as contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## Basis for Relief Requested

18. A debtor is deemed to have rejected a nonresidential property lease under which the debtor is the lessee either (a) after 120 days from the petition date, or (b) on the date a bankruptcy court confirms a plan of reorganization in the debtor's case, whichever is earlier, unless the debtor affirmatively assumes such leases prior to those expiration dates. *See* 11 U.S.C. § 365(d)(4)(A). However, a court may extend the time by which a debtor may assume or reject an unexpired lease of nonresidential property "prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." *Id.* at § 365(d)(4)(B)(i). Additionally, a court may grant a "subsequent extension" of such time "only upon prior written consent of the lessor in each instance." *Id.* at § 365(d)(4)(B)(ii). Section 105(a) of the Bankruptcy Code further permits a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *Id.* at § 105(a).

19. While "cause" is not defined in the Bankruptcy Code, the Second Circuit looks at a variety of factors to determine whether "cause" for extending the termination period exists, including the following:

    a.    whether the leases are an important asset of the estate such that the decision to assume or reject would be central to a plan of reorganization;

    b.    whether reversion will produce a windfall to the landlord;

    c.    whether the cases are complex and involve a large number of leases;

    d.    whether the debtor's continued occupation could damage the lessor beyond compensation available under the Bankruptcy Code;

    e.    whether the lessor continues to receive postpetition rental payments;

      f.      whether the debtor has had insufficient time to develop a plan; and

      g.      any other facts showing a lack of reasonable time to decide whether to assume or reject.

*See S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996); *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 106 (2d Cir. 1982); *In re 611 Sixth Avenue Corp.*, 191 B.R. 295, 298 (Bankr. S.D.N.Y. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987).

20.    These factors are non-exhaustive and bankruptcy courts may consider other factors based on the particular facts of the case. *See In re Wedtech*, 72 B.R. at 472. Indeed, the decision to grant or deny a motion to extend the 120-day period is within the bankruptcy court's discretion based on the particular facts of the case. *See In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003) (citing *In re Burger Boys*, 94 F.3d at 760).

21.    Courts are also empowered to grant extensions as part of their equitable powers pursuant to section 105(a) of the Bankruptcy Code. *See e.g.*, *In re Pan Am Corp.*, 124 B.R. 960, 974 (Bankr. S.D.N.Y. 1991) ("[T]he court under section 365 can unilaterally extend the time to assume or reject, and is not prohibited from exercising its equitable powers under section 105.") (citing *Liona Corp. v. PCH Assocs. (In re PCH Assocs.),* 804 F.2d 193 (2d Cir. 1986)); *In re Telemark Mgmt. Co., Inc.*, 51 B.R. 623, 626 (Bankr. W.D. Wis. 1984) (noting that a bankruptcy court may use its powers under section 105(a) to extend the period for a trustee to assume or reject executory contracts); *GST Telecom Inc.*, No. 00 1982 (GMS), 2001 WL 686971, at *3 (D. Del. June 8, 2001) (noting that "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease.").

22.    The Debtor submits that "cause" exists to further extend the period by which the Debtor may must assume or reject the Unexpired Leases. Since the Petition Date, the Debtor has

focused significant time and effort on, among other things: (1) initiating and participating in an adversary proceeding against its insurers in order to secure valuable assets for the Debtor and the Debtor's creditors; (2) initiating and participating in an adversary proceeding to stay state court actions brought by plaintiffs under the New York Child Victim's Act that threaten to erode the Debtor's insurance assets and distract its senior management; (3) conducting a thorough claims reconciliation process and developing robust procedures to maintain the confidentiality of claimants; (4) identifying, interviewing, and coordinating the appointment of a mediator to facilitate productive discussions with the Committee and the Debtor's insurers concerning the potential resolution of sexual abuse claims; (5) collaborating with other interested parties to reach a joint stipulation concerning the Independent Advisory Committee and the pursuit of certain claims; (6) responding to applications and motions filed by other parties in interest; (7) drafting, proposing, and soliciting a plan of reorganization; and (8) directing and participating in the administration of this chapter 11 case.  As a result, the Debtor has not had sufficient time to fully determine whether assumption or rejection of the individual Unexpired Leases would benefit the estate.

23.     Finally, the Debtor's requested extension of time to assume or reject the Unexpired Leases will not prejudice the respective lessors.  Pending the Debtor's election to assume or reject the Unexpired Leases, the Debtor will continue to perform all of its undisputed obligations arising from and after the Petition Date in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code.  Moreover, under the requirements of § 365(d)(4)(B)(ii), the Debtor has obtained the written consent of the counterparties under its Unexpired Leases, as listed on **Exhibit B**, to further extend the deadline for assumption or rejection of such Unexpired Leases by an additional 120 days.  The Debtor maintains space at

one facility on a month-to-month basis and, therefore, consent to extend the deadline for assumption or rejection of such month-to-month arrangement is not necessary.

24. Accordingly, for the reasons set forth herein, the Debtor seeks a 120-day extension of the current 120-day period to assume or reject the Unexpired Leases through and including August 15, 2024, without prejudice of the Debtor's right to seek a further extension in accordance with the applicable provisions of the Bankruptcy Code. This court has routinely approved relief similar to that requested herein. *See, e.g.*, *In re Live Primary, LLC*, No. 20-11612-mg [Docket No. 125] (Bankr. S.D.N.Y. Feb. 11, 2021) (granting further extension of time for debtor to assume or reject unexpired leases of nonresidential property); *In re Grupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) [Docket No. 843] (Bankr. S.D.N.Y. Jan. 26, 2021) (same); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) [Docket No. 2142] (Bankr. S.D.N.Y. June 18, 2020) (same); *In re Miami Metals I, Inc.*, No. 18-13359 (SHL) [Docket No. 1210] (Bankr. S.D.N.Y. June 25, 2019) (same); *see also In re Commonwealth of Puerto Rico*, No. 17-bk-3283 (LTS) [Docket No. 15770] (Bankr. D.P.R. January 28, 2021) (granting tenth extension of time to assume or reject unexpired nonresidential leases). The Debtor submits that similar relief is warranted in this case.

25. Nothing contained in this Motion or any actions taken by the Debtor pursuant to relief granted in the Proposed Order is intended to, or should be construed as, (a) an assumption or rejection of any of Unexpired Leases under section 365(a) of the Bankruptcy Code or (b) an admission by the Debtor that a particular instrument is or is not a true lease. If the Court grants the relief sought herein, any and all of the Debtor's rights, claims and defenses with respect to the characterization of any of the Unexpired Leases pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

**Notice**

26.     The Debtor will provide notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 136].  Due to the nature of the relief requested herein, the Debtor respectfully submits that no further notice of this Motion need be provided.

**No Prior Request**

27.     No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, granting:  (a) the relief requested herein; and (b) such other and further relief as the Court may deem proper.

Dated: March 26, 2024
      New York, New York

Respectfully submitted,

*/s/ Corinne Ball*
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: cball@jonesday.com
        trgeremia@jonesday.com
        brosenblum@jonesday.com
        abutler@jonesday.com

*Counsel for the Debtor
and Debtor in Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 (MG) |
| | : | |
| Debtor. | : | |

**ORDER FURTHER EXTENDING THE PERIOD
WITHIN WHICH THE DEBTOR MUST ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**

Upon the *Debtor's Motion for Entry of an Order Further Extending the Period Within Which the Debtor Must Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* (the "Motion"),[2] pursuant to section 365(d)(4) of the Bankruptcy Code, extending the time within which the Debtor must assume or reject its unexpired lease of nonresidential real property (the "Unexpired Leases"), without prejudice to the Debtor's right to seek further extensions; the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (d) notice of the Motion and the Hearing was sufficient under the circumstances and (e) cause exists under section 365(d)(4) to grant an extension of the period

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

which the Debtor must assume or reject the Unexpired Leases, and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time within which the Debtor must assume or reject the Unexpired Leases under section 365(d)(4) of the Bankruptcy Code is extended through and including August 15, 2024.

3. Entry of this Order is without prejudice to the Debtor's right to request further extensions of the time to assume or reject the Unexpired Leases in accordance with section 365(d)(4) of the Bankruptcy Code.

4. Nothing in the Motion or this Order shall be deemed or construed as (a) an assumption or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or (b) an admission or finding with respect to whether any of the Debtor's contracts or leases is an unexpired lease of nonresidential real property within the meaning of section 365(d) of the Bankruptcy Code.

5. Notice of the Motion as provided therein is deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York are satisfied by such notice.

6. This Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024          _____
    New York, NY          UNITED STATES BANKRUPTCY COURT

# **EXHIBIT B**

**List of Unexpired Leases of Nonresidential Real Property**

**Unexpired Leases of Nonresidential Real Property**

| Lease Counterparty | Consent to Extend Deadline? |
|---|---|
| Our Lady of Lourdes | Yes |
| St. Agnes' Roman Catholic Church at Rockville Centre in the County of Nassau in the State of New York | Yes |
| St. Aidan Church | Yes |
| Diocesan Service, Inc. | Yes |