Hearing Date and Time: April 10, 2024 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: April 2, 2024 at 4:00 p.m. (Prevailing Eastern Time)

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York  10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Counsel for the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF | : | Case No. 20-12345 (MG) |
| ROCKVILLE CENTRE, NEW YORK,[1] | : | |
| | : | |
| Debtor. | : | |
| | : | |

**NOTICE OF HEARING ON THE
DEBTOR'S MOTION FOR ENTRY OF AN ORDER
FURTHER EXTENDING THE PERIOD WITHIN WHICH THE
DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452
AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**PLEASE TAKE NOTICE** that on **March 26, 2024**, the above-captioned debtor and debtor-in-possession (the "Debtor") filed the *Debtor's Motion for Entry of an Order Further Extending the Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, be filed by **April 2, 2024 at 4:00 p.m. (Prevailing Eastern Time)**, and shall be served on (a) the Debtor, c/o The Roman Catholic Diocese of Rockville Centre, New

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

York, P.O. Box 9023, Rockville Centre, NY 11571-9023; (b) counsel to the Debtor, Jones Day, 250 Vesey Street, New York, New York 10281-1047 Attn: Corinne Ball, Esq., Todd Geremia, Esq., Benjamin Rosenblum, Esq., and Andrew Butler, Esq.; and (c) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Greg M. Zipes, Esq. and Shara Cornell, Esq.

       **PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider such Motion and any objections related thereto (the "Hearing") will be held on **April 10, 2024 at 2:00 p.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004.

       **PLEASE TAKE FURTHER NOTICE** that parties wishing to appear at the Hearing via Zoom for Government, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl on or before April 9, 2024 at 4:00 p.m. (prevailing Eastern Time). After the deadline for parties to make electronic appearances has passed, parties who have made their electronic appearance through the Court's website will receive an invitation from the Court with a Zoom link that will allow them to attend the Hearing. Requests to receive a Zoom link should not be emailed to the Court, and the Court will not respond to late requests that are submitted on the day of the hearing. Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

       **PLEASE TAKE FURTHER NOTICE** that copies of each pleading can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtor's notice and claims agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/drvc or by calling (888) 490-0633. Note that a PACER password is needed to access documents on the Court's website.

[<em>Remainder of Page Intentionally Blank</em>]

Dated: March 26, 2024
      New York, New York

Respectfully submitted,

*/s/ Corinne Ball*
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Email:  cball@jonesday.com
      trgeremia@jonesday.com
      brosenblum@jonesday.com
      abutler@jonesday.com

*Counsel for the Debtor*
*and Debtor in Possession*

**Hearing Date and Time: April 10, 2024 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: April 2, 2024 at 4:00 p.m. (Prevailing Eastern Time)**

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York  10281
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | Case No. 20-12345 (MG) |
| Debtor. | |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The Roman Catholic Diocese of Rockville Centre, New York, as debtor and debtor-in-possession (the "Debtor"), hereby moves the Court for the entry of an order, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the period within which the Debtor may remove actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 (the "Removal Period") through and including August 15, 2024.  In support of this Motion, the Debtor respectfully states as follows:

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

## Background

1.      On October 1, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate and pursue its religious, non-profit mission and ministry, and manage its properties and affairs as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

2.      The Debtor is the seat of the Roman Catholic Church on Long Island.  The State of New York established the Debtor as a religious corporation in 1958.  *See* 1958 N.Y. SESS. LAWS Ch. 70 (1958), § 1.  The Debtor is one of eight Catholic dioceses in New York and is the eighth-largest diocese in the United States when measured by number of baptized Catholics.  The Debtor's total Catholic population is 1.4 million, which constitutes roughly half of Long Island's total population of 3.0 million.  Pursuit of the Debtor's mission depends upon the continuing financial support provided by the faithful in anticipation of, and in mutual support of, the Debtor's religious and charitable mission.

3.      To carry out its Catholic mission, the Debtor works closely with its 135 parishes. Parishes play a central role in the lives of Catholics by administering key aspects of the Catholic Faith, including: baptism, education, communion, Mass, confirmation, marriage, and bereavement, including last rites, funeral services and grief support.  None of the parishes are debtors herein.  In addition, the Debtor supports separate charitable organizations to further its pursuit of the Catholic mission to serve the poor, the hungry, those in need, and those that cannot help themselves.  None of those entities are debtors herein.  The Debtor is also continuing its outreach to comfort, educate, and enlighten the faithful, especially in these times of quarantine and isolation due to COVID-19 protocols and precautions.

4.      Following the enactment in 2019 of the Child Victims Act (the "CVA"), which

revived what had been time-barred claims, approximately 200 prepetition lawsuits have been brought by abuse claimants against the Debtor (the "State Court Actions"). In its effort to fairly and equitably address this tragic legacy, the Debtor has undertaken a substantial effort to identify and marshal over 60 years of insurance policies, including both primary and excess coverage, with the goal of securing a valuable resource of the Debtors, its parishes, and its affiliates, so that it can be used for the care and compensation of abuse survivors. The Debtor has made such insurance policies and related information, together with historical financial information for itself and its charitable, educational, and service affiliates, available to counsel for the abuse claimants and the Debtor's insurers.

5.    Additional information regarding the Debtor, its mission and operations, and the events and circumstances preceding the Petition Date is set forth in the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Diocese of Rockville Centre, New York, in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date.

## Jurisdiction and Venue

6.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.    On December 18, 2020, the Court entered the *Order Extending the Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* [Docket No. 267] (the "First Extension Order") by which the time within which the Debtor may file notices of removal of any and all civil actions

was extended to and including April 29, 2021, to the extent that the time period for filing any

such notices of removal otherwise would expire before such date.  The First Extension Order

extended such deadline without prejudice to the Debtor's ability to seek further extensions.

8.      On April 13, 2021, the Court entered the *Order Further Extending the Period*

*Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of*

*the Federal Rules of Bankruptcy Procedure* [Docket No. 452] (the "Second Extension Order")

by which the time within which the Debtor may file notices of removal of any and all civil

actions was extended to and including August 27, 2021, to the extent that the time period for

filing any such notices of removal otherwise would expire before such date.  The Second

Extension Order extended such deadline without prejudice to the Debtor's ability to seek further

extensions.

9.      On August 18, 2021, the Court entered the *Order Further Extending the Period*

*Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of*

*the Federal Rules of Bankruptcy Procedure* [Docket No. 687] (the "Third Extension Order") by

which the time within which the Debtor may file notices of removal of any and all civil actions

was extended to and including December 27, 2021, to the extent that the time period for filing

any such notices of removal otherwise would expire before such date.  The Third Extension

Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

10.     On December 9, 2021, the Court entered the *Order Extending the Period Within*

*Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the*

*Federal Rules of Bankruptcy Procedure* [Docket No. 906] (the "Fourth Extension Order") by

which the time within which the Debtor may file notices of removal of any and all civil actions

was extended to and including April 26, 2022 to the extent that the time period for filing any

such notices of removal otherwise would expire before such date.  The Fourth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

11.    On April 13, 2022, the Court entered the *Order on Motion to Extend Removal Period* [Docket No. 1069] (the "Fifth Extension Order") by which the time within which the Debtor may file notices of removal of any and all civil actions was extended to and including August 26, 2022, to the extent that the time period for filing any such notices of removal otherwise would expire before such date.  The Fifth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

12.    On August 10, 2022, the Court entered the *Order on Motion to Extend Removal Period* [Docket No. 1263] (the "Sixth Extension Order") by which the time within which the Debtor may file notices of removal of any and all civil actions was extended to and including December 24, 2022, to the extent that the time period for filing any such notices of removal otherwise would expire before such date.  The Sixth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

13.    On November 30, 2022, the Court entered the *Order on Motion to Extend Removal Period* [Docket No. 1487] (the "Seventh Extension Order") by which the time within which the Debtor may file notices of removal of any and all civil actions was extended to and including April 23, 2023, to the extent that the time period for filing any such notices of removal otherwise would expire before such date.  The Seventh Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

14.    On March 30, 2023, the Court entered the *Order Extending the Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* [Docket No. 1962] (the "Eighth Extension Order") by

which the time within which the Debtor may file notices of removal of any and all civil actions was extended to and including August 21, 2023, to the extent that the time period for filing any such notices of removal otherwise would expire before such date. The Eighth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

15.      On July 13, 2023, the Court entered the *Order Extending the Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* [Docket No. 2299] (the "Ninth Extension Order") by which the time within which the Debtor may file notices of removal of any and all civil actions was extended to and including December 19, 2023, to the extent that the time period for filing any such notices of removal otherwise would expire before such date. The Ninth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

16.      On November 27, 2023, the Court entered the *Order Extending the Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* [Docket No. 2688] (the "Tenth Extension Order") by which the time within which the Debtor may file notices of removal of any and all civil actions was extended to and including April 17, 2024, to the extent that the time period for filing any such notices of removal otherwise would expire before such date. The Tenth Extension Order extended such deadline without prejudice to the Debtor's ability to seek further extensions.

17.      By this Motion, the Debtor seeks the entry of an order pursuant to Bankruptcy Rule 9006(b) further extending the Removal Period by approximately four additional months, through and including August 15, 2024, to the extent that the time period for filing any notices of removal expires on or before such date.

18.     The relief requested is without prejudice to (a) any position the Debtor may take

regarding whether section 362 of the Bankruptcy Code applies to stay any given civil action

pending against the Debtor and (b) the Debtor's right to seek from this Court further extensions

of the Removal Period.

## Basis for Relief Requested

19.     Section 1452 of title 28 of the United States Code provides for the removal of

pending claims in civil actions related to bankruptcy cases.  Section 1452 provides in pertinent

part as follows:

> A party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a civil
> action by a governmental unit to enforce such governmental unit's
> police or regulatory power, to the district court for the district where
> such civil action is pending, if such district court has jurisdiction of
> such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

20.     Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of

claims or causes of action.  Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a
> case under the [Bankruptcy] Code is commenced, a notice of
> removal may be filed [in the bankruptcy court] only within
> the longest of (A) 90 days after the order for relief in the case under
> the [Bankruptcy] Code, (B) 30 days after entry of an order
> terminating a stay, if the claim or cause of action in a civil action
> has been stayed under § 362 of the [Bankruptcy] Code, or
> (C) 30 days after a trustee qualifies in a chapter 11 reorganization
> case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

21.     With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a

notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service
> or otherwise, of a copy of the initial pleading setting forth the claim

or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

22.     Finally, Bankruptcy Rule 9006(b)(1) provides that the Court can extend the period within which the Debtor may remove actions provided for by Bankruptcy Rule 9027, without notice, upon a showing of cause:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order. . . .

FED. R. BANKR. P. 9006(b)(1).

23.     It is well-settled that courts are authorized by Bankruptcy Rule 9006 to extend the Removal Period provided under Bankruptcy Rule 9027. *See*, *e.g.*, *In re Fairfield Sentry Ltd. Litigation*, 458 B.R. 665, 692 (S.D.N.Y. 2011) ("Bankruptcy Rule 9006(b)(1)(1) allows the bankruptcy court to enlarge the time for removal before the time for removal expires *sua sponte*."); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (explaining that Bankruptcy Rule 9006(b) allows a court to enlarge the time period for removing actions under Bankruptcy Rule 9027(a)(3)); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (same).

24.     The Debtor submits that "cause" exists to extend the Removal Period within the meaning of Bankruptcy Rule 9006. To date, the Debtor has not had an adequate opportunity to determine whether to remove any actions that may be subject to removal. As of the Petition Date, among other things, the Debtor was a defendant in approximately 200 State Court Actions brought following the enactment of the CVA in February of 2019. Given (a) the number of State Court Actions asserted against the Debtor and (b) the other critical matters to address in

this chapter 11 case, the Debtor requires additional time to evaluate whether the removal of any

action under 28 U.S.C. § 1452 is appropriate and desirable.

25.     Absent an extension of the Removal Period, the Debtor risks waiving its removal

rights before it has had an opportunity to complete an evaluation of these issues.[2]  The requested

relief will protect the Debtor's right to remove lawsuits under 28 U.S.C. § 1452 if the

circumstances warrant.

26.     Requests for extensions of the Removal Period have been granted routinely by

courts in this district.  *See, e.g.*, *In re LATAM Airlines Group S.A.*, No. 20-11254 (JLG), *Order*

*Granting Debtors' Motion for Entry of an Order Pursuant to Fed. R. Bankr. P. 9006(b) and*

*9027 Enlarging Time Within Which to File Notices of Removal of Related Proceedings*, [Docket

No. 1409] (Bankr. S.D.N.Y. Nov. 22, 2020); *In re OneWeb Global Ltd.*, No. 20-22437 (RDD),

*Second Order (A) Extending the Time to File Notices of Removal of Civil Actions and (B)*

*Granting Related Relief*, [Docket No. 609] (Bankr. S.D.N.Y. October 1, 2020); *In re Windstream*

*Holdings, Inc.*, No. 19-22312 (RDD), *Order Further Extending the Time to File Notices of*

*Removal of Civil Actions*, [Docket No. 1234] (Bankr. S.D.N.Y. Nov. 21, 2019).

27.     For the foregoing reasons, the Debtor respectfully requests that the Court grant

the relief requested herein.

## **Notice**

28.     Notice of this Motion shall be provided to: (a) the Office of the United States

---

[2] As quoted above, for a chapter 11 debtor in possession, the actual deadline under Bankruptcy Rule
9027(a) with respect to a prepetition action is the **longer** of (a) 90 days after the Petition Date or (b) 30 days after
entry of an order terminating the automatic stay as to an action.  Because the State Court Actions are currently
stayed by section 362 of the Bankruptcy Code, the Debtor believes that it would have until 30 days after the entry of
any order terminating the automatic stay as to a particular State Court Action to remove such action under 28 U.S.C.
§ 1452 and Bankruptcy Rule 9027(a)(2), which deadline could extend well beyond the initial 90-day period.
Nevertheless, the Debtor seeks the extension herein out of an abundance of caution to ensure that the removal period
does not lapse for the State Court Actions and for all other relevant actions.

Trustee for the Southern District of New York; (b) the Committee; and (c) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  Due to the nature of the relief requested herein, the Debtor respectfully submits that no further notice of this Motion is required.

<u>**No Prior Request**</u>

29.     No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as <u>**Exhibit A**</u>, granting:  (a) the relief requested herein; and (b) such other and further relief to the Debtor as the Court may deem proper.

Dated: March 26, 2024
      New York, New York

Respectfully submitted,

*/s/ Corinne Ball*
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: cball@jonesday.com
      trgeremia@jonesday.com
      brosenblum@jonesday.com
      abutler@jonesday.com

*Counsel for the Debtor*
*and Debtor in Possession*

## <u>EXHIBIT A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                                                          |   |                          |
|----------------------------------------------------------|---|--------------------------|
|                                                          | : |                          |
| In re:                                                   | : | Chapter 11               |
|                                                          | : |                          |
| THE ROMAN CATHOLIC DIOCESE OF                            | : | Case No. 20-12345 (MG)   |
| ROCKVILLE CENTRE, NEW YORK,[1]                           | : |                          |
|                                                          | : |                          |
|               Debtor.                                    | : |                          |
|                                                          | : |                          |

**ORDER FURTHER EXTENDING THE PERIOD WITHIN WHICH
THE DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452
AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the *Debtor's Motion for Entry of an Order Further Extending the Period Within Which the Debtor May Remove Actions Pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure* (the "Motion"),[2] pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9006(b); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (d) notice of the Motion and the Hearing was sufficient under the circumstances and (e) cause exists under Bankruptcy Rule 9006(b)(1) to grant an extension of the Removal Periods established under Bankruptcy Rule 9027(a); and the Court having

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

determined that the legal and factual bases set forth in the Motion and at the Hearing establish

just cause for the relief granted herein;

### IT IS HEREBY ORDERED THAT:

1.      The time period provided under Bankruptcy Rule 9027(a) within which

the Debtor may file notices of removal of any and all civil actions is extended to and including

August 15, 2024, to the extent that the time period for filing any such notices of removal

otherwise would expire before such date.

2.      This Order shall be without prejudice to (a) any position the Debtor may take

regarding whether section 362 of the Bankruptcy Code applies to stay any given civil action

pending against the Debtor and (b) the Debtor's right to seek from this Court further extensions

of the period within which the Debtor may file notices of removal under Bankruptcy Rule

9027(a) (any such request, an "Extension Request").

3.      Notice of the Motion as provided therein is deemed good and sufficient notice of

such Motion, and the requirements of the Bankruptcy Rules and the Local Rules of the

Bankruptcy Court for the Southern District of New York are satisfied by such notice.

4.      This Order shall be immediately effective and enforceable upon its entry.

5.      This Court shall retain exclusive jurisdiction over any and all matters arising from

or related to the implementation, interpretation or enforcement of this Order.


Dated: _____, 2024
      New York, NY                                                  UNITED STATES BANKRUPTCY COURT