Hearing Date and Time: May 9, 2024, at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: April 26, 2024, at 4:00 p.m. (Prevailing Eastern Time)

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York 10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | Case No. 20-12345 (MG) |
| Debtor. | |

**NOTICE OF HEARING ON THE**
**DEBTOR'S MOTION FOR ENTRY OF AN ORDER**
**DISMISSING THE DEBTOR'S CHAPTER 11 CASE**

    **PLEASE TAKE NOTICE** that on **April 12, 2024**, the above-captioned debtor and debtor-in-possession (the "Debtor") filed its *Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case* (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

    **PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, be filed by **April 26, 2024, at 4:00 p.m. (prevailing Eastern Time)**, and shall be served on (a) the Debtor, c/o The Roman Catholic Diocese of Rockville Centre, New York, P.O. Box 9023, Rockville Centre, NY 11571-9023; (b) counsel to the Debtor, Jones Day, 250 Vesey Street, New York, NY 10281-1047 Attn: Corinne Ball, Esq., Todd Geremia, Esq., Benjamin Rosenblum, Esq., Eric Stephens, Esq., and Andrew Butler, Esq.; and (c) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attn:

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

Greg M. Zipes, Esq. and Shara Cornell, Esq.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider such Motion and any objections related thereto (the "Hearing") will be held on **May 9, 2024, at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004. The Hearing will be a hybrid **Zoom/live** hearing, with some participants appearing by Zoom for Government and others appearing in the U.S. Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, NY, in Courtroom 523.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to appear at the Hearing via Zoom for Government, whether making a "live" or "listen only" appearance before the Court, must make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl on or before **May 8, 2024, at 4:00 p.m. (prevailing Eastern Time)**. After the deadline for parties to make electronic appearances has passed, parties who have made their electronic appearance through the Court's website will receive an invitation from the Court with a Zoom link that will allow them to attend the Hearing. Requests to receive a Zoom link should not be emailed to the Court, and the Court will not respond to late requests that are submitted on the day of the hearing. Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that copies of each pleading can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtor's notice and claims agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/drvc or by calling (888) 490-0633. Note that a PACER password is needed to access documents on the Court's website.

[*Remainder of page intentionally blank*]

| | |
|---|---|
| Dated: April 12, 2024<br>       New York, New York | Respectfully submitted,<br><br>*/s/ Corinne Ball*<br>Corinne Ball<br>Todd Geremia<br>Benjamin Rosenblum<br>Andrew Butler<br>JONES DAY<br>250 Vesey Street<br>New York, NY 10281-1047<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306<br>Email:  cball@jonesday.com<br>           trgeremia@jonesday.com<br>           brosenblum@jonesday.com<br>           abutler@jonesday.com<br><br>*Counsel for the Debtor*<br>*and Debtor in Possession* |

**Hearing Date and Time: May 9, 2024, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: April 26, 2024, at 4:00 p.m. (Prevailing Eastern Time)**

JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew Butler
250 Vesey Street
New York, New York 10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 (MG) |
| | : | |
| Debtor. | : | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER**
**DISMISSING THE DEBTOR'S CHAPTER 11 CASE**

The Roman Catholic Diocese of Rockville Centre, New York, as debtor and debtor-in-possession (the "Debtor" or the "Diocese"), hereby submits this motion, pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1017 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), dismissing the Debtor's chapter 11 case. In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

## **PRELIMINARY STATEMENT**

The Roman Catholic Diocese of Rockville Centre, New York filed this chapter 11 case three and a half years ago to seek to provide equitable and timely compensation to sexual abuse claimants, while also ensuring the continuance of the Debtor's religious and charitable mission. Although the Diocese believes that reaching an equitable resolution in this bankruptcy case would have been in the best interests of claimants and all of the Diocese's other stakeholders, that has not occurred. The Diocese embodied its best and final offer to creditors in a proposed plan of reorganization, which included $200 million to compensate abuse claimants. Claimants have overwhelmingly voted to reject that plan, however. This chapter 11 case has run its course, and it should now be dismissed in accordance with the Court-ordered disclosures that were made to claimants in connection with the proposed plan.

Last year, the Committee sought to dismiss this case. The Committee's ultimate basis for its motion was that state court counsel representing a majority of claimants would not support the Diocese's proposed plan and that claimants should have their day in court. The Diocese opposed that motion. The Court later came to recognize that the Committee's motion to dismiss was a ruse. *See* Dec. 19, 2023 Hr'g Tr. at 80:24–81:2 (THE COURT: "It seems obvious to me the committee didn't really mean it. I questioned whether they really meant it then. But subsequent history shows they didn't really mean it."). But a supermajority of claimants have now rejected the Diocese's proposed plan, in the face of clear disclosures from the Debtor that this bankruptcy case should be dismissed if the plan is not approved. The Diocese will accede to claimants' wishes, as expressed through the vote, and respectfully submits that the Court should, accordingly, dismiss this case.

The Debtor has been clear and consistent in the runup to this motion. First, although the Debtor was unable to reach a consensual resolution with the Committee by the October 31, 2023 date imposed by the Court, the Debtor made its best and final offer before that date. Next, the

-2-

Debtor followed through on its best and final offer by expressing its terms in a plan and disclosure statement for claimants to vote on. Finally, the Debtor's position on what should happen if claimants voted down that Plan is plainly stated in the solicitation documents: the chapter 11 case should be dismissed.

The Diocese sincerely hoped that its offer of $200 million—in addition to very substantial insurance assets—would be accepted by the creditors. It was not. With the results of the vote in hand and in accordance with the Debtor's disclosures in the solicitation package, the Debtor now joins claimants in requesting that the Court dismiss this chapter 11 case.

## BACKGROUND

1. On October 1, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate and pursue its religious, non-profit mission and ministry, and manage its properties and affairs as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtor, its mission and operations, and the events and circumstances preceding the petition date is set forth in the *Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to the Roman Catholic Diocese of Rockville Centre, New York, in Support of Chapter 11 Petition and First Day Pleadings* filed on the petition date.

2. In March 2023, the Committee filed the *Motion of the Official Committee of Unsecured Creditors to Dismiss Chapter 11 Case* [Docket No. 1912]. In response, the Debtor filed the *Debtor's Objection to the Official Committee of Unsecured Creditors' Motion to Dismiss the Chapter 11 Case*, [Docket No. 2199]. Following a two-day evidentiary trial, the Bankruptcy Court issued the *Order Denying the Motion of the Official Committee of Unsecured Creditors to Dismiss the Chapter 11 Case Without Prejudice* [Docket No. 2329] (the "Order Denying Committee's Motion to Dismiss") and ordered the Debtor to "file an amended plan of

reorganization and disclosure statement, or at minimum, a term sheet for a plan that is supported by both the Debtor and the Committee, by October 31, 2023." *Id*. The Debtor and the Committee never reached a consensual resolution. Nonetheless, shortly before the Bankruptcy Court's deadline, the Debtor submitted a plan term sheet setting forth the material terms of its best and final offer to creditors. *See Letter to the Honorable Chief Judge Glenn Regarding Case Status* [Docket No. 2590].

3. Using its plan term sheet as a framework, the Debtor filed its *First Amended Chapter 11 Plan of Reorganization for the Roman Catholic Diocese of Rockville Centre, New York* [Docket No. 2695] and *Disclosure Statement for First Amended Plan of Reorganization Proposed by The Roman Catholic Diocese of Rockville Centre, New York* [Docket No. 2696] on November 27, 2023. Following several revisions, the Debtor filed its *Fourth Modified First Amended Chapter 11 Plan of Reorganization for The Roman Catholic Diocese of Rockville Centre, New York* [Docket No. 2908] and *Fifth Amended Disclosure Statement for Fourth Modified First Amended Plan of Reorganization Proposed by The Roman Catholic Diocese of Rockville Centre, New York* [Docket No. 2910] on February 13, 2024.

4. The Court approved the Debtor's Disclosure Statement on February 15, 2024 and set March 22, 2024 at 5:00 p.m. as the Voting Deadline. *Order Approving Disclosure Statement, (II) Approving Form and Manner of Service of Disclosure Statement Notice, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Reorganization, (IV) Approving Related Notice Procedures, and (V) Scheduling Hearing on Confirmation of Plan of Reorganization, or, in the alternative, Dismissing the Debtor's Chapter 11 Case* [Docket No.

2918]. The Voting Deadline was subsequently extended to April 12, 2024 at 5:00 p.m. by agreement. *Order Approving Amended Solicitation Schedule* [Docket No. 3003].

5. The Disclosure Statement plainly states that the Debtor will ask the Court to dismiss this bankruptcy case if the Plan is voted down. *See* Disclosure Statement at Executive Summary ("If there are not enough creditor votes with respect to both Class 4 and Class 5 to accept the Plan under section 1126 of the Bankruptcy Code, the Diocese will ask the Bankruptcy Court to dismiss this chapter 11 case."). The Committee's letter to creditors, which was included as part of the solicitation package, also references that the bankruptcy case may be dismissed if "enough survivors vote to reject the Diocese's Plan." Committee Letter at 3 [Docket No. 2929] ("If enough survivors vote to reject the Diocese's Plan, the Diocese's bankruptcy case may be dismissed, leaving you free to pursue any viable claims against the Diocese, its Parishes and the other non-debtor affiliates of the Diocese subject to potential delays due to one of the Diocese's insurer's insolvency proceedings, as well as delays in litigation generally, and for those that do not have pending lawsuits a limited time to commence such a suit against the Diocese (subject to statutes of limitations and other applicable defenses).").

6. Shortly after the filing of this motion, Stephenie Kjontvedt, an employee of Epiq Corporate Restructuring, LLC, will file the *Voting Tabulation Declaration* indicating that a supermajority of Abuse Claims voted to reject the Plan.

**RELIEF REQUESTED**

7. The Debtor moves, pursuant to sections 105(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rules 1017 and 2016 for entry of an order, substantially in the form of the Proposed Order attached here, dismissing the Debtor's chapter 11 case and granting related relief.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**ARGUMENT**

**I. THERE IS CAUSE TO DISMISS THE CHAPTER 11 CASE**

9. Section 1112(b)(1) provides that, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." Conversion to chapter 7 is not available here because the Debtor is not a moneyed business. *See* 11 U.S.C. § 1112(c). The moving party has the burden to establish, by a preponderance of the evidence, that cause exists to dismiss the case. *See In re BH S & B Hldgs., LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).

**A. There is "Cause" to Dismiss the Chapter 11 Case Under 1112(b)(4)(A)**

10. Section 1112(b)(4)(A) defines "cause" to include a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation[.]"

   *i. Substantial and Continuing Loss*

11. The Court has already determined that losses suffered by the Debtor's estate during this bankruptcy case is a factor relevant to the losses prong of 1112(b)(4)(A). *See Order Denying Committee's Motion to Dismiss* [Docket No. 2329], at 5. The Debtor has incurred more than $106 million in professional fees as of February 29, 2024, as well as an incremental $34 million in professional fees since the Committee filed its motion to dismiss in March 2023. The Court may take judicial notice of these figures, which are included in the Debtor's Monthly Operating

-6-

Reports. *See, e.g.,* Docket Nos. 3031, 2951, 2862, 2791, 2704, 2620, 2532, 2531, 2530, 2237, and 2121.[2] As a consequence, the Debtor's estate is experiencing a substantial or continuing loss.

*ii. No Reasonable Likelihood of Rehabilitation*

12. The second prong of the 1112(b)(4)(A) analysis is the absence of a reasonable likelihood of rehabilitation. The Court "considers 'rehabilitation' to mean the Debtor's proposal of a workable chapter 11 plan 'within a reasonable period of time.'" *Order Denying Committee's Motion to Dismiss* [Docket No. 2329], at 2 (quoting *In re Wahlie*, 417 B.R. 8, 11–12 (Bankr. N.D. Ohio 2009)). And the Court set a period of time—October 31, 2023—by which the Debtor should file a plan or plan term sheet that is supported by both the Debtor and the Committee. *Id.* at 8. The Debtor and the Committee did not propose a consensual plan within the time set by the Court.

13. The Debtor filed a chapter 11 plan to try to achieve a resolution on the basis of the Debtor's final offer to creditors. The Debtor's approach was that creditors should have an opportunity to accept or reject the Debtor's terms and, if those terms are rejected, the bankruptcy case should then be dismissed. As the Court has stated, the Debtor cannot confirm a plan without the "overwhelming" support of its creditors. *Id.* at 4 (citing *In re Purdue Pharma L.P.*, 69 F.4th 45, 78–79 (2d Cir. 2023)). The Committee recommended that creditors vote against the plan, and they did, overwhelmingly.

14. The Disclosure Statement made clear that, if Abuse Claimants voted to reject the Plan, the Debtor would move to dismiss the case. Disclosure Statement at Executive Summary

---

[2] The $106 million of professional fees includes $33.3 million of professional fees for the Committee's professionals. According to the February Monthly Operating Report, incurred professional fees were $103,614,895 through February 29, 2024. The reason for the difference from the $106 million number provided above is that certain advisors had not yet filed monthly fee statements when the February Monthly Operating Report was prepared, but have since filed February monthly fee statements. Fees from these additional monthly fee statements add approximately $2.7 million to the totals in the February Monthly Operating Report, resulting in the amounts above (that is, $106 million case-to-date and $34 million since April 1, 2023). These numbers *include* fees and expenses, and they *exclude* amounts incurred in March 2024 and fees paid to ordinary course professionals.

("If there are not enough creditor votes with respect to both Class 4 and Class 5 to accept the Plan under section 1126 of the Bankruptcy Code, the Diocese will ask the Bankruptcy Court to dismiss this chapter 11 case."). The Plan has been solicited on the basis of this representation; claimants have voted to reject the Plan; and dismissal is thus warranted in accordance with the Court's ruling on the Committee's prior motion to dismiss, section 1112(b)(4)(A), and the solicitation package.

### B. Alternatively, There is "Cause" to Dismiss the Chapter 11 Case Under § 1112(b)(4)(J)

15. Section 1112(b) also defines "cause" to include the inability to confirm a plan within the time fixed by the Court. *See* 11 U.S.C. § 1112(b)(4)(J). "Only mandatory deadlines set by the Court or by an order of the court provide the basis for invoking 1112(b)(4)(J) as a cause for a dismissal." *In re BH S & B Hldgs., LLC*, 439 B.R at 351 (quoting 7 COLLIER ON BANKRUPTCY ¶ 14112.04[6][j]).

16. Here, the Court required the Debtor to "file an amended plan of reorganization and a disclosure statement, or at minimum, a term sheet for a plan that is supported by both the Debtor and the Committee, by October 31, 2023." *See Order Denying Committee's Motion to Dismiss* [Docket No. 2329], at 8. The Debtor and the Committee could not come to a consensual resolution, and the Debtor was thus not able to comply with the Court-ordered, October 31, 2023 deadline. The Debtor filed a plan term sheet, which was not supported by the Committee, on October 19, 2023. Although no party moved to dismiss when the October 31, 2023 deadline passed without a consensual plan or plan term sheet on file, cause to dismiss this chapter 11 case plainly exists now in light of the Court's order.

17. Since the October 31, 2023 deadline, the Debtor sought to reach a resolution by soliciting votes on the Plan. But, now that claimants have overwhelmingly voted to reject the Plan, there is, more than three years after this case was commenced, no "reasonable likelihood that a

-8-

plan will be confirmed . . . within a reasonable period of time." *See* 11 U.S.C. § 1112(b)(2)(A). Therefore, an alternative basis on which to dismiss this bankruptcy case is that there is cause to do so under section 1112(b)(4)(J).

## NOTICE

18.   Notice of this Motion has been provided in accordance with the procedures of the Case Management Order. The Debtor respectfully submits that no further notice is required.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully request that this Court: (i) enter the Order attached hereto as **Exhibit A** and (ii) grant the Debtor such other and further relief as the Court may deem proper.

[*Remainder of Page Intentionally Blank*]

| | |
|---|---|
| Dated: April 12, 2024 | Respectfully submitted, |
| | |
| | */s/ Corinne Ball* |
| | Corinne Ball |
| | Todd Geremia |
| | Benjamin Rosenblum |
| | Andrew Butler |
| | JONES DAY |
| | 250 Vesey Street |
| | New York, NY 10281-1047 |
| | Telephone: (212) 326-3939 |
| | Facsimile: (212) 755-7306 |
| | Email: cball@jonesday.com |
| |        trgeremia@jonesday.com |
| |        brosenblum@jonesday.com |
| |        abutler@jonesday.com |
| | |
| | *Counsel for the Debtor* |
| | *and Debtor in Possession* |

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 (MG) |
| | : | |
| Debtor. | : | |

**ORDER DISMISSING CHAPTER 11 CASE**

Upon the *Debtor's Motion for an Order Dismissing the Debtor's Chapter 11 Case* (the "Motion") pursuant to sections 105 and 1112 of the Bankruptcy Code; the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Motion and the Hearing was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing further establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtor's chapter 11 bankruptcy case is hereby dismissed as of the date of this Order.

3. Notwithstanding the foregoing:

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

A. Within fifteen days of this Order and thereafter within fifteen days of receipt of any additional fees, Pachulski Stang Ziehl & Jones LLP ("PSZJ") shall (i) pay the fee rebate, as described in The Official Committee of Unsecured Creditors' Application to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Effective as of October 16, 2020 (Docket No. 133) (the "Application"), with interest set forth in NY CPLR 5004, accruing from the date payment was received by PSZJ on account of fees invoiced to the estate until the date such amounts were deposited in PSZJ's IOLTA account, to the National Children's Advocacy Center or such other charitable organization selected by the Official Committee of Unsecured Creditors in accordance with the Application, and (ii) certify by notice filed through the Court's CM-ECF system that the fee rebate has been completed, the amount of the fee rebate and the recipient organization. The Court shall retain jurisdiction with respect to this Paragraph 3.A.

B. The entry of this Order shall not effect or interfere with (i) any pending insurance adversary proceedings involving The Roman Catholic Diocese of Rockville Centre, New York, (ii) any pending appeals from orders sustaining omnibus claim objections involving The Roman Catholic Diocese of Rockville Centre, New York, or (iii) any other contested matter or adversary proceeding that is not before this Court due to withdrawal of the reference or an appeal of this Court's order.

4. This Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this order.

Dated: _____, 2024
      New York, NY

CHIEF JUDGE MARTIN GLENN
UNITED STATES BANKRUPTCY COURT