**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>Debtor. | Case No. 20-12345 (MG)<br><br>Chapter 11 |

Certain Underwriters at Lloyd's, London subscribing various policies, Ancon Insurance Co. (UK) Ltd., Assicurazioni Generali T.S., Dominion Insurance Co. Ltd., Excess Insurance Co. Ltd., London & Edinburgh General Insurance Co. Ltd., St. Katherine Insurance Co. Ltd., Terra Nova Insurance Co. Ltd., Turegum Insurance Co. Ltd., Unionamerica Insurance Co. Ltd., and Yasuda Fire & Marine (UK) Ltd. (collectively, "London Market Insurers" or "LMI"), by and through their undersigned counsel, respectfully submit their evidentiary objections to the Declaration of Jason P. Amala in Support of Objection to the Debtor Roman Catholic Diocese of Rockville Centre's Motion to Dismiss and Joinder to the Official Committee of Unsecured Creditor's Objection ("Amala Declaration") [Doc. 3078].

**OBJECTIONS TO THE DECLARATION OF JASON P. AMALA**

| Objection No. | Allegation Objected To | Objection | Court's Ruling: |
|---|---|---|---|
| 1. | ¶ 3 The Debtor's disclosure statement and proposed plan acknowledged that its insurers have refused to meaningfully participate in a resolution of this bankruptcy. As a result, the Debtor's proposed plan regarding its insurance did nothing more than propose the Debtor coordinate the post-confirmation release of individual claims to move forward in state court. The equivalent of test cases. | **Improper Use of Compromise Offers and Negotiations** (Fed. R. Evid. 408); **Speculation and Lack of Personal Knowledge** (Fed. R. Evid. 602); **Hearsay** (Fed. R. Evid. 801); **Lack of Foundation** (Fed. R. Evid. 901) | Sustained \_\_\_\_<br>Overruled \_\_\_\_ |
| 2. | ¶ 9 I could provide similar updates for every other pending bankruptcy | **Lack of Relevance** (Fed. R. Evid. 401); | Sustained \_\_\_\_ |

1

| Objection No. | Allegation Objected To | Objection | Court's Ruling: |
|---|---|---|---|
|  | in the country, whether it be the Diocese of Albany, the Diocese of Ogdensburg, the Diocese of Oakland, the Diocese of San Francisco, the Diocese of Santa Rosa, or the Diocese of Buffalo. Despite the varying lengths of these bankruptcies, including some that have been pending for years, I am not aware of any meaningful settlements with the insurers of those entities, particularly the insurers who face the most significant exposure in each bankruptcy. The same can generally be said of state court litigation across the country that has arisen from claims for child sexual abuse — the insurers are generally refusing to negotiate claims, whether those claims arise in New York, New Jersey, California, or elsewhere. | **Unfair Prejudice and Misleading** (Fed. R. Evid. 403); **Improper Use of Compromise Offers and Negotiations** (Fed. R. Evid. 408); **Speculation and Lack of Personal Knowledge** (Fed. R. Evid. 602); **Hearsay** (Fed. R. Evid. 801); **Lack of Foundation** (Fed. R. Evid. 901) | Overruled ____ |
| 3. | ¶ 10 The only rationale conclusion is the insurers want to force their insureds into bankruptcy because a bankruptcy stays the underlying state court litigation. In turn, the insurers no longer have to pay to defend those individual state court lawsuits and they have no incentive to settle the individual claims because there is no risk of a jury verdict while the claims remain stayed in bankruptcy. | **Speculation and Lack of Personal Knowledge** (Fed. R. Evid. 602); **Lack of Foundation** (Fed. R. Evid. 901) | Sustained ____<br>Overruled ____ |
| 4. | ¶ 11 Once in bankruptcy, the insurers assert the individual claims have little value because the vast majority of the individual plaintiffs have been unable to build their liability case, which is a direct result of the state of discovery. At the same time, the insurers assert they have no duty to defend or to | **Lack of Relevance** (Fed. R. Evid. 401); **Unfair Prejudice and Misleading** (Fed. R. Evid. 403); **Improper Use of Compromise Offers and Negotiations** (Fed. R. Evid. 408); **Speculation** | Sustained ____<br>Overruled ____ |

| Objection No. | Allegation Objected To | Objection | Court's Ruling: |
|---|---|---|---|
| | cover these claims because of factual allegations like "expected or intended," which requires a case-by-case factual analysis once a jury issues its verdict and the carrier is asked to contribute to the verdict. | **and Lack of Personal Knowledge** (Fed. R. Evid. 602); **Hearsay** (Fed. R. Evid. 801); **Lack of Foundation** (Fed. R. Evid. 901) | |

In addition to the above enumerated objections, LMI further object to the extent that the Amala Declaration violates the *Order Appointing a Mediator* [Doc. 794] (the "Mediation Order"). On October 20, 2021, the Court entered the Mediation Order and named Paul Van Osselaer as the mediator for the mediation of issues in the Bankruptcy Case (the "Mediator" for the "Mediation"). The Mediation Order states, in relevant part:

- "The Debtor, the Committee, and the Debtor's insurers, . . . shall participate in good faith in the Mediation in an effort to develop the primary terms of a consensual chapter 11 plan and address any other such issues as may be agreed to by the Parties and the Mediator." (Mediation Order at ¶ 2.)

- "The Mediator shall have discretion to determine the participants in each session of the Mediation." (*Id.* at ¶ 8.)

- "Neither a Party's participation in the Mediation, nor the fact or outcome of the Mediation, shall be used (i) against any Party in any way in or relating to the chapter 11 case and related adversary proceeding or (ii) with respect to any request for relief in or relating to the chapter 11 case." (*Id.* at ¶ 8.)

- "Pursuant to Rule 408 of the Federal Rules of Evidence and the Mediation Rules, no person or Party may in any arbitral, judicial or other proceeding (including, but not limited to any hearing held by this Court in the Debtor's chapter 11 case or related proceedings)[ ]disclose, divulge or introduce as evidence any aspect of the Mediation, including, but not limited to (a) any statement, admission or proposal made by the Mediator, any of the Parties or others during the Mediation process; and (b) any records, reports, documents or other materials received or made by the Mediators while serving in such capacity (the items in (a) and (b), collectively, the 'Mediation Materials'), unless it is otherwise admissible under the Mediation Rules, it exists independently of the Mediation, or the Parties otherwise agree." (*Id.* at ¶ 14.)

3

The Amala Declaration violates the Mediation Order. First, Attorney Amala's suggestion that "insurers have refused to meaningfully participate" attempts to use as evidence "a Party's participation in the Mediation." Amala Declaration at ¶ 3. Second, the Amala Declaration states that "[o]nce in bankruptcy" and then outlines various alleged contentions made by "insurers" during mediation. *Id.* at ¶ 11. The Mediation Order expressly states "no person or Party may in any arbitral, judicial or other proceeding (including, but not limited to any hearing held by this Court in the Debtor's chapter 11 case or related proceedings)[ ]disclose, divulge or introduce as evidence any aspect of the Mediation." Mediation Order at ¶ 14. Third, the Amala Declaration generally attempts to use as evidence in this chapter 11 case "the fact or outcome of the Mediation." Fourth, the Amala Declaration attempts to question LMI's negotiation efforts in a manner in which LMI's only defense to such assertions would require LMI to violate the Mediation Order.

Dated: May 2, 2024

Respectfully submitted,

By: */s/ Russell W. Roten*
Russell W. Roten (*pro hac vice*)
Jeff D. Kahane (*pro hac vice*)
Andrew Mina (*pro hac vice*)
Nathan Reinhardt (*pro hac vice*)
Duane Morris LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
Telephone: (213) 689-7400
Facsimile:  (213) 689-7401
Email: RWRoten@duanemorris.com

*Attorneys for London Market Insurers*

By: */s/ Catalina J. Sugayan*
Catalina J. Sugayan (*pro hac vice*)
James J. Moffitt (*pro hac vice*)
Clyde & Co
30 S Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 635-7000

4

Facsimile: (312) 635-6950
Email: catalina.sugayan@clydeco.us

*Attorneys for London Market Insurers*

5