Hearing Date and Time: **October 30, 2024 at 10:00 a.m.** (Prevailing Eastern Time)
Objection Date and Time: **October 23, 2024 at 4:00 p.m.** (Prevailing Eastern Time)

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang (admitted *pro hac vice*)
Brittany M. Michael
Karen B. Dine
Gail S. Greenwood
780 Third Avenue, 34th Floor
New York, NY  10017
Tel: (212) 561-7700; Fax: (212) 561-7777
Email:    jstang@pszjlaw.com
          bmichael@pszjlaw.com
          kdine@pszjlaw.com
          ggreenwood@pszjlaw.com

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC DIOCESE OF<br>ROCKVILLE CENTRE, NEW YORK,<br>Debtor. | Chapter 11<br>Case No. 20-12345 (MG) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) AUTHORIZING AND APPROVING THE EMPLOYMENT OF WILLIAM L. BETTINELLI AS ABUSE CLAIMS REVIEWER AND (II) AUTHORIZING ACTIONS TO BE TAKEN PURSUANT TO [PROPOSED] TRUST ALLOCATION PROTOCOL**

The Official Committee of Unsecured Creditors (the "Committee") of the Roman

Catholic Diocese of Rockville Centre, New York (the "Diocese" or "Debtor"), through its

undersigned counsel, submits its application (the "Application") for entry of an order (I)

authorizing and approving the employment of  Hon. William L. Bettinelli (retired) as the Abuse

Claims Reviewer (defined below) in connection with a plan to be filed by the Debtor and (II)

authorizing Judge Bettinelli to commence the performance of his duties under the Trust

Allocation Protocol, including the authority to issue pre-confirmation notices to abuse claimants

setting deadlines for submissions of supplemental statements, all as provided in the proposed

"Trust Allocation Protocol"), filed on October 7, 2024 as a Plan Supplement at Docket No. 3294.

To support its Application, the Committee relies of the Declaration of William L. Bettinelli (the

"Bettinelli Declaration") attached as **Exhibit A** hereto and respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of

this proceeding and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested are sections 328, 504, 1102, and 1103

of chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule

2014 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local

Bankruptcy Rule ("LBR") for the Southern District of New York 2014-1.

## BACKGROUND

3.      On October 1, 2020, the Diocese commenced this case by filing a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.

4.      Since the commencement of the case, the Diocese has been in possession of its

properties and has operated and managed its businesses as Debtor in possession under sections

1107(a) and 1108 of the Bankruptcy Code.  The Office of the United States Trustee appointed

the Committee, which consists of nine individuals who hold claims against the Diocese,

including eight individuals who were sexually abused as minors by perpetrators for whom the

Diocese was responsible and one individual who is a representative of a minor with a civil rights claim against the Diocese.

5.       The principal purpose of this bankruptcy case is to address the Diocese's liabilities for sexual abuse ("Abuse Claims")[1] perpetrated by priests of the Diocese and others for whom the Diocese is responsible.

6.       On January 27, 2021, the Court entered an *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 333] (as thereafter amended, the "Bar Date Order"), which established August 14, 2021 at 5:00 p.m. prevailing Eastern Time (the "Abuse Claims Bar Date") as the deadline for abuse claimants to submit proofs of claim.

7.       On May 24, 2022, New York Governor Kathy Hochul signed the Adult Survivors Act (S.66A/A.648A) ("ASA").  While the Child Victims Act ("CVA") revived certain claims based on allegations of sexual abuse of a minor, the ASA revived claims resulting from sexual offenses against individuals that occurred when the person was 18 years of age or older and allowed such persons to sue on account of such claims, regardless of prior limitations periods. On August 10, 2022, the Court entered an *Order Establishing a Supplemental Deadline for Filing Certain Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1262]*,* which established October 10, 2022 at 5:00 p.m. prevailing Eastern Time (the "Supplemental Bar Date") as the deadline for abuse claimants to submit proof of claims arising under the ASA.

---

[1] Capitalized terms not otherwise defined in this motion shall have the meaning ascribed to them in the Diocese's plan of reorganization.

3

8.      The Committee, the Debtor, its insurers, and various parties associated with the

Debtor engaged in extensive mediation negotiations to reach a global resolution regarding

compensation for claimants who were sexually abused by priests or others for whom the Debtor

was responsible.  At a status conference on September 24, 2024, the Debtor announced that it

had reached a settlement in principle with substantially all of the interested parties – including

the Debtor's solvent insurers.  On October 7, 2024, the Debtor filed the *Chapter 11 Plan of*

*Reorganization Proposed by the Roman Catholic Diocese of Rockville Centre, New York and*

*Additional Debtors*, Docket No. 3292 (the "Plan"), and its accompanying disclosure statement,

Docket No. 3291.

9.      The Plan channels all claims against the Diocese and all claims against designated

parishes or affiliated entities of the Diocese (the "Additional Debtors") based on the creation of a

settlement trust (the "Trust") funded by approximately $320 million.

10.     To effectuate the Plan, the Additional Debtors will seek chapter 11 relief  through

a procedure referred to as "pre-packaged bankruptcies" immediately upon acceptance of the Plan

by creditors and, thereafter, the Diocese and Additional Debtors will jointly seek confirmation of

the Plan, including approval of the Trust Allocation Protocol.  All previously asserted Abuse

Claims that name one or more Additional Debtors will be considered an Abuse Claim and treated

accordingly.  All Abuse Claims not previously asserted against Additional Debtors must be

submitted to the claims agent (Epiq Corporate Restructuring, LLC) in accordance with the terms

of the proposed plan describing the Additional Debtors Sexual Abuse Bar Date.

4

11.    Pursuant to the Plan, survivors holding Abuse Claims against the Diocese or

Additional Debtors will receive a cash distribution from a settlement trust according to the Trust

Allocation Protocol.  The Trust Allocation Protocol is subject to Bankruptcy Court approval,

which will be sought in connection with confirmation of the Plan.

12.    The Trust Allocation Protocol provides a mechanism for allocating funds among

survivors.  The Plan provides that Abuse Claims against the Diocese and Additional Debtors will

be evaluated under the Trust Allocation Protocol by a claims reviewer (hereafter, "Abuse Claims

Reviewer") appointed by the Bankruptcy Court.  The Abuse Claims Reviewer will evaluate each

Abuse Claim based on the criteria in the Trust Allocation Protocol.  He will make no

determination regarding the terms of the Plan or the funds available to collectively pay the holder

of an Abuse Claim.  He will be an independent evaluator who will review each Abuse Claim on

the facts presented as provided for in the Trust Allocation Protocol.  Such independent review is

necessary and appropriate to assure that funds available to holders of Abuse Claims are allocated

fairly.  The Committee has selected Judge Bettinelli as the Abuse Claims Reviewer on the terms

of this Application.

13.    Under the Trust Allocation Protocol, the Abuse Claims Reviewer will review

information regarding about 750 Abuse Claims[2] and additional claims filed pursuant to the

Additional Debtors Sexual Abuse Bar Date.  Under the protocol, survivors will be provided

notice of the opportunity to supplement their proofs of claim and to submit additional

---

[2] The Bar Date Order provides that any person appointed by order of the Court to serve as a claims reviewer to
review and resolve Sexual Abuse Claims is an Authorized Party permitted to receive copies of confidential Sexual
Abuse Proof of Claim Forms.  *See* para. 15(c)(v).  The Abuse Claims Reviewer will also be responsible for the
review of Future Abuse Claims.

5

information by written statement or by video submission that relates to the allocation of the funds in the Settlement Trust. To effectuate a distribution of funds as soon as possible after funding the Settlement Trust, the Abuse Claims Reviewer should begin the evaluation process immediately rather than waiting for plan confirmation. The Abuse Claims Reviewer should also be allowed to send out notices of the commencement of any notice periods regarding supplementary or other information contemplated by the Trust Allocation Protocol.

14.    Certain survivors have been litigating their claims for years and all have carried the burden of its abuse for decades. Counsel for the survivors have told the Committee that many survivors are ill and/or elderly. Thus, any further delay in allocation of the settlement proceeds and compensation of survivors – and the continuing material and emotional hardship on survivors and its families – should be avoided.

15.    Because of the pressing needs of survivors and the time they have been waiting for resolution of this case, the Committee believes that the Abuse Claims Reviewer should begin his services now. The Committee seeks to employ Judge Bettinelli so he can begin his work and enable the Trust to make prompt distributions if the proposed plan is confirmed. Judge Bettinelli will make no final determinations of a claim until after the plan is confirmed and the Trust Allocation Protocol (as it may be amended or revised) is approved on a final basis. There is precedent from other bankruptcy cases of religious entities to begin the claims review process before confirmation to ease the burden on sexual abuse survivors. In the chapter 11 cases of the Catholic Bishop of Northern Alaska, the Society of Jesus Oregon Province, the Diocese of Davenport (Iowa), The Catholic Diocese of Wilmington, Inc., The Christian Brothers' Institute

6

and The Christian Brothers of Ireland, Inc., the Roman Catholic Bishop of Helena, Montana, the

Roman Catholic Church of the Diocese of Gallup, and the Archdiocese of Santa Fe case,  the

bankruptcy courts authorized the employment of an abuse claims reviewer at a similar (although

not identical) stage in the proceedings.

### RELIEF REQUESTED AND BASIS FOR RELIEF

16.      By this Application, the Committee seeks entry of an order (i) authorizing and

approving the retention of Judge Bettinelli as the Abuse Claims Reviewer on the terms in this

Application and at the expense of the estate,[3] (ii) authorizing the Committee to assist Judge

Bettinelli in the performance of his duties, including but not limited to the issuance of notices to

holders of Abuse Claims of the commencement of notice periods for submitting supplemental or

other information contemplated by the Trust Allocation Protocol and  (iii) confirming Judge

Bettinelli as an Authorized Party under the Bar Date Order.  The Committee understands that the

Debtor consents to the relief requested.

**A.**      **Judge Bettinelli's Retention**

#### Judge Bettinelli's Services

17.      Judge Bettinelli's professional services will include, but shall not be limited to,

reviewing and assessing Abuse Claims under the Trust Allocation Protocol.  Any information

submitted by survivors to Judge Bettinelli shall be subject to a mediation privilege, and

production of any information by an abuse claimant (or his/her counsel) to Judge Bettinelli shall

---

[3] The cost will be deducted from the Diocese's payment to the Settlement Trust.

SF 4854-2191-8187.4 18491.002

not be a waiver of any attorney-client privilege or attorney-work product doctrine, or any similar privilege or doctrine.

### Judge Bettinelli's Expertise

18.     The Committee and counsel to many survivors are familiar with Judge Bettinelli's professional standing and reputation.  Judge Bettinelli is well-qualified as a mediator, and is a highly respected lawyer, law professor, and former California Superior Court judge.  He has served as an abuse claims reviewer under the confirmed chapter 11 plans of the Catholic Bishop of Northern Alaska (where he also served as a mediator), the Society of Jesus, Oregon Province, The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc., the Roman Catholic Bishop of Helena, Montana, the Roman Catholic Church of the Diocese of Gallup, and the Archdiocese of Santa Fe.  He also has served as claims reviewer in chapter 11 cases unrelated to the Catholic Church, including USA Gymnastics.

19.     Attached as **Exhibit B** is a copy of Judge Bettinelli's resume and credentials relating to his review of sexual abuse claims.

SF 4854-2191-8187.4 18491.002

### **Judge Bettinelli's Disinterestedness**

20.     Insofar as the Committee has ascertained, Judge Bettinelli represents no interest

adverse to the Debtor, its estate, or its creditors, in the matters on which Judge Bettinelli is to be

engaged.  Judge Bettinelli is a "disinterested person," as the Committee understands this term to

be defined, within the meaning of section 101(14), as modified by section 1103(b), of the

Bankruptcy Code.

21.     To the best of the Committee's knowledge and as stated in the Bettinelli

Declaration, Judge Bettinelli has no prior connection with the Debtor, its creditors, or any other

party in interest, or its respective attorneys or accountants in the matters he is to be engaged that

would disqualify him from acting as the Abuse Claims Reviewer.  Committee counsel was also

committee counsel in other chapter 11 cases where Judge Bettinelli acted either as the mediator

or abuse claims reviewer.  Certain counsel for survivors also represent or represented survivors

where Judge Bettinelli acted or is acting either as the mediator or abuse claims reviewer.

22.     Judge Bettinelli has agreed to act as the Abuse Claims Reviewer as described in

this Application and in accordance with the terms of the Trust Allocation Protocol and Plan.

### **Judge Bettinelli's Compensation**

23.     Subject to Court approval under section 330(a) of the Bankruptcy Code,

compensation will be payable to Judge Bettinelli:

a.      Review of Abuse Claims:  $1,000 per claim; and

SF 4854-2191-8187.4 18491.002

b.      Review of Abuse Claims seeking reconsideration after first award:  $1,000

per claim.  This fee will be paid by the abuse claimant as a deduction from the award.[4]

24.      Judge Bettinelli charges for all expenses connected with his review of the Abuse

Claims.  Judge Bettinelli will bill for these expenses in a manner and at rates consistent with

those charged to other clients, and the rules and requirements of this Court.

25.      Prior to the effective date of the Plan, Judge Bettinelli's compensation will be

paid from the estate and the Diocese will deduct such amounts paid to Judge Bettinelli from its

payments to be paid to the Settlement Trust under the Plan, *provided*, *however*, if the Bankruptcy

Case is dismissed before the effective date of the Plan, then Judge Bettinelli's compensation will

be paid and/or the Diocese will be reimbursed for any such compensation already paid by

Pachulski Stang Ziehl & Jones LLP ("PSZJ") out of the funds that PSZJ would otherwise

donated to a child advocacy organization in accordance with paragraph 12 of the *Official

Committee of Unsecured Creditors' Application to retain and employ Pachulski Stang Ziehl &

Jones LLP as counsel effective as of October 16, 2020* [Docket No. 133].

**B.      Authorization of Claim Review Prior to Confirmation**

26.      The Committee expects that Judge Bettinelli will begin his claims review prior to

confirmation of the Plan.  Under the Bar Date Order, upon approval of his employment, Judge

---

[4] The Committee does not anticipate that Judge Bettinelli will review claims after a request for reconsideration prior to the passage of the voting deadline on the plan, since the preliminary awards will not be disclosed until after the voting deadline.  However, in an abundance of caution and in the interests of full disclosure of Judge Bettinelli's proposed compensation, the Committee is disclosing the amount he will be paid to review claims after the preliminary awards are disclosed.

SF 4854-2191-8187.4 18491.002

Bettinelli will be an Authorized Party entitled to review the confidential sexual abuse proofs of claim under the protections of the confidentiality protocols set forth.

## **NOTICE**

27.      Notice of this Application has been given to (i) the Debtor; (ii) the U.S. Trustee; (iii) counsel to all known holders of Abuse Claims; and (iv) those parties ask for notice under Bankruptcy Rule 2002.  The Committee argues that for the relief requested, no other or further notice need be given.

SF 4854-2191-8187.4 18491.002

**NO PRIOR REQUEST**

28.     The Committee has not applied to this Court to employ Judge Bettinelli as the

Abuse Claims Reviewer.

WHEREFORE, the Committee requests entry of an Order substantially in the form

attached as **Exhibit C**, allowing the employment and retention of Judge Bettinelli as the Abuse

Claims Reviewer, authorizing Judge Bettinelli to perform his duties under the Trust Allocation

Protocol, including issuance of  notices for supplementary and other information contemplated

by the Trust Allocation Protocol, confirming Judge Bettinelli as an Authorized Party under the

Bar Date Order, and granting such other and further relief as is just and proper.


 Dated: October 15, 2024              PACHULSKI STANG ZIEHL & JONES LLP


                                      */s/ Karen Dine*
                                      James I. Stang (admitted *pro hac vice*)
                                      Brittany M. Michael
                                      Karen B. Dine
                                      Gail S. Greenwood
                                      780 Third Avenue, 36th Floor
                                      New York, NY  10017-2024
                                      Telephone: 212/561-7700
                                      Facsimile: 212/561-7777
                                      jstang@pszjlaw.com

                                      *Counsel for the Official Committee of Unsecured Creditors*

SF 4854-2191-8187.4 18491.002

# EXHIBIT A

**PACHULSKI STANG ZIEHL & JONES LLP**
James I. Stang (admitted *pro hac vice*)
Brittany M. Michael
Karen B. Dine
Gail S. Greenwood
780 Third Avenue, 34th Floor
New York, NY 10017
Tel: (212) 561-7700; Fax: (212) 561-7777
Email:    jstang@pszjlaw.com
bmichael@pszjlaw.com
kdine@pszjlaw.com
ggreenwood@pszjlaw.com

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>THE ROMAN CATHOLIC DIOCESE OF<br>ROCKVILLE CENTRE, NEW YORK,<br>Debtor. | Chapter 11<br>Case No. 20-12345 (MG) |

### DECLARATION OF WILLIAM L. BETTINELLI IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) AUTHORIZING AND APPROVING EMPLOYMENT AND (II) AUTHORIZING ACTIONS TO BE TAKEN PURSUANT TO [PROPOSED] TRUST ALLOCATION PROTOCOL

I, William L. Bettinelli, declare under penalty of perjury as follows:

1.    I am an attorney, duly admitted in the State of California. I am presently a full time mediator and court appointed neutral. I formerly served as a judge for the Superior Court of the State of California. I submit this declaration in support of the Application of the Official Committee of Unsecured Creditors for an Order (I) Authorizing and Approving the Employment

SF 4870-6212-8620.2 18491.002

of William L. Bettinelli as Abuse Claims Reviewer and (II) Authorizing Actions to be Taken Pursuant to the [Proposed] Trust Allocation Protocol (the "Application").[1]

2.      I have been selected by the Committee, after consultation with the Debtor, the Future Claimants Representative, and counsel to hundreds of the represented survivors, to be employed as the Abuse Claims Reviewer in this case.

3.      I have extensive experience as a tort claims adjudicator, having served as an appointed claims reviewer under the confirmed chapter 11 plans of the Catholic Bishop of Northern Alaska, the Society of Jesus, Oregon Province (for certain claims filed by the bar date and all future claims), The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc., The Roman Catholic Bishop of the Diocese of Helena, Montana, and the Roman Catholic Church of the Diocese of Gallup.  I also have extensive experience as a mediator, having conducted more than a hundred mediations during my career in a wide variety of subject matters, including cases involving sexual abuse of minors by clergy.  Among other matters, I served as mediator in the chapter 11 case of the Catholic Bishop of Northern Alaska.

4.      I have made the following investigation of disinterestedness prior to submitting this Declaration:  In connection with my proposed retention as Abuse Claims Reviewer, I was provided a list of the Debtor's non-confidential creditors and other persons identified as parties in interest in the Debtor's Schedules of Assets and Liabilities ("Schedules").  I reviewed the Schedules and concluded that I do not have any conflicts with any of the entities listed therein.

---

[1] Capitalized terms not defined herein shall have the meanings and definitions ascribed to them in the Application.

SF 4870-6212-8620.2 18491.002

5.      To the best of my knowledge and information available, I have no connection with the Debtor or any other party in interest in this case, other than:

    a.      Certain counsel representing survivors in this case may have represented abuse claimants in the chapter 11 cases where I was retained as the abuse claims reviewer or mediator;

    b.      Certain counsel representing survivors in this case represented abuse claimants in state court actions unrelated to the case in which I served as mediator and/or claims reviewer;

    c.      Committee counsel in this case also served as creditors' committee counsel in chapter 11 cases where I served as abuse claims reviewer and mediator.

6.      To the best of my knowledge, I do not represent any interest adverse to the Debtor or any party in interest in the matters upon which I am to be engaged.

7.      I am not affiliated nor have any connection with the Office of the United States Trustee or any of its employees.

8.      I have not received any transfer, assignment or pledge of property of the Debtor's estate or any of the survivors as of the date of this Declaration.

9.      I have not shared or agreed to share with any other person, other than with members of JAMS, any compensation to be paid with respect to this case.

10.      Based on my agreement with the Committee, and subject to Court approval, compensation for my work as Abuse Claims Reviewer will be as follows:

SF 4870-6212-8620.2 18491.002

a.      $1000 for each Abuse Claim reviewed, including review of proofs of

claims filed by the Additional Debtors Sexual Abuse Bar Date set forth in

the plan; and $1000 per clam for the review of Abuse Claims seeking

reconsideration after an initial award.  The reconsideration fee will be paid

by the claimant as a deduction from the award at the time of distribution.

b.      I charge for all expenses connected with the review of Abuse Claims.

These expenses include conference call charges, mail and express mail

charges, special or hand delivery charges, document retrieval charges,

photocopying charges, travel expenses, expenses for working meals,

computerized research, transcription costs, and non-ordinary overhead

expenses such as secretarial overtime and other staffing overtime.  Billing

for these expenses is consistent with those charged to other clients, and

will be in accordance with the rules and requirements of this Court.

c.      With the exception of fees for reconsideration of claims, my fees and

expenses will be paid by the Debtor,[2] or, following the effective date of

the Plan, the Trust.

11.     Information contained in an Abuse Claim and any other information provided to

me by a sexual abuse claimant with respect to my review of his or her Abuse Claim, including

but not limited to, the names and other personal identification information of survivors, are

confidential in accordance with the terms of the Bar Date Order, and I presume, any Abuse

---

[2] It is my understanding that any amounts paid by the Debtor will be deducted from the amounts to be paid by the
Debtor to the Trust pursuant to the Plan.

4

Claims filed with respect to the Additional Debtors will be deemed confidential by orders of this

Court.  I will use such material solely in connection with this case in my capacity as the Abuse

Claims Reviewer.  I will maintain the confidentiality of such information in accordance with the

terms of the Bar Date Order, and not disclose the confidential material to any person or entity

except upon order of a court of competent jurisdiction after notice to affected parties.

     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated this *13* day of October 2024.

                                    William L. Bettinelli

SF 4870-6212-8620.2 18491.002

# EXHIBIT B





# Hon. William L. Bettinelli

## (Ret.)

Court-Appointed Neutral (Referee/Special Master)

## Case Manager

**Melissa Ornstil**

Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

T: 415-774-2600

**Hon. William L. Bettinelli (Ret.)** is a skilled mass tort claims adjudicator, allocator and administrator. Judge Bettinelli has extensive experience in complex multi-party construction, insurance, environmental, real estate, catastrophic personal injury, wrongful death, and employment cases.

# ADR Experience and Qualifications

- Since joining JAMS in 1991, he has served exclusively as a mediator and arbitrator
- Fourteen-year judicial career focused on civil litigation and case resolution
- Successful resolution of the following types of cases:
  - **Environmental:** Multi-party actions involving private, public entity, Super Fund clean-ups, toxic torts, underground storage tanks, land use, industrial clean-ups, and allocation issues
  - **Construction:** Matters involving all types of structures (residential, commercial, industrial, schools, and hospitals), developers, general contractors, subcontractors, design professionals, insurers, bonding companies, public and private owners. Issues involving defective work, design, and claims for delay damages and extras, allocation, and insurance coverage disputes
  - **Insurance:** First and third party insurance coverage, reinsurance, excess, and bad faith matters
  - **Torts:** Personal injury and product cases involving catastrophic injuries and wrongful death
  - **Employment:** Sexual harassment, discrimination (gender, age, race), and wrongful termination
  - **Business/Commercial:** Shareholder actions, partnership and other business dissolutions, and mergers and acquisition litigation
  - **Class Actions:** Product defect, construction defect, and noise discharge actions
  - **Clergy and University Abuse Claims:** Actions against multiple diocese, religious orders, and universities

# Representative Matters

- Construction action by school district against contractors and design professionals concerning construction and design of a school, and cross-claims for delay damages and extras
- Class action by multiple homeowners against developer, contractors, and design professionals relating to structural defects
- Environmental action by major international corporation, landowner, against an aerospace corporation, former owner, to recover past and future clean-up expenses for solvent contamination that had reached the aquifer
- Sexual harassment and gender discrimination claim by multiple female employees against a multinational corporation
- Wrongful death action against automobile manufacturer for fire caused by design defects
- Crush and amputation injury claim of industrial worker against 50-year chain of owners, manufacturers, and modifiers of the machinery
- National class action against a multi-national company relating to building product defects
- Tort Claims Adjudicator in multiple clergy abuse actions, diocese bankruptcies and university mass tort settlements
- Trial judge in notable appellate cases including: *Silberg v. Anderson*, (litigation privilege), *Gregori v. Bank of America* (lender liability), *Caplungo v. Bondi* (defined an element of negligence per se)

# Honors, Memberships, and Professional Activities

*Completed Virtual ADR training conducted by the JAMS Institute, the training arm of JAMS.*

- Recognized as a "Best Lawyer," Alternative Dispute Resolution Category, *Northern California Best Lawyers in America*, 2022
- Recognized as a "Best Lawyer," *Best Lawyers in America*, 2022, 2024
- Recognized as San Francisco Mediation Lawyer of the Year, *Best Lawyers in America,* 2012, 2023
- Recognized as San Francisco Arbitrator of the Year, *Best Lawyers in America*, 2020, 2023
- Recognized as a "Best Lawyer," Alternative Dispute Resolution Category, *Best Lawyers in America*, 2006-2020
- Co-author, *California Discovery Handbook* (West Publishing Company)
- Law Professor (Real Property), Empire College of Law
- Instructor: Civil Procedure, Discovery, Torts, Lender Liability, and ADR
- ADR Forms Committee and editorial contributor, *California Practice Guide: Alternative Dispute Resolution* (the Rutter Group)

# Background and Education

- Chairman of The Board of Directors of JAMS, 2004-2006
- Superior Court of Sonoma County, 1982-1991, Presiding Judge, 1984, Principal Civil Law and Motion Judge, supervised judicial arbitration program, 1986-1991; Presiding Judge of the Appellate Department, 1985
- Sonoma County Municipal Court, 1977-1982, Presiding Judge twice
- J.D., University of California, Berkeley School of Law (formerly Boalt Hall School of Law), 1969
- B.S., Fresno State College, 1966

**Disclaimer**

This page is for general information purposes.  JAMS makes no representations or warranties regarding its accuracy or completeness.  Interested persons should conduct their own research regarding information on this website before deciding to use JAMS, including investigation and research of JAMS neutrals. See More

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br>THE ROMAN CATHOLIC DIOCESE OF<br>ROCKVILLE CENTRE, NEW YORK,<br>Debtor. | Chapter 11<br>Case No. 20-12345 (MG) |

**[PROPOSED] ORDER APPROVING APPLICATION OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR ORDER (I) AUTHORIZING**
**AND APPROVING THE EMPLOYMENT OF WILLIAM L. BETTINELLI AND**
**(II) AUTHORIZING ACTIONS TO BE TAKEN PURSUANT TO [PROPOSED]**
**TRUST ALLOCATION PROTOCOL**

Upon consideration of the *Application of the Official Committee of Unsecured Creditors*

*for Order (I) Authorizing and Approving the Employment of William L. Bettinelli as Abuse*

*Claims Reviewer and (II) Authorizing Actions to Be Taken Pursuant to [Proposed]  Trust*

*Allocation Protocol* [Docket No. ____] (the "Application"),[1]  filed by the Committee in the

above-captioned case, and upon the *Declaration of William L. Bettinelli* (the "Bettinelli

Declaration") in support of the Application; and the Court being satisfied based on the

representations made in the Application and in the Bettinelli Declaration that William L.

Bettinelli represents no interest adverse to the Debtor or Additional Debtors or their estates with

respect to the matters upon which he is to be engaged, that he is a disinterested person as that

term is defined under section 101(14) of the Bankruptcy Code and that his employment by the

Committee is necessary; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core

---

[1] Capitalized terms not otherwise defined have the meanings set forth in the Application.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the

best interests of the Debtor, survivors and other parties in interest; and the Committee having

provided adequate and appropriate notice of the Application under the circumstances; and after

due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED**.

2.      In accordance with sections 328, 504, and 1103 of the Bankruptcy Code,

Bankruptcy Rule 2014 and LBR 2014-1, William L. Bettinelli shall be the Abuse Claims

Reviewer on the terms set forth in the Application and the Bettinelli Declaration.

3.      Judge Bettinelli is authorized to issue notices of deadlines for the submission of

supplementary and other information as contemplated by the Trust Allocation Protocol.  The

Trust Application Protocol is subject to Bankruptcy Court approval which will be sought in

connection with confirmation of the plan.

4.      Judge Bettinelli is an Authorized Party under the Court's Bar Date Order.

5.      Any information submitted by holders of Abuse Claims to Judge Bettinelli shall

be subject to a mediation privilege, and production of any information in connection with an

Abuse Claim (by the claimant or counsel) to Judge Bettinelli shall not constitute a waiver of any

attorney-client privilege or attorney-work product doctrine, or any similar privilege or doctrine.

6.      Judge Bettinelli is authorized to render professional services as described in the

Application.

SF 4890-7500-2604.4 18491.002

7.      Judge Bettinelli is authorized to be compensated in accordance with the terms of the Application, Trust Allocation Protocol and Plan without further review by or order of this Court.

8.      If the Bankruptcy Case is dismissed before the effective date of the Plan, then Pachulski Stang Ziehl & Jones LLP ("PSZJ") is authorized to and shall pay Judge Bettinelli's compensation or to reimburse the Diocese for any amounts it has paid to Judge Bettinelli out of the funds that PSZJ would otherwise  donated to a child advocacy organization in accordance with paragraph 12 of the *Official Committee of Unsecured Creditors' Application to retain and employ Pachulski Stang Ziehl & Jones LLP as counsel effective as of October 16, 2020* [Docket No. 133].

9.      This Order and Judge Bettinelli's review of Abuse Claims prior to confirmation of the plan is without prejudice to a survivor's right to accept or reject the plan and to object to the plan.

10.     Judge Bettinelli's review of the Abuse Claims prior to confirmation of the plan and any notice to survivors regarding such review and Trust Allocation Protocol is not a solicitation to accept or reject the plan.

11.     The Committee and Judge Bettinelli are authorized and empowered to take all actions necessary to implement the relief granted in this Order.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

3

Dated: _____, 2024
         New York, New York

_____
Hon. Martin Glenn
United States Bankruptcy Judge

4