|                          | Hearing Date:   | October 30, 10:00 a.m.      |
|                          | Responding To:  | ECF ##3322, 3323, 3326      |

ROBERT E. GERBER
*Legal Representative for Future Claimants*
Joseph Hage Aaronson LLC
800 Third Avenue, 30th Floor
New York, NY 10022
NYC Office (212) 407-1212
Cell (917) 747-0280

rgerber@jhany.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Case No. 20-12345 (MG) |
| Debtor. | : |  |

**JOINDER—AND SUPPLEMENTAL COMMENTS—OF
FUTURE CLAIMS REPRESENTATIVE
TO DIOCESE REPLY WITH RESPECT TO DISCLOSURE
STATEMENT APPROVAL**

1. I am the Future Claims Representative in the chapter 11 case of Debtor, The Roman Catholic Diocese of Rockville Centre (the "**Diocese**"). I was appointed to act for those who have not yet been able to file claims in this case—though I have a shared interest in the welfare of

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York; the last four digits of its federal tax identification number are 7437; and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

those who have.  I join in the Diocese Reply with respect to Disclosure Statement Approval. With my Joinder, I wish to make some brief supplemental comments.

2. I would have thought that by now, litigants would no longer continue to make, on disclosure statement approval motions like this one, confirmation objections to extensively negotiated and crafted plans under the mantra that a plan is "patently unconfirmable."  As the Diocese properly observes, that standard is an onerous one.  Those "patently' unconfirmable" objections are sustained at the disclosure statement stage only in the most extraordinary cases—in my view, when a proposed plan is so primitively drafted; so unfeasible; or in such blatant disregard of the Code that it does not deserve even to go out for a vote.  "Patently" does not mean "ultimately." And "patently" does not mean confirmable only after fine-tuning—even assuming (though I doubt it) that this Plan would require anything more than any clarifications the Diocese might provide.

3. As we all know, or should, the purpose of a disclosure statement—and a hearing on its adequacy—is to ensure that creditors (here, overwhelmingly, Survivors) have the information they need to vote.  After a cooperative effort in recent weeks amongst the Diocese, the Parishes, the Committee, and all but one of the Insurers to bring this case to a deal (and, of course, extensive efforts by Mediators to achieve that end), the Diocese has proposed to give Survivors, incident to their right to vote on it, a massive amount of information.  If Survivors support the Plan (and I think they will, in overwhelming numbers), the US Trustee Program can then decide whether it wants to object to a Plan that, now after four years, will finally give Survivors a recovery.  And if the US Trustee Program still wants to object to it, its objections can be heard at the time at which objections actually should be heard—which is the time of confirmation.  The same is true of Arrowood, if clarifications are not to its satisfaction.

      4. Years of experience—and exposure to more than a few disclosure statements—have taught me that there are exceedingly few disclosure statement deficiencies that can't be cured by the addition of a sentence, a paragraph, a table, or a clarification.[2] Dissenting entities' contentions can be added, and described, as such—as "Risk Factors," or otherwise. If there is a need for such—and my review of the Plan materials satisfies me that there is no more than a modest need, if even that—the thing to do (which is the normal thing to do) is to simply prescribe the sentence(s), paragraph(s), table(s) or clarification(s) to add.

      5. In short, the purpose of a disclosure statement is to tee up the presentation of a plan for a vote—and then to let the people with skin in the game do exactly that.

      6. We should give them that chance.

Dated: New York, New York
       October **25,** 2024

                                                    */s/ Robert E. Gerber*
                                                    ROBERT E. GERBER
                                                    Legal Representative for Future Claimants
                                                    Joseph Hage Aaronson LLC
                                                    800 Third Avenue, 30th Floor
                                                    New York, NY 10022
                                                    NYC Office (212) 407-1212
                                                    Cell (917) 747-0280
                                                    rgerber@jhany.com

---

[2] A paradigmatic example of such was the close to instantaneous agreement by the Diocese to my request that a sentence be added to provide that "For the avoidance of doubt, if and when Future Abuse Claims are filed, such Future Abuse Claimants shall receive distributions as and to the extent provided in the Trust Allocation Protocol in the Plan Supplement." (See Diocese Reply ¶ 26.)