UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

THE ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, NEW YORK,

                           Debtor.

<u>NOT FOR PUBLICATION</u>

Chapter 11

Case No. 20-12345 (MG)

**MEMORANDUM OPINION AND ORDER SUSTAINING REORGANIZED
ADDITIONAL DEBTORS' OBJECTION TO CLAIM NO. 90622**

*A P P E A R A N C E S :*

WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP
*Attorneys for the Reorganized Additional Debtors*
1201 RXR Plaza
Uniondale, NY 11556
By:    William C. Huer, Esq.
        Alexandra Pontrello, Esq.

MERSON LAW, PLLC
*Attorneys for Claimant 90622*
950 Third Avenue, 18th Floor
New York, New York 10022
By:    Jordan K. Merson, Esq.
        Sarah R. Cantos, Esq.
        Alice A. Bohn, Esq.
        Allie Shaffer, Esq.

**MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the Reorganized Additional Debtors' First Omnibus Objection (ECF Doc. # 3613, "Objection") to Claim No. 90622. (The omnibus objection was granted with respect to all other applicable claims except for claim no. 50007, the hearing on which is scheduled for August 4, 2025. *See* ECF Doc. # 3634.) The claimant, through counsel,

filed a response. ("Response," ECF Doc. # 3643.) The Reorganized Additional Debtors ("Additional Debtors") filed a reply. (ECF Doc. # 3646.)

For the following reasons, the Court **SUSTAINS** the Objection to Claim No. 90622 and orders it **EXPUNGED**.

### I. BACKGROUND

**A. First Omnibus Objection**

The Additional Debtors—the parishes under the Rockville Center Diocese—filed voluntary petitions for relief under chapter 11 on December 3, 2024. (Obj. ¶ 1.) The Additional Debtors' prepackaged plans were confirmed, along with the Diocese's chapter 11 plan, on December 4, 2024. (*Id.* ¶ 3.) This objection concerns an abuse claim filed against the Additional Debtors.

There are two broad categories of abuse claims: (1) previously-asserted (pre-confirmation) abuse claims and (2) new abuse claims filed post-confirmation. (*Id.* ¶ 6.) Only a new abuse claim is at issue in this Objection. New abuse claimants can seek to recover from one of two sources: if they elect to be a participating post-confirmation claim, they will be treated in accordance with the trust documents and the Diocese's chapter 11 plan, which provides for payment out of a trust established for abuse victims. (*Id.* ¶ 9.) If they do not so elect, such non-participating post-confirmation claimants choose their own claim allowance and objection process. (*Id.*) The claimant with respect to Claim No. 90622 is a non-participating post-confirmation claim. (*Id.* ¶ 10.) In other words, the claimant elected, on his claim form, *not* to participate in the settlement trust created for abuse survivors and instead chose to proceed via the claim allowance/disallowance process as established by the Bankruptcy Code and Rules.

The Additional Debtors expressly preserved all their objections to claims in their chapter 11 plan, including objections based on the statute of limitations. (*Id.* ¶ 11.) Claim No. 90622 was filed on January 13, 2025, on the Additional Debtors' bar date. (Response ¶ 1.) Counsel for the claimant represents that the claim was brought against both the Additional Debtors and the Diocese, and notes that, while the claim was filed after the Diocese's bar date, the Court should take equitable considerations into account to allow for the claim to proceed against the Diocese. (*Id.* ¶ 2.) However, only the Additional Debtors-related claim form was filed,[1] and the Additional Debtors clarify in their Reply that the claim was asserted solely against a single Additional Debtor (St. Francis Cabrini Roman Catholic Church, Case No. 24-12180). (Reply ¶ 4.) The Claim does not assert a claim against the lead Debtor in these cases, the Roman Catholic Diocese of Rockville Centre, New York. (*Id.*)

The claimant alleges that he suffered abuse as a child for ten years, starting in 1973, at the hands of a deacon at one of the Additional Debtors. (Response ¶¶ 12–20.) The claimant alleges that he has suffered lasting psychological impairment from this abuse. (*Id.* ¶ 21.)

The Additional Debtors argue that this claim is time-barred under applicable non-bankruptcy law and should therefore be disallowed under sections 502(b)(1) and 558 of the Code. (Objection ¶ 16.) The Additional Debtors argue that the statute of limitations for negligence claims in New York is three years from the date of injury or attaining the age of 18. (*Id.* ¶ 17.) While New York's 2019 Child Victims Act, N.Y. C.P.L.R. § 214-g, ("CVA") revived the statute of limitations in New York for sexual abuse survivors' claims for people sexually

---

[1] The claimant indicated on his proof of claim form that he did not want the details of his claim to be publicized. The Court has reviewed the claim and must reference it in broad terms herein to address the Objection; however, the Court has kept its description of the claim as nonspecific and does not cite to the claim in order to respect the claimant's wishes. The Court notes that the claimant's counsel has revealed the claimant's name and some salient details of the claim in the Response, so the contents of the claim have already been publicized to some extent.

3

abused as minors in New York whose claims were, by that point in time, already time-barred, such revived claims needed to have been asserted by August 14, 2021 in order to be timely, and this claim was not filed until years after this cutoff. (*Id.*) The Additional Debtors argue that the allegations set out in the proof of claim demonstrate that the claim is barred by the applicable statute of limitations. (*Id.* ¶ 21.)

### B. Response

The claimant states, first, that the claim objection is not a core proceeding, that he does not consent to entry of a final order or final judgment by this court, and that he asserts his right to a jury trial (and does not consent to this Court conducting a jury trial). (Response ¶¶ 24–26.)

The bulk of the Response misses the mark. The claimant argues that he should be permitted to file a late claim against the Diocese—late in that it was filed after the bar date established for claims against the Diocese (while this is not explicitly stated, all the sources cited by the claimant here concern claims filed after a claims bar date, *not* lawsuits brought after a statute of limitations has run). (*Id.* ¶¶ 27–30.) He argues that the Court should exercise its discretion to permit him to file his claim late (presumably against the Diocese, though again, the claim was only ever asserted against an Additional Debtor) due to equitable considerations: allowing this claim, he argues, will not cause the Additional Debtors (or the Diocese) prejudice given its relatively small size (*id.* ¶¶ 33–34), the Additional Debtors' bar date postdates their plan confirmation so they clearly anticipated the filing of additional claims post-confirmation (*id.* ¶ 35), and allowing the claimant's claim would not have a disruptive effect on the Additional Debtors' plan or the distribution process (*id.* ¶¶ 36–41). Moreover, he argues, the delay in the claimant's asserting his claim is simply in line with the delay experienced by many abuse survivors as they take years to process the trauma they endured ("it can require receiving care

and treatment in order to be able to finally address that they have spent their life trying to repress"), so the claimant "ought to have a chance to amend the claim to explain the reasons why this claim was brought when it was because that information is not requested in the proof of claim form." (*Id.* ¶¶ 42–47.) Finally, he argues that he acted in good faith, so he "ought to be able to amend his claim to demonstrate the existence of good faith" and thus further justify allowing his claim to proceed despite missing the bar date established by the Diocese. (*Id.* ¶ 48.)

The claimant then addresses the Additional Debtors' statute of limitations argument and claims that it is not dispositive. He concedes that his claim "is outside of the statute of limitations under state law," but nevertheless argues that the Additional Debtors should be precluded from asserting the statute of limitations defense for several reasons. (*Id.* ¶ 3.) First, the Additional Debtors' abuse claims process includes a process through which late-filed claims can be established, according to the claimant, who points to the definition of "Future Abuse Claim" presumably drawn from the Diocese's confirmed chapter 11 plan (ECF Doc. # 3447), though he cites the Disclosure Statement (ECF Doc. # 3375). (*Id.* ¶ 49.) Second, the claimant argues that this Court has "discretion in exercising equitable powers to allow claims outside the statute of limitations to be fille d[sic], as it has already done in this case." (*Id.* ¶ 49.) To support this argument, he asserts that "all claims against the Additional Debtors would be time-barred under the state statute of limitations," as the SOL under the CVA ran on August 14, 2021, and yet the Court approved the Additional Debtors' bar date which fell after the SOL had run out. (*Id.* ¶¶ 51–53.) The claimant views the Court's decision to approve this bar date as an exercise of this Court's "discretion to exercise equitable powers to allow claims made outside the statute of limitations to be filed." (*Id.* ¶ 54.) At the hearing on this Objection on July 21, 2025, the claimant's counsel conceded again that the statute of limitations applicable to the claim had run.

5

As relief, the claimant requests either that the Court reject the Additional Defendants' objection, or, if the Court grants the Objection, that the Court permit the claimant "to participate in any late claims fund that may be established." (*Id.* ¶ 57.)

### C. Reply

The Additional Debtors point out that the claim was only filed against one Additional Debtor and not against the Diocese. (Reply ¶ 4.) They then argue that the claim objection is core, as the allowance/disallowance of a claim is explicitly listed as a core proceeding under 28 U.S.C. § 157(b)(2)(B). (*Id.* ¶¶ 6–8.) In addition, by filing a claim, the claimant consented to the Court's exercise of its core jurisdiction regarding the disallowance of this claim. (*Id.* ¶ 9.) The Additional Debtors then explain that the "excusable neglect" and Bankruptcy Rule 9006(b)(1) analyses are inapplicable to this case, as the claim was timely filed against the Additional Debtor and those analyses only apply when a claim has been filed after the applicable claims bar date. (*Id.* ¶¶ 10–14.) (This also obviates the need for the Court to analyze whether the claimant should be given leave to amend his claim: leave to amend "would be futile, in that the reason for disallowance is the expiration of the applicable statute of limitations," *not* the passage of the claims bar date. (*Id.* ¶ 12 n.5.)) The Additional Debtors point out that the claimant conceded that the CVA and its statute of limitations rules apply to the analysis of his claim. (*Id.* ¶ 16.) The claimant should not be surprised, they argue, that the Additional Debtors are asserting a statute of limitations defense, as the "approved Disclosure Statement and confirmed Plan are replete with disclosures and notice that the Additional Debtors reserved the right to challenge claims based upon expiration of any applicable statute of limitations." (*Id.* ¶ 18.) The Additional Debtors then explain in some detail that the provisions in their chapter 11 plan concerning "Future Claims" do not apply to this case. (*Id.* ¶¶ 20–24.)

## II.     LEGAL STANDARD

**A. Jurisdiction**

The question whether this Court can exercise jurisdiction over this claim objection is twofold: (1) whether the dispute falls within the retention-of-jurisdiction provision in the Additional Debtors' chapter 11 plan, and (2) whether the dispute is core such that the claimant's lack of consent to this Court's entry of a final order is relevant.

The Additional Debtors' chapter 11 plan ("Plan," ECF Doc. # 3447) provides that this Court "shall retain jurisdiction for each of the specific purposes enumerated" in the retention-of-jurisdiction provision (Article XII.B); specifically, the Court "shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 cases . . . including the following purposes: . . . to determine the Allowance and/or Disallowance of any Claims against the Debtor, Additional Debtors, or their Estates and specifically including with respect to the Additional Debtors or their Estates any Non-Participating Post-Confirmation Claims, including any objections to any such Claims." (Plan Art. XII.B.11.) The present proceeding—an objection to a non-participating post-confirmation claim filed against the Additional Debtors—is squarely covered by this provision.

The Response asserts that the Claim Objection is not a "core" matter pursuant to 28 U.S.C. § 157(b)(2)(B). Not so. The statute provides: "Core proceedings include, but are not limited to . . . allowance or disallowance of claims against the estate . . . but not the liquidation . . . [of] unliquidated personal injury tort . . . claims against the estate." 28 U.S.C. § 157(b)(2)(B).

At issue on the Objection is the disallowance of a claim against an Additional Debtor's estate. The Objection does not involve the liquidation of a personal injury tort claim. The Objection is a core matter.

7

By filing a claim against the Additional Debtor's bankruptcy estate, the claimant has consented to this Court exercising its core jurisdiction regarding the allowance or disallowance of the claim. *See In re S.G. Phillips*, 45 F.3d 702, 706 (2d Cir. 1995) (finding that the claimant, "by filing its proof of claim in this case, not only triggered § 157(b)(2)(B) subject matter jurisdiction, but also necessarily submitted to the court's equitable power to resolve its claims"); *In re Adelphia Commc'ns Corp.*, 307 B.R. 404, 422 (Bankr. S.D.N.Y. 2004) ("28 U.S.C. § 157(b)(2)(B) . . . broadly provides core jurisdiction for the allowance and disallowance of claims against the estate").

Claim objections are defined by 28 U.S.C. § 157(b)(2)(B) to be core. Therefore, this Court can enter a final judgment on this claim objection despite the claimant's lack of consent, as his consent is irrelevant here.

### B. Claim Objection

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][e] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2019). Pursuant to Federal Bankruptcy Rule 3001(f), a claimant establishes a *prima facie* case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. *See* FED. R. BANKR. P. 3001(f).

8

"To overcome this *prima facie* evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). If the objector does not "introduce[ ] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][e]. By producing "evidence equal in force to the *prima facie* case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (reciting identical burden-shifting framework).

"To determine whether a claim is allowable by law, bankruptcy courts look to applicable nonbankruptcy law." *In re Roman Cath. Diocese of Rockville Ctr., New York*, 650 B.R. 58, 67 (Bankr. S.D.N.Y. 2023) (cleaned up). Section 502(b)(1) of the Code provides that claims may be disallowed if they are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Section 558 of the Code provides that a debtor's "estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation." 11 U.S.C. § 558.

### III.  DISCUSSION

**A. The Claim Is Time-Barred**

The claim at issue is time-barred for the same reason the Omnibus Objection succeeded against all other claims it was brought against. The CVA opened a window for bringing expired civil actions involving sexual abuse of minors. It reads, in relevant part, as follows:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary and the provisions of any other law pertaining to the filing of a notice of claim or a notice of intention to file a claim as a condition precedent to commencement of an action or special proceeding, every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age, . . . or the use of a child in a sexual performance as defined in section 263.05 of the penal law, or a predecessor statute that prohibited such conduct at the time of the act, which conduct was committed against a child less than eighteen years of age, which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section.

N.Y. C.P.L.R. 214-g (McKinney). For "already expired claims predicated on sexual abuse against children, the CVA . . . enacted a one-time, two-year revival period for plaintiffs to bring suit, which closed on August 14, 2021." *Doe 1 v. Congregation of the Sacred Hearts of Jesus & Mary*, No. 23-CV-5294 (RPK) (LB), 2024 WL 4276174, at *5 (E.D.N.Y. Sept. 24, 2024). This date has long since passed.

This claim is predicated on the sexual abuse of a child. The statute of limitations that applies to the claim is three years from the date of injury or attaining the age of 18. N.Y. C.P.L.R. § 214(5); *see also* N.Y. C.P.L.R. § 208 (extension of limitations period due to infancy). All of the behavior giving rise to this claim occurred decades ago. While the CVA revived the statute of limitations in New York for survivors of sexual abuse as minors whose claims were

already time-barred, as discussed above, all such claims need to have been asserted by August 14, 2021, and this claim was filed long after the CVA window closed in August of 2021.

### B. Claimant's Counterarguments Fail

The claimant's counterarguments fail on the merits. He dedicates most of his Response to arguing that he ought to be permitted to file a claim after the claims bar date—presumably the claims bar date applicable to the *Diocese*, not the Additional Debtors, as his claim was timely vis a vis the Additional Debtors. First, the claimant only filed a claim against an Additional Debtor. Second, even if he had filed one against the Diocese, that is not at issue—the Court is presented with the Additional Debtors' objection, not an objection by the Diocese.

Second, the claimant's argument that late claim should be allowed based on "excusable neglect" fails. Claimant's argument focuses on Bankruptcy Rule 9006(b)(1) and *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993) ("*Pioneer*"). Neither is relevant to the Claim Objection.

Bankruptcy Rule 9006(b)(1) and *Pioneer* address a situation in which a creditor files a claim after a bar date for filing claims has passed. As is noted above, the claim was timely filed against the Additional Debtor. There are no late claim issues or arguments asserted in the Objection. The Objection argues that claim, though timely filed, is not enforceable against the Additional Debtor's estate because it was time-barred due to expiration of the statute of limitations. A claim that is time-barred by a statute of limitations is distinct from a claim being challenged as filed after a bar date has passed. Section 502(b)(1) provides that a claim should be disallowed if it is unenforceable under applicable law. Section 558 provides that the "estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation . . . ." *See* 11 U.S.C. § 558. As discussed *supra*, the Claim was not asserted before the applicable statute of limitations had

11

expired.  Claimant concedes this.  ( *See* Response ¶¶ 3 ("Even though this claim is outside of the statute of limitations under state law"), 12 (alleges abuse for the period of 1973–1983, with the claimant being seven years old in 1973).)

Claimant's argument that the Additional Debtors should be estopped from bringing a statute of limitations defense fails.  The Additional Debtors explicitly preserved the SOL defense in their Plan.  *See* Plan Art. III.B.5 ("Post-Confirmation Claims against the Additional Debtors") ("For the avoidance of doubt, all of an Additional Debtor's rights and defenses with respect to Non-Participating Post-Confirmation Claims are fully reserved and preserved, including without limitation, any defense based on a statute of limitations or otherwise.").  The Additional Debtors have not deliberately changed positions that would trigger the application of the judicial estoppel doctrine.  *See In re Solutia, Inc.*, 653 B.R. 99, 123 (Bankr. S.D.N.Y. 2023) (discussing judicial estoppel).

## IV.  CONCLUSION

For the foregoing reasons, the Objection is **SUSTAINED** and Claim No. 90622 is **EXPUNGED**.

**IT IS SO ORDERED.**

Dated:   July 21, 2025
         New York, New York

                                              *Martin Glenn*
                                              MARTIN GLENN
                                              Chief United States Bankruptcy Judge